ORIGINAL

1  LEVY, RAM & OLSON
   Michael F. Ram (SBN 104805) E-FILING
2  mfr@lrolaw.com
   639 Front Street, 4th Floor
3  San Francisco, CA 94111
   Telephone: (415) 433-4949
4  Facsimile: (415) 433-7311

5  EDELSON & ASSOCIATES, LLC
   Marc H. Edelson
6  medelson@hofedlaw.com
   45 W. Court Street
7  Doylestown, PA 18901
   Telephone: (215) 230-8043
8  Facsimile: (215) 230-8735

9  SPECTOR, ROSEMAN & KODROFF, P.C.
   Robert M. Roseman
10 rroseman@srk-law.com
   David Felderman
11 dfelderman@srk-law.com
   1818 Market Street, Suite 2500
12 Philadelphia, PA 19103
   Telephone: (215) 496-0300
13 Facsimile: (215) 496-6611

14 *Attorneys for Plaintiff and the Class*

15

16              **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18                   **(SAN JOSE DIVISION)**

19
   NATHAN NYGREN, individually and on        CASE NO. C 07 05793 HRL
20 behalf of all those similarly situated,
                                             )
21                                           )  **CLASS ACTION**
                  Plaintiff,                 )
22                   v.                       )  **COMPLAINT FOR DAMAGES AND**
                                             )  **INJUNCTIVE RELIEF**
23 HEWLETT-PACKARD COMPANY, a                )
   Delaware corporation,                     )
24                                           )
                  Defendant.                 )  **DEMAND FOR JURY TRIAL**
25                                           )

26 ///

27 ///

28 ///

Plaintiff Nathan Nygren (hereinafter "Plaintiff"), individually and on behalf of the Class defined below, brings this action for damages and injunctive relief against defendant, Hewlett-Packard Company ("HP" or "Defendant"), demanding a trial by jury, and complains and alleges as follows:

## I. INTRODUCTION

1. Defendant Hewlett-Packard Company, one of the world's leading manufacturers of computers, has sold, and continues to sell, their Pavilion notebook computers, Series 6000 and 9000 with defective wireless capabilities.

2. This lawsuit, brought on behalf of consumers who have purchased HP Pavilion Series 6000 and 9000 notebook computers seeks to end HP's deceptive and unconscionable practices relating to its sales and marketing of these defective computers.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to the Class Action Fairness Act, and particularly, 28 U.S.C. § 1332(d)(2), as the matter in controversy in this action exceeds $5,000,000.00 and is a class action in which some members of the class of plaintiffs are citizens of a state that is different from the Defendant.

4. Venue is proper in this District, and in particular the San Jose Division, under 15 U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391(b) and (c), because Hewlett-Packard maintains its headquarters, transacts business, maintains offices, or is otherwise found within this District; and the Defendant's unlawful acts giving rise to Plaintiffs' claim occurred, and a substantial portion of the affected trade and commerce described below has been carried out in this District.

## III. THE PARTIES

**A.    Plaintiff**

5. Plaintiff Nathan Nygren, an individual, is a resident of Calumet County, Wisconsin. He purchased his HP computer for personal, family or household use.

**B.**    **Defendant Hewlett-Packard Company**

6.    Defendant Hewlett-Packard Company is a publicly traded corporation with worldwide corporate headquarters in Palo Alto, California.

# IV. CLASS ACTION ALLEGATIONS

7.    Plaintiff brings this action on behalf of himself, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following Class:

> **All purchasers who, whether for business, personal, family, household or other use, purchased HP Pavilion Series 6000 and 9000 notebook computers with defective wireless capabilities. Excluded from the Class are (1) employees of the defendant, including its officers or directors; (2) defendant's affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.**

8.    Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendant. However, Plaintiff believes that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, most likely thousands of purchasers, and geographically dispersed throughout the United States, and that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendant and its agents. Fed.R.Civ.P.23(a)(3)

9.    Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiff is a direct purchasers of HP computers and, by asserting his claims, will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of HP and their co-conspirators as alleged herein, and the relief sought is common to the Class. Fed.R.Civ.P. 23(a)(3).

10.    The common legal and factual questions which do not vary from Class member to Class member and which may be determined without reference to individual circumstances of any Class member include, but are not limited to, the following:

a.   Whether Defendant has undertaken a common business practice of producing and selling to the public notebook computers with defective wireless capabilities;

b.   Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

c.   Whether Defendant's use of advertising and other representations constitutes unfair competition and unfair, deceptive, untrue or misleading advertising;

d.   Whether Defendant failed to disclose material facts about the subject HP notebook computers;

e.   Whether Defendant was unjustly enriched by its conduct;

f.   Whether Defendant breached its warranties with Plaintiff and the Class;

g.   Whether Defendant breached the implied covenant of good faith and fair dealing with Plaintiff and the Class; and

h.   Whether Class members are entitled to monetary recovery including punitive damages, restitution, disgorgement of profits, and injunctive relief, and the proper measure, nature and extent of such relief.

11.   These common questions and others predominate over questions, if any, that affect only individual members of the Class. Fed.R.Civ.P.23(a)(3)

12.   Plaintiff and his counsel will fairly and adequately represent the interests of the Class in that Plaintiff is a typical direct purchaser of HP notebook computers. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this action vigorously. Fed.R.Civ.P.23(a)(3)

13.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system

1  could not. It would be unduly burdensome on the courts if individual litigation of numerous

2  cases would proceed. By contrast, the conduct of this action as a class action, with respect to

3  some or all of the issues presented in this Complaint, presents fewer management difficulties,

4  conserves the resources of the parties and of the court system, and protects the rights of each

5  Class member. Fed.R.Civ.P.23(a)(3)

6      14.    Prosecution of separate actions by individual Class members would create the risk

7  of inconsistent or varying adjudications, establishing incompatible standards of conduct for the

8  Defendant and would magnify the delay and expense to all parties and to the court system

9  resulting from multiple trials of the same complex factual issues. Fed.R.Civ.P.23(a)(3)

10      15.    Injunctive relief is appropriate as to the Class as a whole because Defendant has

11  acted or refused to act on grounds generally applicable to the Class. Fed.R.Civ.P.23(a)(3)

12      16.    Whatever difficulties may exist in the management of the class action will be

13  greatly outweighed by the benefits of the class action procedure, including, but not limited to,

14  providing Class members with a method for the redress of claims that may not otherwise warrant

15  individual litigation.

16

17  ## V.   FACTUAL ALLEGATIONS

18      17.    Notebook computers, as opposed to desktop computers, are designed for mobility

19  and convenience. One of the primary uses of a notebook computer is for remote access to the

20  internet.

21      18.    The HP Pavilion Series 6000 and 9000 notebook computers suffer from a flaw

22  than renders them unuseable for remote wireless internet access.

23      19.    HP is aware of the issue and has posted an entry on HP Total Care website:

24      Hi, it's Anne from HP Total Care,

25      I'm sorry some of you are having trouble with your wireless
    WLAN not detecting your wireless network and not displaying in

26      your device manager. The issue appears to affecting AMD based
    DV 6000, V6000, and DV 9000 notebooks running Microsoft

27      Windows Vista. We've got a BIOS update and some instructions
    on getting this resolved. If the BIOS update does not resolve the

28      issue, please contact HP support and we will facilitate a repair.

20.     The update is not effective and class members are without recourse as the eighty-four (84) pages of customer complaints attest to on an HP forum website (as of November 12, 2007). See

http://forums1.itrc.hp.com/service/forums/bizsupport/questionanswer.do?threadID=11364.

21.     Examples of class members problems are as follows:

    a.     Rai Lynn Nov 5, 2007:

        well I just got the new wireless card delivered and as expected it din't [sic] solve the problem.

        The link for the BIOS is corrupted (well at least that how it appears to me after I have finished downloading it).

        I guess whats left now is back up my data (AGAIN!) And send it back. Just in case:

        Pavilion dv9205us

        AMD turion 64x2

        Nvidia Geforce Go 6150

    b.     Gary Swain Nov 6, 2007:

        I have a V3015NR with the AMD. My wireless is gone as well. I just got off the phone with tech Support and was told that since my warranty expired 3 weeks ago, I am on my own. They wanted to sign me up for phone support for $99 a year, but that would not cover fixing the WLAN problem that so many are experiencing. Has anyone else encountered this problem? If so, what has been said or done? This is an obvious problem that HP recognizes and should address regardless to length of warranty coverage. Could this be a recall issue? I have tried everything from flashing the BOIS to reloading the drivers for the broadcom. I did manage to get the WIFI back up after removing the chipset and re-booting. I then put the chipset back in and re-booted in SAFE Mode. At the time, the chipset was found and installed. I then rebooted in normal mode and it

worked until it went to sleep at which point, the WLAN disappeared from the system. Like all others, nothing in the device manager even though under system info, it's listed. This is my travel laptop and is used everyday for work. It needs to be fixed regardless of warranty.

c.   Clair Jordan Nov 8, 2007:

Hi everyone,

Add me in to you [sic] list. I have a Pavillion dv6000 [sic]. Got it in Feb. My wireless went down in September. First HP said they would send me a new card. Then they said that I would have to send it in. Did that and got it back within a week and it worked great for about a month. Then I started having a problem with what I thought was my graphics/video card. After a week of trying to install new drivers and trying to unsuccessfully back up my laptop it will now not boot up at all. Tried draining out all the power, removing battery etc. no luck. So now it is on its way back to HP.

Get this, I asked them if I could buy an extended warranty and they said they would not well me one cause my laptop had broken twice!!! I am so mad.

Hope we can escalate this further

d.   Thomas C. Perconti Nov 9, 2007:

Dv9000ct owner (purchased in Jan 07) here experiencing the same problem since June/July 07 timeframe [sic]. The wifi adapter occasionally wakes up when coming out of suspend but that is pretty infrequent. I ended up purchasing a LinkSys USB wifi adapter (my expressCard slot is taken up by the HP TV Tuner card).

I heavily rely on my notebook and cannot afford to be without it for weeks while the system is sent out for repair, or HP were to send an identical replacement system and allow us to swap the drives, that would go a long way in minimizing the inconvenience.

I am not pleased with the manner in which HP had been dragging their feet on this issue when it is painfully obvious that it is a pretty widespread problem.

I DIDN'T expect it from HP. I guess that I'm just an old IT warhorse that still remembers the world-class products, service and support that the HP name implied.

...hangining [sic] in there keeping hope alive...

e.    TL Fin Nov 9, 2007:

HP dv6105us. Purchased mid October 2006. Wireless stopped working on the beginning of August 2007.

Since the 2nd of August, I've spent hours on the phone with support, with about 6 people. Ran all the 'fixes' with the first support person, no fix. Have gotten contradictory information from each person since.

I purchased a 2wire box in order to use this HP laptop. My old computer does not work with this system, so I have no back up....anyway.

Gave up & decided to send the compter [sic] back to HP. As of the 1st of this month, November, I have been expecting a shipping box, but it has not arrived. Now it is having difficulty starting, takes up to 20 minutes to get it going & my warranty is up. Is HP stalling on purpose?

Really, at this point, I'd like my money back! Or send me a new computer and I'll send this lemon back, ok, Jim? Please!

TL

ps- Yes, Nate, our concern still stands as extremely valid.

pps- Bill, it appears that the wireless issue has just been added to the warranty extension....

22.    Despite HP's attempt to resolve the problem, no fix is currently available and class members are without recourse.

## VI.  FIRST CAUSE OF ACTION

### (Violations of Business & Professions Code § 17500 *et seq.*)

23.     Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

24.     Defendant's use of various forms of advertising media to advertise, call attention to or give publicity to the sale of their goods and services, and other practices, as set forth above, which are not as advertised or as otherwise represented, constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, under Business & Professions Code Section 17500. These advertisements and practices have deceived, and are likely to deceive, the consuming public, in violation of those sections.

25.     Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class, and the public.

26.     Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such business acts or practices, and enjoining Defendant to cease and desist from engaging in the practices described herein.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## VII.  SECOND CAUSE OF ACTION

### (Violations of Business & Professions Code § 17200 *et seq.*)

27.     Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

28.     Defendant has engaged in unfair competition within the meaning of California Business & Professions Code Section 17200 *et seq.* because Defendant's conduct is fraudulent, unfair and illegal as herein alleged.  Defendant's conduct was substantially injurious to Plaintiffs.

29.     Defendant's wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition because Defendant is selling its products and marketing

them in a manner that is likely to deceive the public, and Plaintiff has suffered actual harm as a result.

30. Defendant's business practices, and each of them, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that HP notebook computers can be used for wireless service when they cannot.

31. Defendant's business practices are unlawful because the conduct constitutes a breach of warranty, false marketing and advertising, as well as the other causes of action herein alleged.

32. Plaintiff has standing to pursue this claim because Plaintiff has been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein. Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiffs, the Class, and the public.

33. Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such business acts or practices, and enjoining Defendant to cease and desist from engaging in the practices described herein.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VIII. THIRD CAUSE OF ACTION

### (Breach of Express Warranty)

34. Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

35. Defendant HP issued written warranties to Plaintiff and the Class wherein Defendant warranted that their Pavilion notebook computers were fit for the purpose for which they were intended, and were free of defects.

36. Plaintiff and the Class have performed all conditions, covenants and promises required to be performed on their part in accordance with the warranties.

37.   As unsophisticated consumers, Plaintiff and the Class are relieved of any notice requirement, and HP, who has superior knowledge of its technology, should be estopped from asserting lack of notice as a defense.

38.   At all times, HP had knowledge of the deceptive and misleading nature of the wi-fi capabilities of the Pavilion notebook computers because HP developed this technology. Therefore, notification to HP would serve no purpose, and based on this additional basis, HP should be estopped from asserting lack of notice as a defense.

39.   HP was a remote seller and Plaintiff did not deal directly with HP.

40.   Defendant has breached warranty obligations by engineering its Pavilion notebook computers in a manner that no fix is currently available to correct the wi-fi problem.

41.   Defendant has breached the warranties by undertaking the wrongful acts herein alleged.

42.   Defendant's breach of the warranty was a substantial factor in causing Plaintiffs and the Class to suffer economic losses and other general, consequential and specific damages, according to proof.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## IX. FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty)

43.   Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

44.   Plaintiff and the Class entered into implied warranties with Defendant wherein Defendant warranted that their Pavilion notebook computers were fit for the purpose for which they were intended and were free of defects.

45.   Plaintiff and the Class have performed all conditions, covenants and promises required to be performed on their part in accordance with the warranties.

46.   Defendant breached the warranties by undertaking the wrongful acts herein alleged.

47.    As a result of Defendant's breach of the warranty, Plaintiff and the Class have suffered economic losses and other general, consequential and specific damages, according to proof.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## X. FIFTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

48.    Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

49.    The warranties entered into between Plaintiff and the Class and Defendant are contracts that contain an implied covenant of good faith and fair dealing, which obligated Defendant to perform the terms and conditions of the contracts fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff and the Class from performing any or all conditions of the contracts that they agreed to perform, or any acts that would deprive Plaintiff and the Class of their benefits.

50.    Plaintiff and the Class performed all conditions, covenants and promises to be performed on their part in accordance with the contracts.

51.    Defendant knew Plaintiff and the Class fulfilled all their duties and conditions under the contract.

52.    Defendant breached the implied covenant of good faith and fair dealing under the contracts by engaging in the conduct complained of herein.

53.    As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and the Class have suffered economic losses and other general, consequential and specific damages, including the amount paid for the portability fees, according to proof.

54.    The aforementioned acts of Defendant were done maliciously, oppressively, and with intent to defraud, and Plaintiff and the Class are entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## XI.  SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

55.     Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

56.     As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## XII.  SEVENTH CAUSE OF ACTION

### (Violation of Civil Code § 1750 *et seq.*)

57.     Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

58.     The Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.* (hereinafter "CLRA") was designed and enacted to protect consumers from unfair and deceptive business practices.  To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code Section 1770.

59.     The CLRA applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services for personal, family or household use.

60.     At all relevant times, Plaintiff and members of the Class were "consumers" as that term is defined in Civil Code Section 1761(d).

61.     The transactions from which this action arises include transactions involving the sale or lease of goods or services for personal, family or household purposes within the meaning of Civil Code Section 1761.

62.     Defendant's practices in connection with the marketing and sale of its printers and printer cartridges violate the CLRA in at least the following respects:

a.      In violation of Section 1770(a)(5), Defendant has represented that the HP Pavilion notebook computers have characteristics that they do not have;

b.     In violation of Section 1770(a)(9), Defendant has advertised the HP Pavilion notebook computers with an intent not to sell them as advertised.

63.     Defendant's failure to disclose and knowing concealment of the fact that the HP Pavilion notebook computers had defective wi-fi capabilities are omissions and concealments of material fact that constitute unfair and/or deceptive business practices in violation of Civil Code Section 1770(a).

64.     Defendant's violations of Civil Code Section 1770 present a continuing threat to members of the public in that Defendant is continuing to engage in the practices alleged herein, and will not cease until an injunction is issued by this Court.

65.     With the filing of this action, Plaintiff is providing defendant with notice of its alleged violations of the CLRA pursuant to Civil Code section 1782(a). If, after 30 days of the date of the notification letter, Defendants have failed to provide appropriate relief for its violation of the CLRA, Plaintiffs will amend this Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief.

66.     Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Civil Code Section 1780(d).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## XIII. EIGHTH CAUSE OF ACTION

### (For Declaratory Relief)

67.     Plaintiff incorporates and realleges all of the foregoing paragraphs, as though fully set forth herein.

68.     An actual controversy has arisen between Plaintiff and the members of the proposed Class on the one hand, and HP on the other hand, as to the parties' respective rights and obligations under the law and with respect to the legality of Defendant's business acts and practices. Specifically, Plaintiff contends that the acts and practices of HP as herein alleged are unlawful, and HP contends to the contrary.

## XIV. PRAYER FOR RELIEF

1.     Certification of the proposed Class and notice thereto to be paid by Defendant;

2.     For restitution and disgorgement on certain causes of action;

3.     For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

4.     For compensatory and general damages according to proof on certain causes of action;

5.     For special damages according to proof on certain causes of action;

6.     Prejudgment interest at the maximum rate;

7.     Costs of the proceedings herein;

8.     Reasonable attorneys fees' as allowed by statute; and

9.     All such other and further relief as the Court deems just and proper.

Dated: November 14, 2007        LEVY, RAM & OLSON

By: _M. chal F. Rc_

Michael F. Ram
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@hofedlaw.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN & KODROFF, P.C.
Robert M. Roseman
rroseman@srk-law.com
David Felderman
dfelderman@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiff and the Class*

## XV.  JURY DEMAND

Plaintiff on behalf of themselves and all others similarly situated hereby request a jury trial on the claims so triable.

Dated: November 14, 2007

LEVY, RAM & OLSON

By: _Michael F. Ram_

Michael F. Ram
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@hofedlaw.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN & KODROFF, P.C.
Robert M. Roseman
rroseman@srk-law.com
David Felderman
dfelderman@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiff and the Class*