LEVY, RAM & OLSON
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@hofedlaw.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN & KODROFF, P.C.
John A. Macoretta
JMacoretta@srk-law.com
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN JOSE DIVISION)**

NATHAN NYGREN and STEPHEN SHIFFLETTE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

Defendant.

CASE NO. 07-05793 HRL

**CLASS ACTION**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

DEMAND FOR JURY TRIAL

Plaintiffs Nathan Nygren and Stephen Shifflette ("Plaintiffs"), individually and on behalf of the Class defined below, bring this action for damages, restitution and injunctive relief against defendant, Hewlett-Packard Company ("HP" or "Defendant"), demanding a trial by jury, and complains and alleges as follows:

## I. INTRODUCTION

1. Defendant Hewlett-Packard Company, one of the world's leading manufacturers of computers, has sold, and on information and belief, continues to sell, its Pavilion notebook computers, Series 6000 and 9000 and Presario Series 6000, also known as the DV 6000, V6000 and DV 9000 notebooks (these products collectively referred to as "HP Notebook Computers") using these or modified model numbers with defective wireless capabilities.

2. This lawsuit, brought on behalf of consumers who have purchased HP Notebook Computers, including the Pavilion Series 6000 and 9000 and the Presario Series 6000 notebook computers, seeks to end HP's deceptive and unconscionable practices relating to its sales and marketing of these defective computers.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to the Class Action Fairness Act, and particularly, 28 U.S.C. § 1332(d)(2), as the matter in controversy in this action exceeds $5,000,000.00 and is a class action in which some members of the class of plaintiffs are citizens of a state that is different from the principal place of business of Defendant.

4. Venue is proper in this District, and in particular the San Jose Division, under 15 U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391(b) and (c), because HP maintains its headquarters, transacts business, maintains offices, or is otherwise found within this District; and the Defendant's unlawful acts giving rise to Plaintiffs' claims occurred, and a substantial portion of the affected trade and commerce described below has been carried out in this District. See also Exhibit A attached hereto.

## III. THE PARTIES

### A. Plaintiffs

5. Plaintiff Nathan Nygren, an individual, is a resident of Wisconsin. He purchased his HP notebook computer, an HP Pavilion DV6110US Notebook, for personal, family or household use on January 14, 2007. He reasonably expected that the wireless features would last five years without material failure. On or about September 14, 2007, the wireless feature failed on Plaintiff Nygren's computer. He undertook a variety of steps to attempt to remedy the issue as suggested by HP's technical support group, none of which solved the issue. HP then sent him a new wireless card as a fix for the issue. Installation of a new wireless card did not solve the issue. HP has refused Plaintiff's request to refund his purchase price or replace his notebook computer with a computer that is not subject to design and/or component defects.

6. Plaintiff Stephen Shifflette, an individual, is a resident of Goochland County, Virginia. He purchased an HP6140US, serial number CCNF640102T, for personal, family, or household use in October 2006 at a CompUSA store. He reasonably expected that the wireless features would last five years without material failure. On or about December 17, 2007, the wireless capabilities on the computer began to malfunction. Plaintiff Shifflette bought an external wireless device to enable his computer to connect to wireless networks. Plaintiff Shifflette visited HP's website and contacted HP support personnel, spending hours unsuccessfully attempting to remedy the problem.

### B. Defendant Hewlett-Packard Company

7. Defendant Hewlett-Packard Company is a publicly traded corporation with worldwide corporate headquarters in Palo Alto, California.

## IV. CLASS ACTION ALLEGATIONS

8. Plaintiffs bring this action on behalf of themselves, and, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following Class and Consumer Subclass ("class or classes"):

**Class**

> **All persons and entities who since January 1, 2007 purchased or leased HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers. Excluded from the Class are (1) employees of the defendant, including its officers or directors; and (2) defendant's affiliates, subsidiaries, or co-conspirators.**

**Consumer Subclass**

> **All Class members who purchased or leased for personal, family or household purposes, HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers.**

9. Plaintiffs do not know the exact number of Class members because such information is in the exclusive control of the Defendant. However, Class members are sufficiently numerous and geographically dispersed throughout the United States, so that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendant and its agents. Fed.R.Civ.P.23(a)(3)

10. Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other Class members and, by asserting his claims, Plaintiffs will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of HP and the relief sought is common to the Class. Fed.R.Civ.P. 23(a)(3).

11. The common legal and factual questions which do not vary from Class member to Class member and which may be determined without reference to individual circumstances of any Class member include, but are not limited to, the following:

a. Whether the HP Notebook Computers suffer from a common defect that causes the wireless capability to fail during its reasonable expected life;

b. Whether Defendant has undertaken a common business practice of producing and selling to the public HP Notebook Computers with defective wireless capabilities;

      c. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

      d. Whether Defendant's use of advertising and other representations constitutes unfair competition and unfair, deceptive, untrue or misleading advertising;

      e. Whether Defendant failed to disclose material facts about the HP Notebook Computers;

      f. Whether Defendant breached express warranties with Plaintiffs and the Class;

      g. Whether Class members are entitled to monetary recovery including punitive damages, restitution, and injunctive relief, and the proper measure, nature and extent of such relief; and

      h. Whether representations that notebook computers have wireless capability are material to a reasonable consumer.

12. These common questions and others predominate over questions, if any, that affect only individual members of the Class. Fed.R.Civ.P.23(a)(3)

13. Plaintiffs and their counsel will fairly and adequately represent the interests of the Classes in that Plaintiffs are typical purchasers of HP Notebook Computers. There is no material conflict with any other member of the Classes that would make class certification inappropriate. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiffs intend to prosecute this action vigorously. Fed.R.Civ.P.23(a)(3)

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties,

conserves the resources of the parties and of the court system, and protects the rights of each Class member. Fed.R.Civ.P.23(a)(3)

15. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. Fed.R.Civ.P.23(a)(3)

16. Injunctive relief is appropriate as to the Class as a whole because Defendant has acted or refused to act on grounds generally applicable to the Class. Fed.R.Civ.P.23(a)(3)

17. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## V. FACTUAL ALLEGATIONS

18. A reasonable consumer expects that notebook computers like the HP Notebook Computers will have wireless access for at least five years, and do not expect that they will come with a design defect that will cause wireless capability to fail before that expected lifetime. Notebook computers, as opposed to desktop computers, are designed for mobility and convenience. One of the primary uses of a notebook computer is for remote access to the internet using a wireless connection.

19. The HP Notebook Computers suffer from a common defect that causes a substantial number of these HP Notebook Computers' wireless capability to fail within the first five years, including during the first year of use, rendering these computers unable to connect remotely the internet.

20. HP is aware of the issue and has posted on or about October 22, 2007, an entry on HP Total Care website:

> Hi, it's Anna from HP Total Care,
>
> I'm sorry some of you are having trouble with your wireless WLAN not detecting your wireless network and not displaying in your device manager. The issue appears to affecting AMD based DV 6000, V6000, and DV 9000 notebooks running Microsoft

> Windows Vista. We've got a BIOS update and some instructions on getting this resolved. If the BIOS update does not resolve the issue, please contact HP support and we will facilitate a repair.

21. The update is not effective and class members are without recourse as the eighty-four (84) pages of customer complaints attest to on an HP forum website (as of November 12, 2007). See http://forums1.itrc.hp.com/service/forums/bizsupport/questionanswer.do?threadID=11364. Nor is the issue limited to HP Notebook Computers running Microsoft Windows Vista. The customer complaints identify manifestations of the defect that occur on HP Notebook Computers running Microsoft Windows XP and XP Professional. The customer complaints describe situations where the defect manifested itself before the release of Microsoft Windows Vista.

22. On or about November 3, 2007, HP posted another entry on HP's Total Care Website.

> The reason for the BIOS fix is that the internal WLAN card may not work because the signal amplitude on the internal bus to the chipset is too low. As a result, the wireless card and the motherboard cannot communicate. By downloading Softpaq 36551, it is possible to boost the amplitude of the signals on this bus and thereby solve some WLAN issues.
>
> Here is the link: ftp://ftp.compaq.com/pub/softpaq/sp36501-37000/sp36551.exe
>
> If the issue does not stem from low amplitude, it could also be an issue between the system board and the wireless card as some have pointed out on this board. That said, it is unlikely that replacing the wireless card will solve the issue, so please do no do this. Historically it is more likely that a system board issue would cause this type of problem, than an issue with the wireless card. So, if Softpaq 36551 doesn't help, the next step is to call 800-HP-Invent for additional help.
>
> As mentioned earlier HP is working around the clock on this issue. Engineers are reading the posts and have actually printed them out to bring them into meetings to discuss them. So, please keep posting your feedback with as much detail as possible.

23. Examples of class members' problems as reflected in the customer complaints are as follows:

a. Rai Lynn Nov 5, 2007:

> well I just got the new wireless card delivered and as expected it din't [sic] solve the problem.

        The link for the BIOS is corrupted (well at least that how it appears to me after I have finished downloading it).
I guess whats left now is back up my data (AGAIN!) And send it back. Just in case:
        Pavilion dv9205us
        AMD turion 64x2
        Nvidia Geforce Go 6150

b.       Gary Swain Nov 6, 2007:

I have a V3015NR with the AMD. My wireless is gone as well. I just got off the phone with tech Support and was told that since my warranty expired 3 weeks ago, I am on my own. They wanted to sign me up for phone support for $99 a year, but that would not cover fixing the WLAN problem that so many are experiencing. Has anyone else encountered this problem? If so, what has been said or done? This is an obvious problem that HP recognizes and should address regardless to length of warranty coverage. Could this be a recall issue? I have tried everything from flashing the BOIS to reloading the drivers for the broadcom. I did manage to get the WIFI back up after removing the chipset and re-booting. I then put the chipset back in and re-booted in SAFE Mode. At the time, the chipset was found and installed. I then rebooted in normal mode and it worked until it went to sleep at which point, the WLAN disappeared from the system. Like all others, nothing in the device manager even though under system info, it's listed. This is my travel laptop and is used everyday for work. It needs to be fixed regardless of warranty.

c.       Clair Jordan Nov 8, 2007:

    Hi everyone,

Add me in to you [sic] list. I have a Pavillion dv6000 [sic]. Got it in Feb. My wireless went down in September. First HP said they would send me a new card. Then they said that I would have to send it in. Did that and got it back within a week and it worked great for about a month. Then I started having a problem with what I thought was my graphics/video card. After a week of trying to install new drivers and trying to unsuccessfully back up my laptop it will now not boot up at all. Tried draining out all the power, removing battery etc. no luck. So now it is on its way back to HP. Get this, I asked them if I could buy an extended warranty and they said they would not well me one cause my laptop had broken twice!!! I am so mad.
    Hope we can escalate this further

d.       Thomas C. Perconti Nov 9, 2007:

Dv9000ct owner (purchased in Jan 07) here experiencing the same problem since June/July 07 timeframe [sic]. The wifi adapter occasionally wakes up when coming out of suspend but that is pretty infrequent. I ended up purchasing a LinkSys USB wifi adapter (my expressCard slot is taken up by the HP TV Tuner card).

I heavily rely on my notebook and cannot afford to be without it for weeks while the system is sent out for repair, or HP were to send an identical replacement system and allow us to swap the drives, that would go a long way in minimizing the inconvenience.
I am not pleased with the manner in which HP had been dragging their feet on this issue when it is painfully obvious that it is a pretty widespread problem.
I DIDN'T expect it from HP. I guess that I'm just an old IT warhorse that still remembers the world-class products, service and support that the HP name implied.
...hangining [sic] in there keeping hope alive...

e. TL Fin Nov 9, 2007:

HP dv6105us. Purchased mid October 2006. Wireless stopped working on the beginning of August 2007.
Since the 2nd of August, I've spent hours on the phone with support, with about 6 people. Ran all the 'fixes' with the first support person, no fix. Have gotten contradictory information from each person since.
I purchased a 2wire box in order to use this HP laptop. My old computer does not work with this system, so I have no back up....anyway.
Gave up & decided to send the compter [sic] back to HP. As of the 1st of this month, November, I have been expecting a shipping box, but it has not arrived. Now it is having difficulty starting, takes up to 20 minutes to get it going & my warranty is up. Is HP stalling on purpose?
Really, at this point, I'd like my money back! Or send me a new computer and I'll send this lemon back, ok, Jim? Please!
TL
ps- Yes, Nate, our concern still stands as extremely valid.
pps- Bill, it appears that the wireless issue has just been added to the warranty extension....

24. HP has so far failed to offer Plaintiffs and class members an adequate fix of the wireless capability. On information and belief, on or about November 15, 2007, HP posted on its website, HP.com, a program with an extension of its limited warranty for some but not all HP Notebook Computers. The announcement included wireless failures among a list of other potential computer failure symptoms for which HP agreed to extend its limited warranty from a period of one year to two years from purchase. On information and belief, HP did not offer this limited warranty extension to all class members. In addition, it did not address manifestations of the defect that occurred more than two years after purchase of the notebook computer, with the exception of parts replaced as part of any warranty repair, for which HP provided a 90 day

limited warranty from the time of replacement. The announced limited warranty extension is not an appropriate or adequate remedy for HP's defective computers.

## VI. FIRST CAUSE OF ACTION
**(Violations of Business & Professions Code § 17500 *et seq*.)**

25. Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

26. Defendant's use of various forms of advertising media to advertise, call attention to or give publicity to the sale of their goods and services, and other practices, as set forth above, which are not as advertised or as otherwise represented, constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, under Business & Professions Code Section 17500. For example, the HP Pavilion notebook PC checklist available on the Internet states: "HP Pavilion notebooks come with a wireless LAN for complete mobility." The HP Presario notebook PC checklist available on the internet similarly states: "Compaq Presario notebooks come with wireless LAN for complete mobility." The product specifications for the HP Pavilion dv6110us state:

**"Wireless Connectivity** 802.11b/g WLAN"

"**Security and Support:**

**…**

Wireless Home Network"

Upon information and belief, these statements appear in most if not all product specifications for the HP Notebook Computers. For example, the Maintenance and Service Guide Presario V6000 Notebook PC, Document Part Number: 416630-003 provides at page 10: "Integrated wireless support for Mini Card IEEE 802.11b and 802.11b/g WLAN device." In fact, as a result of common defects, many HP Notebook Computers lose any ability to make wireless connections.

27. The HP Notebook Tour, an HP document posted on the Internet to describe the features and functions on the notebook for both the Pavilion and Presario product lines, provides that the computer has a "Wireless light" which when "Blue" indicates "An integrated wireless device, such as a wireless local area network (LAN) device and/or a Bluetooth®device, is turned

on" whereas an "Amber" light indicates "All wireless devices are turned off." In fact, as a result of common defects, the Wireless switch on the HP Notebook Computers could not turn on the wireless feature, nor would the Wireless light work as indicated, and many of the HP Notebook Computers lost any ability to make wireless connections despite the switch position or the light color. At all relevant times HP failed to disclose that its HP Notebook Computers suffered from a design defect that caused these computers to prematurely lose their wireless capabilities, to meet these product specifications, and to function as described. These advertisements and practices have deceived, and are likely to deceive, the consuming public, in violation of those sections.

28. Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiffs, the Class, and the public.

29. Plaintiffs and the Class are entitled to relief, including full restitution of all revenues which may have been obtained by Defendant from Plaintiffs and the Class as a result of such business acts or practices, and enjoining Defendant to cease and desist from engaging in the practices described herein.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VII. SECOND CAUSE OF ACTION
**(Violations of Business & Professions Code § 17200 *et seq*.**
**Unfair Business Practices)**

30. Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

31. Defendant has engaged in unfair competition within the meaning of California Business & Professions Code Section 17200 *et seq*. because Defendant's conduct is unfair as herein alleged. Defendant's conduct was substantially injurious to Plaintiffs.

32. Defendant's wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition because Defendant is selling its products and marketing them in a manner that is likely to deceive the public, and Plaintiffs have suffered actual harm as a result.

33. Defendant's business practices, and each of them, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that HP notebook computers can be used for wireless service when they cannot.

34. Defendant's business practices are unlawful because the conduct constitutes a breach of warranty, false marketing and advertising, as well as the other causes of action herein alleged.

35. Plaintiffs have standing to pursue this claim because Plaintiffs have been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein. Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiffs, the Class, and the public.

36. Plaintiffs and the Class are entitled to relief, including full restitution of all revenues which may have been obtained by Defendant from Plaintiffs and the Class as a result of such business acts or practices, and enjoining Defendant to cease and desist from engaging in the practices described herein.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VIII. THIRD CAUSE OF ACTION
**(Violation of Business & Professions Code § 17200**
**Illegal Business Practice)**

37. Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

38. Defendant has engaged in an illegal business practice within the meaning of California Business & Professions Code Section 17200 *et seq.* because Defendant's conduct is illegal as herein alleged and as set forth below in Plaintiff’s Sixth Cause of Action. Defendant's conduct was substantially injurious to Plaintiffs.

39. Defendant's wrongful business acts constituted, and constitute, a continuing course of conduct of illegal business practices because Defendant is selling its products and marketing

them in a manner that is likely to deceive the public, and Plaintiffs have suffered actual harm as a result.

40. Defendant's business practices, and each of them, are illegal because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that HP Notebook Computers reliably can be used for wireless service when they cannot.

41. Defendant's business practices are unlawful because the conduct constitutes a breach of warranty, false marketing and advertising, as well as the other causes of action herein alleged.

42. Plaintiffs have standing to pursue this claim because Plaintiffs have been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein. Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiffs, the Class, and the public.

43. Plaintiffs and the Class are entitled to relief, including full restitution of all revenues which may have been obtained by Defendant from Plaintiffs and the Class as a result of such business acts or practices, and enjoining Defendant to cease and desist from engaging in the practices described herein.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## IX. FOURTH CAUSE OF ACTION
## (Violation of Business & Professions Code § 17200 Fraudulent Conduct)

44. Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

45. Defendant has engaged in fraudulent conduct within the meaning of California Business & Professions Code Section 17200 *et seq.* because Defendant's conduct is fraudulent as herein alleged. Defendant's conduct was substantially injurious to Plaintiffs.

46. Defendant's wrongful business acts constituted, and constitute, a continuing course of fraudulent conduct because Defendant is selling its products and marketing them in a manner that is likely to deceive the public, and Plaintiffs have suffered actual harm as a result.

47. Defendant's business practices, and each of them, are fraudulent conduct because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that HP Notebook Computers can be used reliably to connect to a LAN using wireless when they cannot.

48. Defendant's business practices are fraudulent conduct because the conduct constitutes a breach of warranty, false marketing and advertising, as well as the other causes of action herein alleged. Defendant knew or was reckless in not knowing that its representations regarding the HP Notebook Computers wireless capabilities were false.

49. Plaintiffs have standing to pursue this claim because Plaintiffs have been injured by virtue of suffering a loss of money and/or property as a result of the wrongful conduct alleged herein. Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiffs, the Class, and the public.

50. Plaintiffs and the Class are entitled to relief, including full restitution of all revenues which may have been obtained by Defendant from Plaintiffs and the Class as a result of such business acts or practices, and enjoining Defendant to cease and desist from engaging in the practices described herein.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## X. FIFTH CAUSE OF ACTION
**(Breach of Express Warranty)**

51. Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

52. Defendant HP issued written warranties to Plaintiffs and the Class wherein Defendant warranted that their Pavilion notebook computers were fit for the purpose for which they were intended, and were free of defects. As set forth in paragraph 26 above, HP warranted that "HP Pavilion notebooks come with a wireless LAN for complete mobility" and that "Compaq Presario notebooks come with wireless LAN for complete mobility." The product specifications and manuals state that the HP Notebook Computers have wireless connectivity.

53. Plaintiffs and the Class have performed all conditions, covenants and promises required to be performed on their part in accordance with the warranties.

54. As unsophisticated consumers, Plaintiffs and the Class are relieved of any notice requirement, and HP, who has superior knowledge of its technology, should be estopped from asserting lack of notice as a defense.

55. At all times, HP had knowledge of the deceptive and misleading nature of the wireless capabilities of the HP Notebook Computers because HP developed this technology. Therefore, notification to HP would serve no purpose, and based on this additional basis, HP should be estopped from asserting lack of notice as a defense.

56. HP was a remote seller and Plaintiffs did not deal directly with HP.

57. Defendant has breached warranty obligations by engineering its HP Notebook Computers in a manner that no adequate fix is currently available to correct the defect that causes the wireless capabilities of HP Notebook Computers to prematurely fail.

58. Defendant has breached the warranties by undertaking the wrongful acts herein alleged.

59. Defendant's breach of the warranty was a substantial factor in causing Plaintiffs and the Class to suffer economic losses and other general, consequential and specific damages, according to proof.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## XI. SIXTH CAUSE OF ACTION
**(Violation of Civil Code § 1750 *et seq*.)**
**(for Consumer Subclass)**

60. Plaintiffs incorporate and reallege all of the foregoing paragraphs, as though fully set forth herein.

61. The Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.* (hereinafter "CLRA") was designed and enacted to protect consumers from unfair and deceptive business practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code Section 1770.

62. The CLRA applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services for personal, family or household use.

63. At all relevant times, Plaintiffs and members of the Consumer Subclass were "consumers" as that term is defined in Civil Code Section 1761(d).

64. The transactions from which this action arises include transactions involving the sale or lease of goods or services for personal, family or household purposes within the meaning of Civil Code Section 1761.

65. Defendant's practices in connection with the marketing and sale of its HP Notebook Computers violate the CLRA in at least the following respects:

   a. In violation of Section 1770(a)(5), Defendant has represented that the HP Notebook Computers have characteristics that they do not have;

   b. In violation of Section 1770(a)(9), Defendant has advertised the HP Notebook Computers with an intent not to sell them as advertised.

66. Defendant's failure to disclose and knowing concealment of the fact that the HP Notebook Computers had defective wireless capabilities are omissions and concealments of material fact that constitute unfair and/or deceptive business practices in violation of Civil Code Section 1770(a).

67. Defendant's violations of Civil Code Section 1770 present a continuing threat to members of the public in that Defendant is continuing to engage in the practices alleged herein, and will not cease until an injunction is issued by this Court.

68. Plaintiffs have provided defendant with notice of its alleged violations of the CLRA pursuant to Civil Code section 1782(a). HP failed to provide appropriate relief for its violation of the CLRA within 30 days of the date of the notification letter. Accordingly, Plaintiffs amend the Complaint pursuant to section 1782(d) to seek actual, statutory and punitive damages, in addition to equitable and injunctive relief.

WHEREFORE, Plaintiffs and the Class and Consumer Subclass pray for relief as set forth below.

## XII. PRAYER FOR RELIEF

1. Certification of the proposed Class and notice thereto to be paid by Defendant;

2. For restitution;

3. For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

4. For compensatory damages;

5. For statutory damages;

6. Prejudgment interest;

7. Costs;

8. Reasonable attorneys fees; and

9. All such other and further relief as the Court deems just and proper.

Dated: February 28, 2008

LEVY, RAM & OLSON

By: ***/s/ Michael F. Ram***

Michael F. Ram
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@hofedlaw.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN & KODROFF, P.C.
John A. Macoretta
JMacoretta@srk-law.com
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
*Counsel for Plaintiffs and the Class*

**XIII. JURY DEMAND**

Plaintiffs on behalf of themselves and all others similarly situated hereby request a jury trial on the claims so triable.

Dated: February 28, 2008

LEVY, RAM & OLSON

By: ***/s/ Michael F. Ram***

Michael F. Ram
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@hofedlaw.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN & KODROFF, P.C.
John A. Macoretta
JMacoretta@srk-law.com
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiffs and the Class*

F:\docs\1113-01\pleadings\Complaint 1st amend-2-28 rev 2 pltffs.doc