HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

JOHN F. SCHULTZ (PAB 67331)
(*Pro Hac Vice*)
ROBERT A. PARTICELLI (PAB 82651)
(*Pro Hac Vice*)
BARRY L. McCOY (PAB 88117)
(*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: john.schultz@morganlewis.com
E-mail: rparticelli@morganlewis.com
E-mail: bmccoy@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

MICHAEL F. RAM (SBN 104805)
LEVY, RAM & OLSON
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: 415.433.4949
Facsimile: 415.433.7311
E-mail: mfr@lrolaw.com

MARC H. EDELSON
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215.230.8043
Facsimile: 215.230.8735
E-mail: medelson@hofedlaw.com

JEFFREY KODROFF
JOHN A. MACORETTA
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Facsimile:   215.496.6611
E-mail:  jmacoretta@srk-law.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No. 07-05793 (HRL)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Before:  Hon. Howard R. Lloyd |

The parties to this action jointly submit the following Case Management Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-9.

1.  <u>Jurisdiction and Service</u>: The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, and particularly, 28 U.S.C. § 1332(d)(2), as the matter in controversy in this action exceeds $5,000,000.00 and is a class action in which some members of the class of plaintiffs are citizens of a different state than the principal place of business of Defendant. There are no issues regarding personal jurisdiction or venue. Defendant Hewlett-Packard Company ("HP") has accepted service of the complaint.

<u>Plaintiffs' Description of Case</u>

2.  Plaintiffs bring this case on behalf of consumers who purchased HP notebook computers, including the Pavilion Series 6000 and 9000 and the Presario Series 6000 notebook computers. Plaintiffs allege that these computers suffer from a common defect that causes the wireless capability on a substantial number of them to fail within the first five years, including during the first year of use, rendering the computers unable to remotely connect to the internet. Notebook computers, as opposed to desktop computers, are designed for mobility and convenience. One of the primary uses of a notebook computer is for remote access to the internet using a wireless connection.

3.  The internet connectivity problems appear to involve both the hardware and the software of the affected notebook computers. HP has acknowledged the problems and has made several attempts to fix or repair the computers. To date, none of HP's proposed solutions has entirely solved the problem. HP's solutions are not available to all members of the proposed class. HP has also agreed to a one year extension of the warranty for certain members of the class.

<u>Defendant's Description of Case</u>

4.  Plaintiffs claim that HP knowingly sold series 6000 and 9000 notebook computers (the "Allegedly Affected Units") "that suffer from a common defect that causes a substantial

**JOINT CASE MANAGEMENT STATEMENT**        2        **CASE NO. 07-5793 (HRL)**

number of these HP Notebook Computers' wireless capability to fail before [their] expected lifetime." HP denies that it knowingly sold defective notebook computers or that its computers suffer from a "common defect."

5. Plaintiffs attempt to state claims for violations of: (a) California's False Advertising Act (Cal. Bus. & Prof. Code § 17500 *et seq.*); (b), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*); (c) California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750); and (d) breach of express warranty. HP denies that it breached its warranty obligations or that it in any way violated California's Unfair Competition Law, False Advertising Act or Consumer Legal Remedies Act.

6. As of October 31, 2007, HP implemented a formal warranty and repair program (the "Program") that extends the warranty for the Allegedly Affected Units and makes available a BIOS update for the alleged issue described by Plaintiff. The Program makes free repairs available to customers for one year after the expiration of the Limited Warranty. Thus, to the extent the Allegedly Affected Units suffer from any problem, HP has agreed to repair that problem free-of-charge. It is HP's position that the download and/or repair cures the alleged problem and that no law has been broken.

Legal Issues

7. The parties believe the legal issues in dispute include the following:

(a) Whether the HP notebook computers suffer from a common defect that causes the wireless capability to fail during its reasonable expected life and, if so, when HP learned of the alleged common defect;

(b) Whether HP has undertaken a common business practice of producing and selling to the public notebook computers with defective wireless capabilities;

(c) Whether HP engaged in unfair, unlawful and/or fraudulent business practices;

**JOINT CASE MANAGEMENT STATEMENT**          3                    **CASE NO. 07-5793 (HRL)**

1         (d)       Whether HP complied with its warranty obligations;

2         (e)       Whether HP's Program relieves it of some or all liability;

3         (f)       Whether HP's use of advertising and other representations constitutes unfair competition and unfair, deceptive, untrue or misleading advertising;

        (g)       Whether HP has failed to disclose material facts about its notebook computers;

        (h)       Whether HP breached express warranties with Plaintiff and the putative Class;

        (i)       Whether putative Class members are entitled to monetary recovery including punitive damages, restitution, and injunctive relief, and the proper measure, nature and extent of such relief; and

        (j)       Whether representations that HP's notebook computers have wireless capability are material to a reasonable consumer.

8.    The parties believe that further issues may be in dispute after the facts are developed through the discovery process.

9.    <u>Motions</u>:  There are no prior or pending motions.  Plaintiffs intend to move for class certification and HP intends to file a motion to dismiss pursuant to Rule 12(b)(6).

10.    <u>Amendment of Pleadings</u>:  Plaintiffs do not anticipate a further amendment of the complaint.

11.    <u>Evidence Preservation</u>:  Neither party has destroyed any relevant documents or materials.

12.    <u>Disclosures</u>:  The parties will serve initial disclosures by April 11, 2008.

13.    <u>Discovery</u>:  No discovery has been served or produced to date.  The parties have conducted a Rule 26(f) conference and submit the following Discovery Plan:

        (a)       Initial Disclosures will be exchanged by April 11, 2008.

        (b)       The parties have agreed that no discovery will be served until after the Court decides HP's motion to dismiss.  To the extent any claims survive

HP's motion to dismiss, Plaintiff can serve discovery immediately after the entry of an order stating the same.

(c) The parties will submit, by May 15, 2008, a proposed Stipulated Protective Order, which will address issues of privilege and the confidentiality of discovery materials.

(d) The parties have no proposed changes to the current limitations or discovery in the Federal and local Rules of Civil Procedure.

(e) The parties request that another case management conference be held within thirty (30) days after the Court decides HP's motion to dismiss.

14. <u>Class Action</u>: This is a putative class action. Plaintiffs believe this action is maintainable as a class action under FRCP 23(b)(1),(2) and (3). The classes sought to be certified are:

<u>Class</u>
All persons and entities who since January 1, 2007 purchased or leased HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers. Excluded from the Class are (1) employees of the defendant, including its officers or directors; and (2) defendant's affiliates, subsidiaries, or co-conspirators.

<u>Consumer Subclass</u>
All Class members who purchased or leased for personal, family or household purposes, HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers.

15. Defendant disputes Plaintiffs' contention that this is case is properly maintainable as class action and disagrees with Plaintiffs' assessment set forth above.

16. The parties propose the following schedule for class certification:

| | |
|---|---|
| Class Certification Motion filed: | December 19, 2008 |
| Plaintiffs' Class Certification Expert Reports: | December 19, 2008 |
| Defendant's Opposition: | January 30, 2009 |
| Defendants' Class Certification Expert Reports: | January 30, 2009 |
| Plaintiffs' Reply: | February 27, 2009 |
| Rebuttal Class Certification Expert Reports for Both Parties: | February 27, 2009 |
| Class Certification Hearing: | No sooner than March 26, 2009 |

17. <u>Related Cases</u>: The parties know of no related actions.

18. <u>Relief</u>: Plaintiffs are seeking relief under the California Business & Professions Code Sections 17200 *et seq* and 17500 *et seq*, common law breach of warranty and violations of the California Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.* Plaintiffs are seeking an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint; restitution; compensatory damages; statutory damages; prejudgment interest; costs; reasonable attorneys fees; and all such other and further relief as the Court deems just and proper.

19. <u>Settlement and ADR</u>: The parties are currently discussing a possible resolution of the case. In addition, the Parties have filed a Stipulation and Proposed Order Selecting an ADR Process and will be scheduling a mediation shortly.

20. <u>Consent to Magistrate Judge For All Purposes</u>: The parties do not consent to the use of a Magistrate Judge and will be filing a Declination to Proceed and Request for Reassignment.

21. <u>Other References</u>: The parties do not believe a reference to binding arbitration, a special master or the Judicial Panel or Multidistrict Litigation is needed or appropriate.

22. <u>Narrowing of Issues</u>: None at present.

23. <u>Expedited Schedule</u>: The parties do not believe this case can or should be handled on an expedited basis with streamlined procedures.

24. <u>Scheduling</u>: The parties have set forth a proposed schedule for class certification in Paragraph 16 above. As for any remaining schedule, both parties believe that those dates are best set at a further case management conference, to be held within thirty (30) days of the class certification hearing.

25. <u>Disclosure of Non-party Interested Entities or Persons</u>: Each party has filed or will file shortly the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiffs Nygren and Shifflette each know of no persons, firms, partnership, corporations (including parent corporations) or other entities, other than the parties themselves, who have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

26. <u>Other Matters</u>: The parties know of no other matters requiring the Court's attention at this time.

1 | Respectfully submitted,

4 | __/s/Robert A. Particelli_____
HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

JOHN F. SCHULTZ (PAB 67331)
(*Pro Hac Vice*)
ROBERT A. PARTICELLI (PAB 82651)
(*Pro Hac Vice*)
BARRY L. McCOY (PAB 88117)
(*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: john.schultz@morganlewis.com
E-mail: rparticelli@morganlewis.com
E-mail: bmccoy@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

__/s/Jeffrey Kodroff_____
MARC EDELSON
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215.230.8043
Facsimile: 215.230.8735
E-mail: medelson@hofedlaw.com

MICHAEL F. RAM (SBN 104805)
LEVY, RAM & OLSON
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: 415.433.4949
Facsimile: 415.433.7311
E-mail: mfr@lrolaw.com

JEFFREY KODROFF
JOHN A. MACORETTA
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Facsimile:  215.496.6611
E-mail:  jmacoretta@srk-law.com

Attorneys for Plaintiffs