1  HOWARD HOLDERNESS (SBN 169814)
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA 94105
3  Telephone: 415.442.1000
4  Facsimile: 415.442.1001
   E-mail: hholderness@morganlewis.com
5
   JOHN F. SCHULTZ (PAB 67331) (*Pro Hac Vice*)
6  ROBERT A. PARTICELLI (PAB 82651) (*Pro Hac Vice*)
   BARRY L. McCOY (PAB 88117) (*Pro Hac Vice*)
7  MORGAN, LEWIS & BOCKIUS LLP
   1701 Market Street
8  Philadelphia, PA 19103
   Telephone: 215.963.5000
9  Facsimile: 215.963.5001
   E-mail: john.schultz@morganlewis.com
10 E-mail: rparticelli@morganlewis.com
   E-mail: bmccoy@morganlewis.com
11
12 Attorneys for Defendant
   HEWLETT-PACKARD COMPANY

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                           SAN JOSE DIVISION

17 NATHAN NYGREN and STEPHEN              Case No. 07-05793 (JW) (HRL)
   SHIFFLETTE, on behalf of themselves and
18 all others similarly situated,

19                Plaintiff,                **MOTION IN SUPPORT OF A NOTICE
                                            REQUIREMENT FOR EXPERTS
20        vs.                               PERMITTED TO VIEW HIGHLY
                                            CONFIDENTIAL INFORMATION UNDER
21 HEWLETT-PACKARD COMPANY,                 THE STIPULATED PROTECTIVE ORDER**

22                Defendant.

23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 07-05793 (JW) (HRL)
**DEFENDANT HEWLETT-PACKARD COMPANY'S BRIEF IN SUPPORT OF EXPERT NOTICE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT.................................................................................................................1

    A. PLAINTIFF DOES NOT HAVE UNFETTERED DISCRETION IN SELECTING AN EXPERT AND A NOTICE REQUIREMENT IS APPROPRIATE..........................................................................................................1

    B. CALIFORNIA DECISIONAL LAW SUPPORTS THE INCLUSION OF PARAGRAPH 7.4 ........................................................................................................2

III. CONCLUSION...............................................................................................................3

# TABLE OF AUTHORITIES

## CASES

Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1991) ............................ 2

Presidio Components, Inc. v. American Technical Ceramics Corp., --- F.Supp.2d ---, 2008 WL 608407, * 1 (S.D. Cal. 2008) ........................................................................................... 2

The Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 364081 (C.D. Cal. 1997) ....... 2, 3

## STATUTES AND RULES

Fed. R. Evid. 702 ............................................................................................................................ 2

## I. INTRODUCTION

On March 18, 2008, the Parties filed a Joint Case Management Statement ("JCMS") with the Court. The JCMS stated that the Parties would submit a proposed Stipulated Protective Order by May 15, 2008. They were later granted a two-week extension. On May 29, 2008, the Parties advised the Court that they had reached an impasse with respect to one provision of the Stipulated Protective Order, namely the expert notification provision. Plaintiff and Defendant agreed to submit the dispute to the Court through short, expedited briefs.

In short, Plaintiff will not agree to disclose who his expert is before giving that expert Defendant's "highly confidential" information, even though such a notice requirement appears in the model stipulated protective order (at Paragraph 7.4) used throughout this District.[1] Because this case will likely involve the disclosure to Plaintiff of HP's "Highly Confidential" technical and/or financial information, the inclusion of Paragraph 7.4 as taken from the model stipulated protective order is completely appropriate. HP's specific concern – and the concern Paragraph 7.4 is designed to address – is that Plaintiff could, under his proposed form of protective order, supply HP's "Highly Confidential" information to one of HP's competitors.

Indeed, this is a highly technical case in which Plaintiff alleges a defect in certain Hewlett-Packard ("HP") notebooks causes the wireless capability to cease operating. Although it was not obligated to do so, HP implemented a warranty enhancement and repair program by November 2007 for certain notebooks that may have been affected. Factual assessment of the Plaintiff's claims will, accordingly, require review of detailed and proprietary technical information for multiple models of HP notebooks, at least some of which are still on the market. This information is confidential and economically valuable. If it were disclosed to competitors, HP could suffer irreparable injury.

Under paragraph 7.4 of HP's proposed version of the Stipulated Protective Order, attached hereto as Exhibit "A," a Party that seeks to disclose "highly confidential" information to an expert must provide background and past employment information concerning the expert, identify the

---

[1] United States District Court, Northern District of California, Court Forms, Stipulated Protective Order, http://www.cand.uscourts.gov/cand/form.nsf (Last visited: Jun. 6, 2008).

Case No. 07-05793 (JW) (HRL)

**DEFENDANT HEWLETT-PACKARD COMPANY'S BRIEF IN SUPPORT OF EXPERT NOTICE**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

information that will be disclosed, and meet and confer to resolve any objections before disclosing the information. In the event the dispute must be submitted to the court, the party opposing disclosure bears the burden of proof.

## II. ARGUMENT

### A. PLAINTIFF DOES NOT HAVE UNFETTERED DISCRETION IN SELECTING AN EXPERT AND A NOTICE REQUIREMENT IS APPROPRIATE

Courts have consistently denied access to confidential information when it may be misused by competitors. The key inquiry is whether there is a risk of actual or inadvertent disclosure to persons "involved in 'competitive decisionmaking'; that is, advising on decisions about pricing or design made in light of similar or corresponding information about a competitor." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1991) (prohibiting in-house counsel from access to confidential information even after outside counsel withdrew) (punctuation and citations omitted). In such circumstances, "the risk of disclosure may outweigh the need for confidential information." *Presidio Components, Inc. v. American Technical Ceramics Corp.*, --- F.Supp.2d ---, 2008 WL 608407, * 1 (S.D. Cal. 2008).

Plaintiff's refusal to provide pre-disclosure notice would effectively prevent HP from ensuring "highly confidential" information is not disclosed to competitors. By omitting the notice procedures in section 7.4, plaintiff's proposed order would permit him to retain, for example, Michael S. Dell, the Chairman and CEO of Dell Computer Corporation as an expert, and disclose HP's confidential information to him, without so much as an opportunity for HP to object. Plaintiff cannot reasonably expect HP to disclose "highly confidential" information under these circumstances.

### B. CALIFORNIA DECISIONAL LAW SUPPORTS THE INCLUSION OF PARAGRAPH 7.4

California law is clear that a party may not provide "highly confidential" information to an expert. While parties have latitude to select experts, those experts must be sufficiently

independent to ensure confidential information is protected and to assist the trier of fact. *See, e.g.,* Fed. R. Evid. 702. In *The Beam System, Inc. v. Checkpoint Systems, Inc.*, 1997 WL 364081 (C.D. Cal. 1997), a copyright dispute over computer source code), the plaintiffs retained an expert with whom they had an ongoing business relationship. The Central District of California rebuked them for disclosure of confidential information to the expert because he lacked sufficient independence:

> [P]laintiffs and their counsel should have been well aware that any person selected by them as a consultant or testifying expert in this case, and to whom defendants software and related materials would be disclosed, was required to be "independent." The purpose of requiring independence is to minimize the risk of highly confidential materials or information to the adverse party. *Id.* at *4.

In a subsequent opinion the Central District awarded over $150,000 in sanctions against plaintiffs and their counsel, and openly criticized their assertions that they believed disclosure to the expert had been appropriate:

> It is ridiculous for plaintiffs to assert that they thought a person with whom they had an extensive and ongoing business relationship was an appropriate person to receive access to defendants' highly confidential materials pursuant to the protective order. 1997 WL 364081 at * 5.

*Beam System* makes clear that the Plaintiff in this case does not enjoy unfettered discretion in the selection of an expert witness. HP has a right to object where there is a risk of potential disclosure to competitive decision makers, and HP has a right to be given notice so that it can ensure the independence of any selected expert and protect its business interests.

### III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court approve the requirements for disclosure of highly confidential information to experts in section 7.4 of the proposed Stipulated Protective Order, and sign HP's proposed form of Protective Order (attached hereto as Exhibit "A").

Dated:                                Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: _____/s/John F. Schultz_____

3                                 Case No. 07-05793 (JW)

**DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION IN SUPPORT OF EXPERT NOTICE**

1  1-PR/1381062.5

Attorneys for HEWLETT-PACKARD COMPANY

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                                     Case No. 07-05793 (JW)

**DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION IN SUPPORT OF EXPERT NOTICE**