LEVY, RAM & OLSON
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN JOSE DIVISION)

| | |
|---|---|
| NATHAN NYGREN and STEPHEN SHIFFLETTE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>    v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>        Defendant. | CASE NO.  07-05793 JW (HRL)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO MOTION IN SUPPORT OF A NOTICE REQUIREMENT TO EXPERTS PERMITTED TO VIEW HIGHLY CONFIDENTIAL INFORMATION UNDER THE STIPULATED PROTECTIVE ORDER**<br><br>DATE:   July 1, 2008<br>TIME:   9:00 a.m.<br>PLACE:  Courtroom 2, 5th Floor<br>        [Hon. Howard R. Lloyd] |

## I.    INTRODUCTION.

HP moves to require Plaintiffs to seek HP's approval before providing to experts documents HP designates as "Highly Confidential." Citing cases between competitors, HP seeks to impose this onerous burden on Plaintiffs with no case-specific justification and without demonstrating why the agreed-to provisions are not sufficient to protect its interests. The Court's model "Stipulated Protective Order" recognizes that in "appropriate" "case-specific circumstances" the atypical procedures proposed by HP may be appropriate. *See, e.g.,* Model Stipulated Protective Order ¶¶ 7.3(b), 7.4(a). Those case-specific circumstances are absent here. The proposed provisions are unnecessary in this consumer protection case. Plaintiffs have offered to stipulate that they will not retain an expert or consultant who is an HP competitor and repeat that offer here. *See* Plaintiffs' Proposed Protective Order, ¶ 7.4, attached to this brief as Exhibit A.[1] That should suffice to protect any legitimate HP interest.

## II.    HP HAS FAILED TO MEET ITS BURDEN; THE ONLY CASES IT CITES INVOLVE LAWSUITS BETWEEN COMPETITORS AND NONE INVOLVES DISCLOSURE TO AN INDEPENDENT EXPERT.

HP bears the burden to justify each provision in its proposed protective order. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). To justify the provisions in dispute, HP must provide case-specific reasoning showing why these provisions are required to avoid harm in *this* case. *Cf. Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal quotation omitted)). It has not done so.

This case is not brought by an HP competitor. Here, Plaintiffs allege that HP has hidden from consumers an acknowledged common defect which causes the wireless capability of certain Notebook Computers to fail during their reasonably expected life.

As Plaintiffs' experts and consultants will be bound to use any confidential discovery only for purposes of this litigation (*see* Ex. A, ¶ 7.4), there is no need for HP to have advance

---

[1] Plaintiffs' only changes to the Proposed Protective Order were to ¶ 7.4.

knowledge of which experts Plaintiffs have retained, what otherwise undisclosed consultants Plaintiffs might use, and which documents Plaintiffs intend to show them in preparation of Plaintiffs' case. *Cf. Miller v. NTN Communs., Inc.*, 1998 U.S. Dist. LEXIS 13753 (S.D. Cal. July 23, 1998) (rejecting request for protective order requiring prior-notification provision because "[d]isclosure of the identity of plaintiffs' potential non-testifying experts may lessen the number of candid opinions available as well as the number of able consultants willing to discuss" the case).

The only justifications HP offers are not specific to this case. HP offers only a generalized concern that Plaintiffs would disclose its technical information to a competitor. Tellingly, the three cases HP cites all involve competitor litigation and none involves disclosure to an independent expert.

*Brown Bag Software v. Symantec*, 960 F.2d 1465 (9th Cir. 1992), was a copyright infringement case. The magistrate issued an order preventing Brown Bag's in-house counsel from directly viewing trade secret documents (source codes, development plans, and beta tester information). The order provided for Brown Bag's access only through an "independent consultant, legal or otherwise." *Id.* 460 F.2d at 1469. Here, of course, the question is disclosure to an independent consultant, which *Brown Bag* allowed even in the competitor litigation context. Similarly, *Presidio Components v. American Technical Ceramics*, 2008 U.S Dist LEXIS 16337 (S.D. Cal. 2008), involved disclosure of trade secrets to inside counsel of the defendant's corporate parent in a patent infringement case. Finally, *Beam System v. Checkpoint Systems*, 1997 U.S. Dist. LEXIS 8812 (C.D. Cal. 1997), was a copyright infringement case in which the plaintiffs provided the defendant's trade secrets to an expert with whom they had an extensive and ongoing business relationship, violating the court's order that disclosure be only to independent experts. (* 16-17.)

None of these three cases sheds any light on this consumer class action where Plaintiffs have offered not to use an expert who is an HP competitior. On the other hand, there <u>will</u> be prejudice to the Plaintiffs if they are required to disclose experts prematurely and if they are required to disclose non-testifying consultants at all. It may be appropriate to impose the expert

disclosure and approval procedures in contentious IP litigation where the "crown jewels" of competing companies' technology will be exposed, but not so in this fairly straightforward consumer class action based on HP's own knowledge of the defective wireless connectivity in HP's Notebook Computers.

Judge Ware has set a reasonable schedule for the disclosure of experts. *See* Scheduling Order [Docket No. 39], ¶¶ 4-8. Judge Ware's Scheduling Order and the provisions for disclosure of confidential information only upon adherence to the "Agreement to be Bound by the Protective Order" more than adequately protect HP's concerns.

## III.   CONCLUSION

Plaintiffs respectfully request that the Court enter the protective order proposed by Plaintiffs, which would not require the premature disclosure of designated experts or the disclosure of retained consultants.

Dated: June 26, 2008        By:        */s/ Michael F. Ram*
                                        Michael F. Ram
                                        mfr@lrolaw.com
                                        LEVY, RAM & OLSON
                                        639 Front Street, 4th Floor
                                        San Francisco, CA 94111
                                        Telephone: (415) 433-4949
                                        Facsimile: (415) 433-7311

                                        EDELSON & ASSOCIATES, LLC
                                        Marc H. Edelson (*Pro Hac Vice*)
                                        medelson@hofedlaw.com
                                        45 W. Court Street
                                        Doylestown, PA 18901
                                        Telephone: (215) 230-8043
                                        Facsimile: (215) 230-8735

                                        SPECTOR, ROSEMAN & KODROFF, P.C.
                                        Jeffrey L. Kodroff (*Pro Hac Vice*)
                                        jkodroff@srk-law.com
                                        John A. Macoretta
                                        JMacoretta@srk-law.com
                                        1818 Market Street, Suite 2500
                                        Philadelphia, PA 19103
                                        Telephone: (215) 496-0300
                                        Facsimile: (215) 496-6611

                                        *Counsel for Plaintiffs and the Class*