\* E-filed 07/01/08\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN and STEPHEN SHIFFLETTE, on behalf of themselves and all others similarly situated,<br>           Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br>           Defendant. | Case No. C07-05793-JW (HRL)<br><br>**ORDER ON DEFENDANT'S MOTION FOR A NOTICE REQUIREMENT FOR EXPERTS PERMITTED TO VIEW HIGHLY CONFIDENTIAL INFORMATION UNDER THE STIPULATED PROTECTIVE ORDER**<br><br>Re: Docket No. 48 |

**Background**

Plaintiffs in this class action seek damages and an injunction on behalf of purchasers of HP's Series 6000 and 9000 notebook computers. Allegedly, these computers have a defect that "...renders them unuseable for remote wireless internet access."

**Present Dispute**

Using the model protective order available on this court's website, the parties attempted to agree on the terms for a stipulated protective order. They agreed on all but one term. HP wants extra protection against the misuse of its HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY ("eyes only") information if disclosed to plaintiffs' experts. Plaintiffs argue that the extra protection is burdensome and unnecessary.

With respect to disclosures to experts, the parties agree:

1  That all "protected information" (which includes eyes only) shall be used "...only
2  for prosecuting, defending, or attempting to settle this litigation", and
3  That any expert who is given protected information must sign an Agreement To
4  Abide By Protective Order (and submit to this court's jurisdiction).
5  In addition, HP wants inclusion of the "optional" language from the model order that
6  requires a party wishing to give the other side's eyes only information to an expert to first
7  disclose the name and background of the expert and identify the information he is to receive.
8  This proviso is intended to head off the disclosure of sensitive information to an expert who,
9  because of who he is or who he works for, might intentionally (or, even, innocently) allow the
10 use the information to the benefit of an HP competitor.

**Legal Standard**

Upon a showing of "good cause," the Federal Rules authorize courts to " protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way."  See Fed. R. Civ. P. 26(c)(1)( G).  The party seeking a protective order has the burden of showing that the protection is warranted under Fed. R. Civ. P. 26(c).

**Discussion**

HP argues that the extra protection it seeks is a perfectly reasonable measure to avoid having sensitive information fall into the hands of a competitor who could use it to HP's detriment.  The plaintiffs, in effect, say that HP is worried about shadows.  Plaintiffs are not competitors of HP.  Indeed all of the authorities defendant cites where extra protection against disclosure of sensitive information was imposed involved parties who were business competitors.

HP has the burden of proof, and it fails to convince.  Nevertheless, the court will give defendant at least a measure of additional protection by ordering plaintiffs not to disclose HP's eyes only information to a consultant or expert who within the past five years:

2

1.  Was an employee of HP,
2.  Was an employee of a competitor of HP, or
3.  Worked as a consultant or expert witness for any HP competitor.

HP's motion is denied.

**IT IS SO ORDERED.**

Dated:  07/01/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2  Howard Holderness  hholderness @morganlewis.com
3  John F. Schultz  john.schultz@morganlewis.com
   Robert A. Particelli  rparticelli@morganlewis.com
4  Barry L. McCoy  bmccoy@morganlewis.com
5  Michael F. Ram  mfr@lrolaw.com
   Mark H. Edelson  medelson@hofedlaw.com
6  Jeffrey L. Kodroff  rroseman@srk-law.com

9  * Counsel are responsible for providing copies of this order to co-counsel.

   Dated: 07/01/08

                                        /s/ MPK
                                Chambers of Magistrate Judge Lloyd