HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

ROBERT A. PARTICELLI (PAB 82651) (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: rparticelli@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN and STEPHEN SHIFFLETTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No. 07-05793 (JW)<br><br>**DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE A STATEMENT OF RECENT DECISION** |

Pursuant to Local Rules 7-11(a) and 7-3(d), Defendant Hewlett-Packard Company ("HP") hereby moves for an order granting it leave to file a Statement of Recent Decision concerning *Clemens v. Daimler Chrysler Corporation*, C.A. No. 06 CV 56410, __ F.3d __, 2008 WL 2840662 (9th Cir. July 24, 2008) in further support of HP's Motion to Dismiss Plaintiffs' First Amended Complaint.

**PROCEDURAL BACKGROUND AND ARGUMENT**

On November 14, 2007, Plaintiff Nathan Nygren ("Nygren") filed a complaint against HP on behalf of a putative nationwide class of purchasers relating to an alleged defect in his HP notebook computer. On February 28, 2008, Plaintiff filed an Amended Complaint ("Complaint") that added a second class representative, Stephen Shifflette ("Shifflette"), and alleged that HP breached its Limited Warranty and violated the California Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA") and False Advertising Act ("FAA") by selling notebook computers with an alleged defect that causes the wireless capability in certain notebook computers to cease operating during the computer's "five-year useful life."

On March 31, 2008, HP moved to dismiss the Complaint on numerous grounds, including that:

- Plaintiff Shifflette's warranty claim is time-barred because he alleges that he did not experience any problems with the computer until after his warranty expired.

- Plaintiff Nygren's warranty claim fails because he has refused to tender his computer to HP for a repair, and his alleged reason for not doing so — that he believes the repair will fail again after the expiration of the one-year warranty but during the computer's alleged five-year "useful life" — is not legally valid.

- HP has gone beyond its contractual repair obligation by implementing a repair and warranty enhancement program for the notebook computer models purchased by Plaintiffs. Pursuant to the program, a consumer who purchased a relevant notebook computer that has exhibited certain wireless capability issues, is entitled to a free hardware repair for a period of twenty-four months from the date of purchase. Despite their eligibility, Plaintiffs did not avail themselves of the repair and warranty enhancement program.

HP also asserted that Plaintiffs' claims under the UCL, CLRA and FAA must be dismissed because, among other reasons, Plaintiffs failed to allege: (1) a misrepresentation by HP regarding the wireless capability of their computers; (2) facts supporting that HP had a legal duty to disclose that the wireless components would "prematurely" fail during the computers' "useful

lives"; and (3) assuming the existence of such a duty to disclose, specific facts establishing that HP knew that their computers' wireless capabilities would fail during the computers' "useful lives."

On June 9, 2008, the Court heard oral argument on HP's Motion to Dismiss and took the matter under submission. On July 24, 2008, the United States Court of Appeals for the Ninth Circuit issued its opinion in *Clemens v. Daimler Chrysler Corporation*, C.A. No. 06 CV 56410, __ F.3d __, 2008 WL 2840662 (9th Cir. July 24, 2008). HP contends that the Ninth Circuit's decision in *Clemens* constitutes controlling authority that is directly relevant to HP's pending Motion to Dismiss in this matter. In *Clemens*, the Ninth Circuit, in affirming the dismissal of the plaintiff's claims for breach of express warranty and violation of the UCL in a class action against DaimlerChrysler Corporation involving allegedly defective head gaskets in Dodge Neon cars, adopted many of the arguments presented by HP in its Motion to Dismiss.[1]

However, because this Court already has heard argument on HP's Motion to Dismiss, HP cannot submit the *Clemens* opinion as a Statement of Recent Decision pursuant to Local 7-3(d) without leave of Court. Consequently, HP has filed this Motion pursuant to Local Rule 7-11(a) in order to allow it to file the Ninth Circuit's opinion in *Clemens* as a Statement of Recent Decision pursuant to Local 7-3(d). Plaintiffs disagree with HP's characterization of the *Clemens* decision, and therefore, a stipulation cannot be obtained for this Motion.

Dated: August 27, 2008                Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**


By: _____/s/ Robert A. Particelli_____
         Robert A. Particelli
Attorneys for HEWLETT-PACKARD COMPANY

---

[1] HP will refrain from discussing the details of the *Clemens* decision in the event that the Court concludes that the Ninth Circuit's decision should not be considered. If the Court would like further explanation as to why HP believes the substance of the *Clemens* decision requires that it be considered, HP will gladly provide it.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**HP'S MTN FOR ADMIN. RELIEF TO FILE A STMNT. OF RECENT DECISION**    3    **07-05793 (JW)**