LEVY, RAM & OLSON
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN JOSE DIVISION)**

NATHAN NYGREN and STEPHEN SHIFFLETTE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,

Defendant.

CASE NO. 07-05793 JW (HRL)

**<u>CLASS ACTION</u>**

**PLAINTIFFS' OPPOSITION TO HEWLETT-PACKARD COMPANY'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE A STATEMENT OF RECENT DECISION**

## I. *CLEMENS* V. *DAIMLERCHRYSLER* HAS NO BEARING ON THE CONSUMER PROTECTION CLAIMS AT BAR BECAUSE HP'S AFFIRMATIVE STATEMENTS ABOUT THE PRODUCT, NOT PRESENT IN *CLEMENS*, CREATE A DUTY TO DISCLOSE IN OUR CASE.

*Clemens v. DaimlerChrysler Corp.*, 2008 U.S. App. LEXIS 15949 (9th Cir. June 24, 2008), decided over two months ago, is not on point because unlike our case it involved no affirmative representation about the specific product that failed (head gaskets in cars).

The *Clemens* holding concerning the Unfair Competition Law is based primarily on *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2006) and *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255 (2006). Neither of these involved an affirmative statement about the product. In *Daugherty* the plaintiffs failed to allege that Honda made any statement about the suspect oil seals. 144 Cal. App. 4th at 835. In *Bardin v. DaimlerChrysler Corp*., 136 Cal. App. 4th 1255 (2006), the "complaint did not allege a single affirmative representation by [DaimlerChrysler] regarding the exhaust manifolds." 136 Cal. App. 4th at 1276.

Similarly, in *Clemens*, DaimlerChrysler made no representation about its head gaskets. Here, in stark contrast, Plaintiffs have identified HP's representations about the wireless function of its laptops. (Opp. to Motion to Dismiss, Docket No. 42, pp. 3, 14). These statements created a duty to disclose the widespread problems with the wireless function.

## II. *CLEMENS* HAS NO BEARING ON THE EXPRESS WARRANTY CLAIM AT BAR BECAUSE THAT CLAIM IS BASED ON EXPRESS REPRESENTATIONS ENTIRELY SEPARATE FROM THE LIMITED WARRANTY DOCUMENT.

Because Plaintiffs allege breach of warranty based on representations that HP made entirely separate from the Limited Warranty document, the Complaint properly states an express warranty claim under *Brothers v. Hewlett-Packard Co.*, 2007 U.S. Dist. LEXIS 13155 (N.D. Cal. 2007). *Clemens* did not involve such representations and does not address this point at all.

Dated: August 28, 2008 By: ***/s/ Michael F. Ram***

Michael F. Ram
mfr@lrolaw.com
LEVY, RAM & OLSON
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson (*Pro Hac Vice*)
medelson@hofedlaw.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN & KODROFF, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srk-law.com
John A. Macoretta
JMacoretta@srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiffs and the Class*

F:\Docs\1113-01\Pleadings\opp to HP AdminRelief2.doc