LEVY, RAM & OLSON
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson (*Pro Hac Vice*)
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE DIVISION)

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO.  07-05793 JW<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

1    Plaintiffs Nathan Nygren, Stephen Shifflette and Amy Fromkin ("Plaintiffs"),

2    individually and on behalf of the Class and Subclasses defined below, bring this action for

3    damages, restitution and injunctive relief against defendant, Hewlett-Packard Company ("HP" or

4    "Defendant"), demanding a trial by jury, and complain and allege as follows:

5                              **I.  INTRODUCTION**

6        1.      Defendant Hewlett-Packard Company, one of the world's leading manufacturers

7    of computers, knowingly sold its Pavilion notebook computers, Series 6000 and 9000 and

8    Presario Series 6000, also known as the DV 6000, V6000 and DV 9000 notebooks (referred to

9    collectively as "HP Notebook Computers") with defective and malfunctioning wireless access

10   features, including a heat cycling design that interferes with wireless access and causes the

11   wireless feature to fail.

12       2.      This lawsuit is brought on behalf of consumers who relied on HP's representations

13   that its HP Notebook Computers would have wireless access, and seeks compensation for HP's

14   deceptive practices.

15                      **II.  JURISDICTION AND VENUE**

16       3.      This Court has jurisdiction over this action pursuant to the Class Action Fairness

17   Act, and particularly, 28 U.S.C. § 1332(d)(2), as the matter in controversy exceeds $5,000,000.00

18   and this is a class action in which some members of the class of plaintiffs are citizens of a state

19   that is different from the principal place of business of Defendant.

20       4.      Venue is proper in this District, and in particular the San Jose Division, under 15

21   U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391(b) and (c), because HP maintains its headquarters,

22   transacts business, maintains offices, or is otherwise found within this District; and the

23   Defendant's unlawful acts giving rise to Plaintiffs' claims occurred, and a substantial portion of

24   the affected trade and commerce described below has been carried out in this District.  See also

25   Exhibit A to this Complaint.

26

27

28

---

1

### III.  THE PARTIES

2

    **A.**    **Plaintiffs**

3

    5.    Plaintiff Nathan Nygren, an individual, is a resident of Wisconsin.  He purchased

4 his HP notebook computer, an HP Pavilion DV6110US Notebook, for personal, family or

5 household use on January 14, 2007.  He reasonably expected that the wireless features would last

6 five years without material failure.  On or about September 14, 2007, the wireless feature failed

7 on Plaintiff Nygren's computer.  To attempt to remedy the issue he undertook a variety of steps

8 suggested by HP's technical support group, none of which solved the problem.  HP then sent him

9 a new wireless card.  Installation of the new wireless card did not solve the problem either.  HP

10 has refused Plaintiff's request to refund his purchase price or replace his notebook computer with

11 one without the design defect that affects the wireless access and other related aspects of the

12 computers.

13

    6.    Plaintiff Stephen Shifflette, an individual, is a resident of Goochland County,

14 Virginia.  He purchased an HP6140US, serial number CCNF640102T, for personal, family, or

15 household use in October 2006 at a CompUSA store.  He reasonably expected that the wireless

16 features would last five years without material failure.  On or about December 17, 2007, the

17 wireless capabilities on the computer began to malfunction.  Plaintiff Shifflette bought an

18 external wireless device to enable his computer to connect to wireless networks but it did not

19 work.  Plaintiff Shifflette visited HP's website and contacted HP support personnel, spending

20 hours unsuccessfully attempting to remedy the problem.  HP has not refunded his purchase price

21 or replaced his Notebook Computer with one without the design defect that affects the wireless

22 access and other related aspects of the computer.

23

    7.    Plaintiff Amy Fromkin, an individual, is a resident of Broward County, Florida.

24 She purchased an HP DV6000 Notebook Computer, serial number CNF72759W1, for personal,

25 family, or household use, on August 6, 2007 at Circuit City in Pembroke Pines, Florida.  She

26 reasonably expected that the wireless feature would last five years without material failure.

27 Within a year of purchase, the computer's battery was not accepting a charge. The computer said

28 "plugged in not charging."  She called for warranty service, packed up the computer and sent it

---

in.  HP sent it back to her with a new battery.  After HP returned the computer, still within a year of purchase, the wireless connection malfunctioned and failed.  The computer did not maintain its wireless connection to her wireless router, even though she was in the same room as the router, and her mother's Dell computer in the same room remained consistently connected wirelessly to the router.  Ms. Fromkin's computer would not connect to the wireless signal and she therefore could not connect to the Internet.  To attempt to fix the problem, she bought a new D-Link router.  The new router did not fix the wireless problem so she called HP support and spent a long time troubleshooting the unit. They reset the router, added and deleted the device in the control panel, and re-booted the computer.  The wireless problem was still not fixed.  She arranged for HP to send a warranty return box, and the support person said he thought they needed to replace the motherboard.  She sent the computer to HP and it came back with a note saying HP had installed a new BIOS.  After a short period of time, and still within the warranty period, the same wireless problems recurred.  Again, Ms. Fromkin returned the computer to HP in a warranty return box.  This time it came back with a note saying HP could not find anything wrong with it.  Despite HP's claim that it could not detect the problem, Ms. Fromkin continues to experience failures and malfunctioning of the wireless feature as described above.  HP has not refunded her purchase price or replaced her Notebook Computer with one without the design defect that affects the wireless access and other related aspects of the computer.

**B.     Defendant Hewlett-Packard Company**

8.     Defendant Hewlett-Packard Company is a publicly traded corporation with worldwide corporate headquarters in Palo Alto, California.

**IV.  CLASS ACTION ALLEGATIONS**

9.     Plaintiffs bring this action on behalf of themselves, and, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following Class and Consumer Subclass and Warranty Subclass ("class or classes"):

**Class**

> **All persons and entities who since January 1, 2007 purchased or leased HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers.  Excluded from the**

1

**Class are (1) employees of the defendant, including its officers or directors; and (2) defendant's affiliates, subsidiaries, or co-conspirators.**

2

3

**Consumer Subclass**

4

**All Class members who purchased or leased for personal, family or household purposes, HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers.**

5

6

7

**Warranty Subclass**

8

**All Class members whose HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers, experienced failure of wireless capability within a year of purchase.**

9

10

11   10.   Class members are sufficiently numerous and geographically dispersed throughout

12   the United States that joinder of all Class members is impracticable.  Information as to the

13   identity of the Class members can be determined from records maintained by the Defendant and

14   its agents. Fed.R.Civ.P.23(a)(3).

15   11.   Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other

16   Class members and, by asserting their claims, Plaintiffs will also advance the claims of all

17   members of the Class who were damaged by the same wrongful conduct of HP.  The relief

18   sought is common to the Class.  Fed.R.Civ.P. 23(a)(3).

19   12.   The common legal and factual questions which do not vary from Class member to

20   Class member and which may be determined without reference to individual circumstances of

21   any Class member include, but are not limited to, the following:

22   a.   Whether the HP Notebook Computers suffer from a common defect that

23   causes the wireless capability to fail during its reasonable expected life, including, often, in the

24   first year of purchase;

25   b.   Whether Defendant has undertaken a common business practice of

26   knowingly selling to the public HP Notebook Computers with a design defect that would cause

27   the wireless capability to fail and harm other aspects of the computer as well;

28

c.  Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

d.  Whether HP's representations that its notebook computers have wireless capability are material to a reasonable consumer;

e.  Whether Defendant's material misrepresentations constitute unfair competition and unfair, deceptive, untrue or misleading advertising;

f.  Whether Defendant failed to disclose material facts about the HP Notebook Computers that it was obligated to disclose;

g.  Whether Defendant's statements about the wireless capabilities of its Notebook Computer created express warranties with Plaintiffs and the Warranty Subclass that Defendant breached;

h.  Whether Class members are entitled to monetary recovery including punitive damages, restitution, and injunctive relief, and the proper measure, nature and extent of such relief; and

13.  These common questions and others predominate over questions, if any, that affect only individual members of the Class.  Fed.R.Civ.P.23(a)(3)

14.  Plaintiffs and their counsel will fairly and adequately represent the interests of the Classes in that Plaintiffs are typical purchasers of HP Notebook Computers.  There is no material conflict with any other member of the Classes that would make class certification inappropriate. Plaintiffs have retained attorneys experienced in the prosecution of consumer class actions and Plaintiffs intend to prosecute this action vigorously. Fed.R.Civ.P.23(a)(3)

15.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties,

conserves the resources of the parties and of the court system, and protects the rights of each

Class member.  Fed.R.Civ.P.23(a)(3)

16.     Prosecution of separate actions by individual Class members would create the risk

of inconsistent or varying adjudications, establishing incompatible standards of conduct for the

Defendant and would magnify the delay and expense to all parties and to the court system

resulting from multiple trials of the same complex factual issues.  Fed.R.Civ.P.23(a)(3)

17.     Injunctive relief is appropriate as to the Class as a whole because Defendant has

acted or refused to act on grounds generally applicable to the Class.  Fed.R.Civ.P.23(a)(3)

18.     Whatever difficulties may exist in the management of the class action will be

greatly outweighed by the benefits of the class action procedure, including, but not limited to,

providing Class members with a method for the redress of claims that may not otherwise warrant

individual litigation.

## V.   FACTUAL ALLEGATIONS

19.     Notebook computers, as opposed to desktop computers, are designed for mobility

and convenience.  One of the primary uses of a notebook computer is for remote access to the

Internet using a wireless connection.  A reasonable consumer expects that HP Notebook

Computers will have reliable wireless access for five years, and does not expect that HP

Notebook Computers will come with a serious and common design defect that will frequently

cause wireless capability to fail before that expected lifetime, often within the first year, as well

as harming other related aspects of the computers, such as the battery.

20.     The HP Notebook Computers suffer from a common defect that causes a

substantial number of these HP Notebook Computers' wireless capability to fail within the first

five years, including during the first year of use, rendering these computers unable to connect

remotely with the Internet.  The fix that HP offers through the extension of its warranty does not

adequately remedy the heat cycling design defect that causes the wireless failure and other related

problems, including shortened battery life.

21.     Plaintiffs are informed and believe that HP was aware of the design defect before Plaintiffs purchased their HP Notebook Computers.  On or about October 22, 2007, posted an entry on HP Total Care website:

> Hi, it's Anna from HP Total Care,
>
> I'm sorry some of you are having trouble with your wireless WLAN not detecting your wireless network and not displaying in your device manager.  The issue appears to affecting AMD based DV 6000, V6000, and DV 9000 notebooks running Microsoft Windows Vista.  We've got a BIOS update and some instructions on getting this resolved.  If the BIOS update does not resolve the issue, please contact HP support and we will facilitate a repair.

22.     The BIOS update was not effective and class members were without recourse as the eighty-four (84) pages of customer complaints attest to on an HP forum website (as of November 12, 2007).  See http://forums1.itrc.hp.com/service/forums/bizsupport/questionanswer.do?threadID=11364.  Nor is the issue limited to HP Notebook Computers running Microsoft Windows Vista.  The customer complaints identify manifestations of the defect that occur on HP Notebook Computers running Microsoft Windows XP and XP Professional.  The customer complaints describe situations where the defect manifested itself before the release of Microsoft Windows Vista.

23.     On or about November 3, 2007, HP posted another entry on HP's Total Care Website.

> The reason for the BIOS fix is that the internal WLAN card may not work because the signal amplitude on the internal bus to the chipset is too low.  As a result, the wireless card and the motherboard cannot communicate.  By downloading Softpaq 36551, it is possible to boost the amplitude of the signals on this bus and thereby solve some WLAN issues.
>
> Here is the link:  ftp://ftp.compaq.com/pub/softpaq/sp36501-37000/sp36551.exe
>
> If the issue does not stem from low amplitude, it could also be an issue between the system board and the wireless card as some have pointed out on this board.  That said, it is unlikely that replacing the wireless card will solve the issue, so please do not do this.  Historically it is more likely that a system board issue would cause this type of problem, than an issue with the wireless card.  So, if Softpaq 36551 doesn't help, the next step is to call 800-HP-Invent for additional help.

As mentioned earlier HP is working around the clock on this issue. Engineers are reading the posts and have actually printed them out to bring them into meetings to discuss them. So, please keep posting your feedback with as much detail as possible.

24.     Examples of class members' problems as reflected in the customer complaints are as follows:

a.     Rai Lynn Nov 5, 2007:

well I just got the new wireless card delivered and as expected it din't [sic] solve the problem.
        The link for the BIOS is corrupted (well at least that how it appears to me after I have finished downloading it).
I guess whats left now is back up my data (AGAIN!) And send it back. Just in case:
        Pavilion dv9205us
        AMD turion 64x2
        Nvidia Geforce Go 6150

b.     Gary Swain Nov 6, 2007:

I have a V3015NR with the AMD. My wireless is gone as well. I just got off the phone with tech Support and was told that since my warranty expired 3 weeks ago, I am on my own. They wanted to sign me up for phone support for $99 a year, but that would not cover fixing the WLAN problem that so many are experiencing. Has anyone else encountered this problem? If so, what has been said or done? This is an obvious problem that HP recognizes and should address regardless to length of warranty coverage. Could this be a recall issue? I have tried everything from flashing the BOIS to reloading the drivers for the broadcom. I did manage to get the WIFI back up after removing the chipset and re-booting. I then put the chipset back in and re-booted in SAFE Mode. At the time, the chipset was found and installed. I then rebooted in normal mode and it worked until it went to sleep at which point, the WLAN disappeared from the system. Like all others, nothing in the device manager even though under system info, it's listed. This is my travel laptop and is used everyday for work. It needs to be fixed regardless of warranty.

c.     Clair Jordan Nov 8, 2007:

        Hi everyone,

Add me in to you [sic] list. I have a Pavillion dv6000 [sic]. Got it in Feb. My wireless went down in September. First HP said they would send me a new card. Then they said that I would have to send it in. Did that and got it back within a week and it worked great for about a month. Then I started having a problem with what I thought was my graphics/video card. After a week of trying to install new drivers and trying to unsuccessfully back up my laptop it will now not boot up at all. Tried draining out all the power, removing battery etc. no luck. So now it is on its way back to HP.

Get this, I asked them if I could buy an extended warranty and they said they would not well me one cause my laptop had broken twice!!! I am so mad.

Hope we can escalate this further

d.    Thomas C. Perconti Nov 9, 2007:

Dv9000ct owner (purchased in Jan 07) here experiencing the same problem since June/July 07 timeframe [sic]. The wifi adapter occasionally wakes up when coming out of suspend but that is pretty infrequent. I ended up purchasing a LinkSys USB wifi adapter (my expressCard slot is taken up by the HP TV Tuner card).
I heavily rely on my notebook and cannot afford to be without it for weeks while the system is sent out for repair, or HP were to send an identical replacement system and allow us to swap the drives, that would go a long way in minimizing the inconvenience. I am not pleased with the manner in which HP had been dragging their feet on this issue when it is painfully obvious that it is a pretty widespread problem.
I DIDN'T expect it from HP. I guess that I'm just an old IT warhorse that still remembers the world-class products, service and support that the HP name implied.

...hangining [sic] in there keeping hope alive...

e.    TL Fin Nov 9, 2007:

HP dv6105us. Purchased mid October 2006. Wireless stopped working on the beginning of August 2007.
Since the 2nd of August, I've spent hours on the phone with support, with about 6 people. Ran all the 'fixes' with the first support person, no fix. Have gotten contradictory information from each person since.
I purchased a 2wire box in order to use this HP laptop. My old computer does not work with this system, so I have no back up....anyway.
Gave up & decided to send the compter [sic] back to HP. As of the 1st of this month, November, I have been expecting a shipping box, but it has not arrived. Now it is having difficulty starting, takes up to 20 minutes to get it going & my warranty is up. Is HP stalling on purpose?
Really, at this point, I'd like my money back! Or send me a new computer and I'll send this lemon back, ok, Jim? Please!

25.    HP has failed to offer Plaintiffs and class members an adequate fix of the wireless capability problem.  After Plaintiff Nathan Nygren repeatedly complained to HP and filed this action, HP extended its one-year limited warranty for an additional year to address "certain issues with the HP dv6000, dv9000 and Compaq v6000."  On or about November 15, 2007, HP posted on its website, HP.com, a program with an extension of its limited warranty for some but not all HP Notebook Computers.  The announcement included wireless failures among a list of other

failure symptoms for which HP agreed to extend its limited warranty from a period of one year to two years from purchase. Plaintiffs are informed and believe that HP did not offer this limited warranty extension to all class members. In addition, it did not address manifestations of the defect that occur more than two years after purchase of the notebook computer, with the exception of parts replaced as part of any warranty repair, for which HP provided a 90-day limited warranty from the time of replacement. The limited warranty extension is not an appropriate or adequate remedy for HP's defective computers and Plaintiffs are informed and believe that HP still has not provided an adequate fix of the heat cycling design problems for those customers who return their Notebook Computers under the warranty extension. Among other things, the wireless capability still does not work reliably and the battery's life is dramatically shortened by a still defective heat cycling design.

Here are some recent illustrative Internet postings by class members who continue to experience wireless problems:

**Wayne Sallee**
Jun 13, 2008 13:21:15 GMT    Unassigned

I sent my laptop in on 2008-04-23

It is now 2008-06-13 already having wireless problems. It's not disappearing from the device manager yet, but it sometimes will be turned off when I turn the computer on, and I have to click on the icon and turn it back on.

The bios version is 3.E. I've got all of the other bios versions on my computer but don't have that one. I can't find the download for it on HP. Anybody remember where that version can be downloaded?

Wayne Sallee

**Joe Redding**
Jun 30, 2008 22:42:57 GMT    Unassigned

I'm on my third major repair for this garbage laptop.

This time the service center lied about the repair they did.

The listed repairs were

replaced:

system board
battery

heatsink fan
hard drive

When I turned the laptop on I got literally the same thing I sent it out with.

All of my settings are still there.

If they really replaced the motherboard why am I looking at the exact same desktop wallpaper I sent the laptop out with?

So basically they deliberately lied.

This is strike four already. At what point does this company hold themselves accountable for their horrible product? The hard drive they replaced was the secondary hard drive that didn't even have any issues.

The put a BLATANTLY used battery in this thing that isn't lasting anywhere near as long as a replaced battery should. Its literally faded to the point of being grey instead of black like it's supposed to be.

Not to mention the other problem it went in for, ac adapter failure, hasn't even been fixed.

$1500 + paperweight.

**Ruslan Galiev**
Aug 14, 2008 19:01:50 GMT    Unassigned

This is my second post sense feb 26 08, i sent my hp dv6646us to hp with the wifi problem. It came back in 3 days, they changed the mother boadr and thermal pad, ok. Wifi worked 3 days then stoped working again, same exact way and the hard drive failed. Sent it to hp 8 days later i just got it, replaced the mother board, hdd, lan card and thermal pad. It works for now but i left it on connected to the internet it went to sleep or the hibernate, came back 20 min later wifi is gone, the windows is popping up every 5-10 seconds and switches wireless on and off. Restart it so it works at the moment, ill give 3-5 days before it will break again. Will post the updates later.

**Sheikh Hamid**
Aug 17, 2008 00:26:39 GMT    Unassigned

My V6133 is going in for repairs next week. Having a quick look at the earlier post it seems the new motherboard sometimes does not fix the problem. Is it possible to get a refund if it reoccurs?

**Wayne Sallee**
Aug 18, 2008 01:03:45 GMT    Unassigned

@ sheikh hamid
You say that some of the replacement motherboards have not worked, but actually, nobody has had a replacement board last any length of time.

As for your 3rd situation, HP has a policy that after 3 strickes of the same problem you get a new computer. So tell that this is the third time of the

same problem and that you want a new laptop with Intell instead of AMD.

Wayne Sallee

**hpmcs**
Aug 26, 2008 06:52:51 GMT   Unassigned

Add me to the list. Started out with no wifi. Sent it in to HP for repairs and within two weeks it was having problems again. Now it wont charge the battery and wont run on ac power without the batter in and charged. I can get the battery to slooooooowly charge by leaving it pluged in and turned off, it will then run for short periods of time but quickly drains what little battery power there is.

**Gary Swain**
Sep 30, 2008 01:13:28 GMT   Unassigned

My machine is sitting in Houston with a return date of Oct 25th. I sent the machine back for it's SECOND motherboard on September 18th. I was on hold for 1 HOUR and 37 MINUTES without anyone answering tonight to inquire as to why HP has to have my computer for 6 WEEKS! I use my machine for work and I am now forced to buy a new machine so I can work!

**Julie Gwynn**
Oct 14, 2008 14:08:19 GMT   Unassigned

I too have a HP laptop bought in January 2007 on which the wireless has failed. I have been in correspondence with HP and find it totally unacceptable that they are unable to help the many people who are experiencing these problems (my serial number is not listed as being eligible for free repair).
I think that there is a lot of evidence to show that this is a widespread problem and HP should be making more effort to repir [sic] the problem on ALL affected computers.

## VI.  FIRST CAUSE OF ACTION
### (Violations of California Business & Professions Code § 17500 *et seq.*)

26.   Plaintiffs incorporate and reallege all of the foregoing paragraphs.

27.   Defendant's misleading advertising of the wireless capability of their Notebook Computers constitutes misleading advertising under California Business & Professions Code § 17500 (the "False Advertisement Law").  The HP Pavilion notebook PC checklist available on the Internet states: "HP Pavilion notebooks come with a wireless LAN for complete mobility." The HP Presario notebook PC checklist available on the internet similarly states:  "Compaq

1   Presario notebooks come with wireless LAN for complete mobility."  The product specifications

2   for the HP Pavilion dv6110us state:

3       **"Wireless Connectivity**     802.11b/g WLAN"

4       "**Security and Support:**

5       **…**

6       Wireless Home Network"

7   Plaintiffs are informed and believe that these statements appear in most if not all product

8   specifications for the HP Notebook Computers.  For example, the  Maintenance and Service

9   Guide Presario V6000 Notebook PC, Document Part Number: 416630-003 provides at page 10:

10  "Integrated wireless support for Mini Card IEEE 802.11b and 802.11b/g WLAN device."  In fact,

11  as a result of a defective heat cycling design, many HP Notebook Computers lose any ability to

12  make wireless connections.  Therefore, the advertisements are materially misleading and misled

13  Plaintiffs and the class members who relied on them and/or similar statements by HP that their

14  Notebook Computers had a wireless function.

15      28.     Plaintiffs saw or heard the HP statements alleged in paragraph 27 and/or

16  substantially equivalent statements in HP's advertising stating explicitly or implicitly that HP

17  Notebook Computers would provide wireless access.  Plaintiffs relied upon these HP statements.

18  These statements were material to Plaintiffs and caused them to purchase their HP Notebook

19  Computers.  Had Plaintiffs known that these statements were untrue, they would not have

20  purchased the computers.  At all relevant times HP failed to disclose that its HP Notebook

21  Computers suffered from a design defect that caused these computers to prematurely lose their

22  wireless capabilities, to meet these product specifications, and to function as described.  These

23  advertisements and practices have deceived Plaintiffs, and are likely to deceive the consuming

24  public, in violation of § 17500.

25      29.     Defendant's misleading advertisements have injured Plaintiffs, the Class, and the

26  public.

27

28

30.     Plaintiffs and the Class are entitled to relief, including full restitution of all revenues obtained by Defendant from Plaintiffs and the Class as a result of such misleading advertisements, and enjoining Defendant to cease and desist from its misleading advertising.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VII.  SECOND CAUSE OF ACTION
**(Violations of Business & Professions Code § 17200 *et seq*. - - Unfair Business Practices)**

31.     Plaintiffs incorporate and reallege all of the foregoing paragraphs.

32.     Defendant has engaged in unfair competition within the meaning of California Business & Professions Code § 17200 *et seq.* because Defendant's conduct alleged above is unfair.

33.     Defendant's conduct constitutes an unfair business practice because Defendant is marketing and selling its Notebook Computers in a manner likely to deceive the public, and Plaintiffs relied on Defendant's representations and omissions and were deceived and have suffered actual harm as a result.

34.     Defendant's business practices are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers in that consumers are led to believe that HP notebook computers can be reliably used for wireless service when they cannot.  In addition, when Plaintiffs and class members report problems with their wireless service HP fails to provide an adequate fix.  That is, HP fails to provide consumers with a reliable computer without the design defects that impair the wireless functions and other related aspects of the computers including the battery.

35.     Plaintiffs have suffered a loss of money and property as a result of the wrongful conduct here alleged.  Defendant's unfair business practices have caused injury to Plaintiffs, the Class, and the public.

36.     Plaintiffs and the Class are entitled to relief, including full restitution of all revenues obtained by Defendant from Plaintiffs and the Class as a result of such business acts or

practices, and an injunction that Defendant cease and desist from engaging in the unfair practices alleged above.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VIII.   THIRD CAUSE OF ACTION
### (Violation of Business & Professions Code § 17200 --
### Unlawful Business Practice)

37.     Plaintiffs incorporate and reallege all of the foregoing paragraphs.

38.     Defendant has engaged in an unlawful business practice within the meaning of California Business & Professions Code § 17200 *et seq.* because Defendant's conduct violates the California False Advertising Law, the California Consumers Legal Remedies Act and the warranties created by HP's representation concerning the wireless function of its Notebook Computers.

39.     Defendant's unlawful business acts constituted, and constitute, a continuing course of conduct of illegal business practices because Defendant is selling its products and marketing them in a manner that is likely to deceive the public, and Plaintiffs, who relied on HP's representations alleged in paragraph 27 and have suffered actual harm as a result.

40.     Plaintiffs have suffered a loss of money and property as a result of the wrongful conduct here alleged.  Defendant's unlawful business practices have caused injury to Plaintiffs, the Class, and the public.

41.     Plaintiffs and the Class are entitled to relief, including full restitution of all revenues obtained by Defendant from Plaintiffs and the Class as a result of such business acts or practices, and an injunction that Defendant cease and desist from engaging in the unlawful practices alleged above.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## IX.  FOURTH CAUSE OF ACTION
### (Violation of Business & Professions Code § 17200 - - Fraudulent Conduct)

42.     Plaintiffs incorporate and reallege all of the foregoing paragraphs.

43.     Defendant has engaged in fraudulent conduct within the meaning of California Business & Professions Code § 17200 *et seq.*

44.     Defendant's wrongful business acts constituted, and constitute, a continuing course of fraudulent conduct because Defendant is selling its products and marketing them in a manner that is likely to deceive the public, and Plaintiffs relied on Defendant's misrepresentation and have suffered actual harm as a result.

45.     Plaintiffs are informed and believe that Defendant knew that its representations regarding the HP Notebook Computers wireless capabilities were false.

46.     Plaintiffs relied on Defendant's misrepresentation and suffered a loss of money and property as a result of Defendant's fraudulent conduct.  Defendant's fraudulent practices have caused injury to Plaintiffs, the Class, and the public.

47.     Plaintiffs and the Class are entitled to relief, including full restitution of all revenues obtained by Defendant from Plaintiffs and the Class as a result of such fraudulent practices, and an injunction that Defendant cease and desist from engaging in the practices here described.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## X.  FIFTH CAUSE OF ACTION
### (Breach of Express Warranty)
### (Plaintiffs Nygren and Fromkin for Warranty Subclass)

48.     Plaintiffs incorporate and reallege all of the foregoing paragraphs.

49.     In paragraph 27 above, HP warranted that "HP Pavilion notebooks come with a wireless LAN for complete mobility" and that "Compaq Presario notebooks come with wireless LAN for complete mobility."  The product specifications and manuals state that the HP Notebook Computers have wireless connectivity.  These statements alleged in paragraph 27 created an express warranty.  Plaintiffs' breach of express warranty claim is not based on the Limited Warranty document that accompanied the Notebook Computers but on the statements alleged in paragraph 27 above.

50.     Plaintiffs Nygren and Fromkin and the Warranty Subclass have performed all conditions, covenants and promises required to be performed on their part in accordance with these warranties.  Plaintiffs relied on the representations in paragraph 27 that created the express warranty and were damaged when they proved untrue.

51.     As consumers, Plaintiffs and the Class are relieved of any notice requirement, and HP, who has superior knowledge of its technology, should be estopped from asserting lack of notice as a defense.  Plaintiffs also provided sufficient notice to HP pursuant to the California Consumers Legal Remedies Act as alleged in paragraph 65 below and that notice should suffice under the law of warranty as well.

52.     At all relevant times, HP knew of the problems with the wireless capabilities of the HP Notebook Computers.  Therefore, notification to HP would serve no purpose, and for this reason, HP should be estopped from asserting lack of notice as a defense.

53.     HP was a remote seller and Plaintiffs did not deal directly with HP but HP's representations created express warranties that ran to Plaintiffs Nygren and Fromkin and the Warranty Subclass.

54.     Defendant has breached the warranty obligations by failing to provide an adequate fix when the wireless capabilities of Plaintiffs' and class members' HP Notebook Computers prematurely failed.  Instead, the remedy that HP provides still leaves consumers with a computer that  suffers from a heat cycling design defect that adversely affects the wireless capability, the battery and other aspects of the computer.

55.     Defendant has breached the warranties by undertaking the wrongful acts alleged above.

56.     Plaintiffs relied on Defendant's representations alleged in paragraph 27 that created the express warranty.  Defendant's breach of the warranty was a substantial factor in causing Plaintiffs and the Class to suffer damage.

WHEREFORE, Plaintiffs Nygren, Fromkin and the Warranty Subclass pray for relief as set forth below.

### XI.  SIXTH CAUSE OF ACTION
#### (Violation of California Civil Code § 1750 *et seq.*)
#### (for Consumer Subclass)

57.     Plaintiffs incorporate and reallege all of the foregoing paragraphs.

58.     The California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA") was designed and enacted to protect consumers from unfair and deceptive

1    business practices.  To this end, the CLRA sets forth a list of unfair and deceptive acts and

2    practices in Civil Code § 1770.

3         59.    The CLRA applies to Defendant's conduct as it was intended to result and did

4    result in the sale or lease of goods or services for personal, family or household use.

5         60.    At all relevant times, Plaintiffs and members of the Consumer Subclass were

6    "consumers" as that term is defined in Civil Code Section 1761(d).

7         61.    The transactions from which this action arises include transactions involving the

8    sale or lease of goods or services for personal, family or household purposes within the meaning

9    of Civil Code Section 1761.

10        62.    Defendant's practices in connection with the marketing and sale of its HP

11   Notebook Computers violate the CLRA in at least the following respects:

12             a.    In violation of Section 1770(a)(5), Defendant has represented that the  HP

13   Notebook Computers have characteristics that they do not have;

14             b.    In violation of Section 1770(a)(9), Defendant has advertised the  HP

15   Notebook Computers with an intent not to sell them as advertised.

16        63.    Defendant made the material misrepresentations alleged in Paragraph 27 above

17   and Plaintiffs relied on them.  These affirmative statements about the wireless capabilities of HP

18   Notebook Computers created a duty to disclose that the computer has a design defect that affects

19   the wireless capability and that HP has no adequate fix for this important design defect.  The

20   clear message of HP's representations was that its Notebook Computers had a reasonably reliable

21   wireless capability, not just a defective one.  Defendant's failure to disclose and knowing

22   concealment that the  HP Notebook Computers had defective wireless capabilities are omissions

23   and concealments of material fact that constitute unfair and/or deceptive business practices in

24   violation of Civil Code Section 1770(a).

25        64.    Defendant's violations of Civil Code Section 1770 present a continuing threat to

26   members of the public in that Defendant is continuing to engage in the practices alleged above.

27        65.    Plaintiffs have provided defendant with notice of its alleged violations of the

28   CLRA pursuant to Civil Code section 1782(a).  HP failed to provide appropriate relief for its

violation of the CLRA within 30 days of the date of the notification letter.  Accordingly, Plaintiffs seek actual, statutory and punitive damages, in addition to equitable and injunctive relief.

WHEREFORE, Plaintiffs and the Consumer Subclass pray for relief as set forth below.

## XII.  PRAYER FOR RELIEF

1.      Certification of the proposed Class and Subclasses;

2.      Restitution;

3.      An injunction that Defendant cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

4.      Compensatory damages;

5.      Statutory damages;

6.      Prejudgment interest;

7.      Costs and expenses;

8.      Reasonable attorneys fees; and

9.      All such other and further relief as the Court deems just and proper.

Dated: November 24, 2008                    LEVY, RAM & OLSON

By:      ___*/s/ Michael F. Ram*___
Michael F. Ram
mfr@lrolaw.com
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

/ / /

/ / /

SPECTOR, ROSEMAN KODROFF
   & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
*Counsel for Plaintiffs and the Class*

## XIII.  JURY DEMAND

Plaintiffs on behalf of themselves and all others similarly situated hereby request a jury trial on the claims so triable.

Dated: November 24, 2008          LEVY, RAM & OLSON

By:        ___*/s/ Michael F. Ram*___
                                   Michael F. Ram
                                   mfr@lrolaw.com
                                   639 Front Street, 4th Floor
                                   San Francisco, CA 94111
                                   Telephone: (415) 433-4949
                                   Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN KODROFF
   & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
*Counsel for Plaintiffs and the Class*

1

2   F:\Docs\1113-01\Pleadings\Complaint 2nd amend.doc

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28