**\*\* E-filed February 8, 2010 \*\***

HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com
KRISTOFOR T. HENNING (PAB 85047)
(*Pro Hac Vice application forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

MICHAEL F. RAM (SBN 104805)
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.433.4949
Facsimile: 415.433.7311
E-mail: mram@ramolson.com

MARC H. EDELSON
(*Pro Hac Vice*)
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215.230.8043
Facsimile: 215.230.8735
E-mail: medelson@edelson-law.com

JEFFREY L. KODROFF
JOHN A. MACORETTA
(*Pro Hac Vice*)
SPECTOR, ROSEMAN, KODROFF, & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Facsimile: 215.496.6611
E-mail: jkodroff@srkw-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>        Defendant. | Case No. 07-05793 (JW)<br><br>**STIPULATED REQUEST FOR ORDER AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**<br><br>Action filed:   November 14, 2007<br>Trial:              October 5, 2010 |

IT IS HEREBY ORDERED that the following Stipulation and Order ("Order") shall govern expert discovery in this litigation:

1. In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, the parties have agreed to certain limitations on the scope of expert-related discovery. Neither the terms of the Order nor the parties' agreement to them implies that any of the information restricted from discovery in this Order would otherwise be discoverable. This Stipulation and Order represents the entire agreement between the parties relating to expert discovery and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written by a party or such party's legal counsel, are merged herein.

2. Without expanding the scope of otherwise discoverable information, the following categories of documents, data and information need not be disclosed by any party and are outside the scope of permissible expert discovery for any time during the pendency of the above-captioned litigation, including any time prior to the entry of this Order:

    (a) any written or oral communications (including notes, emails and/or memoranda memorializing the same) between or among: (1) expert witnesses and counsel relating to the testimony of the expert and/or the drafting and/or preparation of any reports, except as provided in ¶ 4; and/or (2) expert witnesses and their respective staffs relating to the testimony of the expert and/or the drafting and/or preparation of any reports, except as provided in ¶ 4; and

    (b) any notes, draft reports, draft studies, draft work papers or other preliminary calculations, computations, data runs or work prepared by, for, or at the direction of an expert witness

3. As a result of this Order, the parties and the experts do not have any obligation to retain any of the materials identified in paragraph 2.

4. The protections against discovery contained in paragraph 2 above will not apply to any communications, documents, data, statistical analyses, notes, computations, data runs, tests or work or other information upon which an expert witness relies for any of his or her opinion(s) in this matter. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be produced or, if already produced, identified to the other party. Notwithstanding the other provisions of this Order, in the event an expert performs any physical tests on any computer or wireless device in connection with his or her retention in this case, then all such physical tests performed or referred to by that expert, and the results thereof, shall be subject to requests for discovery by an adverse party, provided that nothing within this paragraph shall prohibit or prejudice any party from asserting any appropriate objections to discovery and/or the admissibility of such physical tests and/or the results thereof.

5. Nothing in this stipulation shall be construed to prevent deposition questions relating to the substance of the testifying expert's opinions (including alternative theories, methodologies, variables, or assumptions that the expert may or may not have considered in formulating his or her opinions or in preparing his or her report), the process by which those opinions and/or the experts report were developed; or to any communications (including communications from counsel), documents, data, statistical analyses, or other information upon which an expert witness relies for any of his or her opinion(s) in this matter.

6. Nothing in this stipulation shall be construed to preclude reasonable questions at deposition concerning the expert's compensation, hours expended in preparing his or her report and testimony, and frequency and duration of meetings with counsel regarding his or her report.

7.      Each expert submitting a report shall list all matters in which the expert testified in any deposition, trial, or hearing, or submitted a report, in the last five years.  The disclosure shall identify the case caption, the court in which it was pending, and the party that retained the expert.

8.      No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided.  Instead, the party retaining such expert will make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.  In the event a responding party fails to so cooperate in good faith, the party seeking discovery may serve any appropriate subpoenas and this Order will not be used as the basis for an objection to such subpoenas.

9.      Notwithstanding the other provisions of this Order, all documents specifically referred to and/or relied upon by an expert in rendering any opinions in this case and/or in any expert report, declaration, affidavit or other such document submitted in this case shall be identified in such expert submission and produced upon request by an adverse party.

10.     The parties agree to comply with this Order pending the Court's approval and entry of this Order.

11.     A copy of the signed Order shall be served upon all counsel of record within seven (7) days of its entry.

Dated:  February 8, 2010           By:      */s/ Kristofor T. Henning*
                                            Kristofor T. Henning
                                            (*Pro Hac Vice application forthcoming*)
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            1701 Market Street
                                            Philadelphia, PA 19103
                                            Telephone: 215.963.5000
                                            Facsimile: 215.963.5001
                                            E-mail: khenning@morganlewis.com

                                            Attorneys for Defendant
                                            HEWLETT-PACKARD COMPANY

| | | | |
|---|---|---|---|
| 1 | Dated: February 8, 2010 | By: | ***Michael F. Ram*** |
| 2 | | | Michael F. Ram (SBN 104805) |
| | | | RAM & OLSON LLP |
| 3 | | | 555 Montgomery Street, Suite 820 |
| | | | San Francisco, CA  94111 |
| 4 | | | Telephone: 415.433.4949 |
| | | | Facsimile: 415.433.7311 |
| | | | E-mail: mram@ramolson.com |

Jeffrey L. Kodroff
John A. Macoretta
(*Pro Hac Vice*)
SPECTOR, ROSEMAN, KODROFF,
  & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Facsimile: 215.496.6611
E-mail: jkodroff@srkw-law.com

Marc H. Edelson
(*Pro Hac Vice*)
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215.230.8043
Facsimile: 215.230.8735
E-mail: medelson@edelson-law.com

Attorneys for Plaintiffs


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February __8__, 2010    _____
                               The Honorable Howard R. Lloyd
                               United States Magistrate Judge