MICHAEL F. RAM (SBN 104805)
mram@ramolson.com
KARL OLSON (SBN 104760)
kolson@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (SAN JOSE DIVISION)

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO. 07-05793 JW (HRL)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF KARL OLSON IN SUPPORT OF MOTION TO UNSEAL ALL SEALED DOCUMENTS IN THIS CASE**<br><br>Date: June 22, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 5th Floor<br>San Jose, CA<br>Before: Hon. Howard R. Lloyd<br><br>Action Filed: November 14, 2007<br>Trial: October 5, 2010 |

1. I, Karl Olson, am a member in good standing of the State Bar of California and a partner at Ram & Olson, counsel of record for the Plaintiff class. I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated in it.

2. The day after Plaintiffs filed their Motion for Class Certification in this Court on February 16, 2010, Michael Ram and I began the process of meeting and conferring with defense

---

Case No. 07-05793 JW (HRL) – DECLARATION OF KARL OLSON IN SUPPORT OF MOTION TO UNSEAL ALL SEALED DOCUMENTS IN THIS CASE     1

counsel, Kristofor Henning, about whether Hewlett-Packard would agree to withdraw its confidentiality designations on any of the discovery documents which were used in our class certification memorandum and in the supporting declarations of Michael Ram, Eric Langberg and Russell Lamb. We told Mr. Henning on February 19 that we were very concerned that HP had designated virtually all of the documents it had produced as confidential even though they really were not trade secrets in any way. Rather, HP appeared to have designated all internal documents and e-mails – including many which showed HP had acknowledged problems with the wireless function of its notebook computers – as confidential.

3.  Mr. Henning, Mr. Ram and I had several phone conversations and exchanged numerous e-mails on this subject. In the first conversation Mr. Henning said that he would need to communicate with third parties, including Nvidia, before setting forth HP's position. I said that we didn't think HP needed to communicate with third parties but we gave him several weeks to do so.

4.  Ultimately, I left Mr. Henning a voice mail on March 12, 2010 to find out what HP's position was and he sent an e-mail on March 12 saying that HP had agreed to "voluntarily withdraw the confidentiality designations from exhibits 2, 4, 5...8, 14, 26 and 32 to [Michael Ram's] declaration submitted with Plaintiffs' class certification papers. HP is unable to voluntarily withdraw its confidentiality designations for the other documents we've discussed." He subsequently confirmed that HP would not agree to withdraw its confidentiality designations on *any* of the exhibits to the Eric Langberg and Russell Lamb declaration, Docket Numbers 109 and 110.

5.  Accordingly, on March 15, 2010 I sent Mr. Henning another e-mail saying that we were at an impasse on the unsealing issue and that Plaintiffs would file a motion to unseal. Copies of the e-mails I exchanged with Mr. Henning are attached collectively as Exhibit A hereto.

6.  Following the issuance of Judge Ware's April 16, 2010 Order Denying Administrative Motion to Seal (Document 163), which held that the documents in question here are not sealable, I e-mailed Mr. Henning on April 19, 2010 asking whether HP would agree to

unseal the documents in question. He declined to so agree, stating that he would ask Judge Ware to reconsider his April 16 order. He also asked me, after we filed an unsealing motion, to withdraw it, but I declined, stating that Judge Ware's April 16 order, the Local Rules and Ninth Circuit case law all supported filing our motion publicly. A copy of our e-mail exchange in this regard is attached as Exhibit B.

7. I engaged in several attempts to resolve the issue of other sealed documents with HP's counsel Kris Henning. Attached as Exhibit C hereto is an exchange of e-mails between me and Mr. Henning from May 5 to May 6 in which I asked HP to unseal all documents, and in which I identified documents referred to in our Opposition to HP's Motion for Summary Judgment. In a May 6, 2010 e-mail, I told Mr. Henning, "Please let us know as soon as possible, and in no event later than close of business Friday, May 7, 2010, whether HP will agree to withdraw its claim of confidentiality as to all of the exhibits filed in support of our class certification motion, HP's summary judgment motion, and the above documents which may be filed with our opposition to HP's motion for summary judgment. I am, as indicated yesterday, available to discuss this with you." (Exhibit C hereto.) Attached as Exhibit D is an e-mail I sent Mr. Henning asking him to file HP's Motion for Summary Judgment publicly. Although HP has agreed to file its Motion for Summary Judgment publicly, it has not yet done so, and it has not agreed to unseal those portions of plaintiffs' Motion for Class Certification and supporting papers, and plaintiffs' Opposition to Motion for Summary Judgment, which remain sealed. Accordingly, on May 18, 2010, I told Mr. Henning we were preparing a motion to unseal all documents in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco, California, on May 18, 2010.

            */s/ Karl Olson*
            KARL OLSON (SBN 104760)
            kolson@ramolson.com
            RAM & OLSON LLP
            555 Montgomery Street, Suite 820
            San Francisco, California 94111
            Telephone: (415) 433-4949
            Facsimile: (415) 433-7311