| | |
|---|---|
| 1 | ROBERT P. VARIAN (SBN 107459) |
| | *Email: rvarian@orrick.com* |
| 2 | JUSTIN M. LICHTERMAN (SBN 225734) |
| | *Email: jlichterman@orrick.com* |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 4 | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| 5 | Telephone: (415) 773-5700 |
| | Facsimile: (415) 773-5759 |
| 6 | |
| 7 | Attorneys for Non-Party |
| | NVIDIA CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| | NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated, | Case No. 07-CV-05793 JW (HRL) |
| | | NON-PARTY NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF PROTECTING CONFIDENTIAL DOCUMENTS AND INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | Plaintiffs, | |
| | v. | |
| | HEWLETT-PACKARD COMPANY, a Delaware Corporation, | Date: May 25, 2010 |
| | | Time: 10:00 a.m. |
| | | Before: Honorable Howard R. Lloyd |
| | Defendant. | Courtroom: 2, 5th Floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on May 25, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Magistrate Judge Howard R. Lloyd, located at 280 South 1st Street, San Jose, California, non-party NVIDIA Corporation shall and hereby does move the Court for an order granting NVIDIA Corporation's Motion to Intervene for the Limited Purpose of Protecting Confidential Documents and Information.

This motion is brought pursuant to Fed. R. Civ. P. 24(b)(1)(B) on the grounds that Plaintiffs' Motion to Unseal in the above-captioned case implicates confidential NVIDIA documents and information, the disclosure of which could adversely affect NVIDIA's business and financial interests. This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the accompanying declaration of Kimberly G. Lytikainen, and oral argument.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Non-party NVIDIA Corporation ("NVIDIA") hereby moves to intervene before Magistrate Judge Lloyd in the above-captioned case for the limited purpose of protecting its confidential documents and information. *See* Fed. R. Civ. P. 24(b)(1)(B); *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (courts construe Rule 24 liberally in favor of intervention).

**INTRODUCTION**

NVIDIA understands that Plaintiffs in this action seek to unseal certain documents designated confidential in this action, and filed in connection with their motion for class certification. *See* Docket No. 171 ("Motion to Unseal"). Among the documents at issue is a Settlement Agreement between NVIDIA and Hewlett-Packard Company ("HP"), the defendant in this action, and attached as Exhibit 1 to the Declaration of Michael Ram in Support of Plaintiffs' Motion for Class Certification. *See* Docket No. 180 ("Opposition"). The Settlement Agreement contains sensitive and confidential business information, the disclosure of which could adversely affect NVIDIA's business and financial interests. Accordingly, NVIDIA has at all times treated

1   the Settlement Agreement as highly confidential.  NVIDIA therefore seeks to intervene in this
2   action for the limited purpose of being heard on the question whether the Settlement Agreement
3   will be subject to public disclosure, which will be at the hearing on Plaintiffs' Motion to Unseal
4   presently scheduled for May 25, 2010.

## DISCUSSION

Non-parties like NVIDIA may intervene for the limited purpose of protecting their sensitive, proprietary business and other information from public disclosure.  *See, e.g.*, *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (public's right to access must be balanced against privacy interests in trade secrets); *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (non-party may challenge a protective order through intervention under Rule 24(b)); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2010 WL 341274, at *2 (N.D. Cal. March 10, 2010) (sealing material "in light of the confidential information and the competitive harm to third parties"); *G & C Auto Body Inc. v. Geico Gen. Ins. Co.*, 2008 WL 687372, at *2 (N.D. Cal. March 11, 2008) (sealing non-party confidential financial information because privacy interests in third-party information outweighs public's right to access).[1]

Where non-parties are implicated, courts routinely seal documents like the Settlement Agreement at issue here.  *See, e.g.*, *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts consistently grant protective orders to protect confidential settlement agreements); *Bank of America, N.A. v. Hensley Properties, L.P.*, 2008 WL 2724875, at *4-5 (E.D. Cal. July 11, 2008) (granting motion to seal settlement agreement with third-party).  The Settlement Agreement in this case warrants similar protection.

Public disclosure of the Settlement Agreement would disseminate highly confidential non-public information about the business relationship and dealings between NVIDIA and HP, including the specific terms of a multimillion dollar agreement that resolved a private dispute between NVIDIA and HP.  NVIDIA sells graphics chips and other semiconductor products to numerous Original Equipment Manufacturers ("OEMs") and others.  *See* Declaration of Kimberly

---

[1] *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (public's right to inspect and copy judicial records not absolute); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (noting importance of protecting a non-party's confidential information).

G. Lytikainen in Support of NVIDIA's Motion to Intervene ("Lytikainen Decl.") ¶ 3.

Some of NVIDIA's OEM customers, including HP, Dell, and Apple, Inc., compete with one another in the high-technology computer products industry, and expect their suppliers to keep confidential their information—including the nature and terms of their relationships with NVIDIA—in order to maintain their competitive advantages. *Id.* at ¶¶ 3, 5. NVIDIA's customers therefore expect and rely on its component part suppliers to maintain their confidentiality. *Id.* at ¶ 5. NVIDIA's ability to do so is an important selling point to its customers, and its ability to win and retain business from its OEM customers therefore depends substantially on keeping its confidential business arrangements with any particular customer from being disclosed to any other customer. *Id.* at ¶¶ 5-6.

Moreover, NVIDIA itself operates in the fiercely competitive graphics chip industry, competing with companies including Intel Corporation and AMD. *Id.* at ¶ 4. NVIDIA has a business imperative to preserve the confidentiality of its arrangements with its customers (1) to ensure its ability to win and keep customers by preserving the confidentiality of their information, and (2) by keeping its arrangements with its customers secret from NVIDIA's own semiconductor competitors. *Id.* at ¶ 6. If the details of NVIDIA's relationship with OEM customers were made public, NVIDIA's competitors could use that information to entice its customers to purchase component parts from them instead. *Id.* at 7. Equally important, disclosure of the specifics of the negotiation and resolution of the issues between NVIDIA and HP could (and would) be used against NVIDIA by other customers in negotiating the resolution of issues and disputes that arise in the regular course of NVIDIA's business. *Id.*

In light of these serious concerns, NVIDIA derives an economic advantage from preserving the confidentiality of the nature, terms, and dealings between it and each of its customers, and considers them confidential trade secrets. *Id.* at ¶ 6. *See also* Fed. R. Civ. P. 26 (c)(1)(G) (providing protection for discovery materials that involve "a trade secret or other confidential research, development, **or commercial information**.") (emphasis added); *TMX Funding, Inc. v. Impero Tech., Inc.*, 2010 WL 1028254, at *4 (N.D. Cal. March 18, 2010) (customer information beyond mere contact information that is not readily ascertainable through

public sources constitutes a trade secret); *Western Directories, Inc. v. Golden Guide Directories, Inc.*, 2009 WL 1625945, at *4 (N.D. Cal. June 8, 2009) (compilation of non-public sophisticated customer information constitutes a trade secret) (citation omitted).

NVIDIA regularly inserts confidentiality provisions into its arrangements with its customers, and expects, requires, and advises its employees to maintain the details of its relationships with its customers in the strictest of confidence. *See* Lytikainen Decl. ¶ 6. Consistent with those practices, NVIDIA included a confidentiality provision in the Settlement Agreement at issue here, which contains sensitive information about the parties' financial obligations, payment schedules, and subsequent rights and obligations. *Id. See also TMX*, 2010 WL 1028254 at *4 (a company's characterization of information as "trade secret" or "confidential" is an important factor in establishing the value placed on information).

Public disclosure of the confidential information contained in the Settlement Agreement would provide NVIDIA's competitors and customers a unique insight into its business operations, methods and strategies, including sensitive information about how NVIDIA deals with its customers, the terms of its relationships, and NVIDIA's interactions with its customers. NVIDIA would not correspondingly be privy to that information from its competitors, putting it at an unfair disadvantage in the industry. *See* Lytikainen Decl. ¶ 7. Similarly, disclosure of NVIDIA's relationship with any one customer might adversely impact NVIDIA's ability to negotiate with other customers, who would consider obtaining more favorable business terms from component part suppliers than those given their competitors to gain a competitive advantage. *Id.*

## CONCLUSION

For the foregoing reasons, NVIDIA respectfully requests that the Court allow it to intervene in this action and keep under seal NVIDIA's Settlement Agreement with HP.

Dated: May 24, 2010

ROBERT P. VARIAN
JUSTIN M. LICHTERMAN
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:  */s/ Justin M. Lichterman*
JUSTIN M. LICHTERMAN
Attorneys for Non-Party
NVIDIA CORPORATION

OHS West:260919519.2

4

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES - CASE NO. 07-CV-05793 JW1 (HRL)