\*\* E-filed May 25, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE, and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>    Defendant.<br>_____/ | No. C07-05793 JW (HRL)<br><br>**ORDER (1) GRANTING IN PART PLAINTIFFS' MOTION TO UNSEAL AND (2) GRANTING PLAINTIFFS' ADMINSTRATIVE MOTION TO SEAL**<br><br>**[Re: Docket Nos. 171, 192]** |

Nathan Nygren, Stephen Shifflette, and Amy Fromkin sued Hewlett-Packard Company ("HP") on behalf of themselves and a putative class of consumers, alleging that HP sold laptop computers with defective wireless devices. Plaintiffs now move to unseal seven exhibits that they filed under seal as part of their motion for class certification. HP opposes the motion, but indicates that it no longer seeks to seal six of the exhibits. (Opp'n 2.) Therefore, the only document still at issue is a settlement agreement ("Agreement") between HP and third-party NVIDIA Corporation ("NVIDIA"). Upon consideration of the motion papers and the arguments presented at the hearing, the court GRANTS IN PART plaintiffs' motion to unseal and GRANTS plaintiffs' administrative motion to seal.

**BACKGROUND**

In February 2010, plaintiffs moved to seal exhibits they had filed in support of their Motion for Class Certification. (Docket No. 115.) The exhibits were documents produced by HP and were subject to a protective order. Judge Ware granted that motion (Docket No. 126), but a few weeks later, plaintiffs moved to unseal those same exhibits, setting a hearing before Judge Ware. (Docket No. 131.) At the same time, plaintiffs moved to seal portions of the motion itself. (Docket No. 133.) On April 16, 2010, Judge Ware denied plaintiffs' motion to seal, finding that "the documents pertain generally to the quality of certain hardware at issue in this case." (Docket No. 163.) He referred the parties to this court to resolve disputes concerning whether a document is subject to a protective order. (Docket No. 163.)

Plaintiffs then filed the instant motion in an unredacted form before this court. HP immediately sought a stay of Judge Ware's April 16 order, arguing that the order effectively allowed disclosure of portions of the exhibits "before HP has had the opportunity to attempt to demonstrate that sealing of the [exhibits] is appropriate." (Docket No. 172, at 3.) Judge Ware granted HP's request, and stayed the April 16 order "pending a determination by the assigned Magistrate Judge as to whether the documents at issue violate the Protective Order in this case."

**DISCUSSION**

Plaintiffs seek to unseal the Agreement on grounds that it "shed[s] important light on this case and the defects" that plaintiffs allege exist in HP's computers. (Mot. 8.) They assert that a motion for class certification is dispositive; accordingly, they argue, HP must meet a "compelling reasons" standard—rather than a "good cause" standard—to overcome the presumption of public access. They claim that HP has failed to meet this standard, but that in any case, Judge Ware "already has ruled that the information in question is not sealable." (Mot. 2.)

HP counters that the "compelling reasons" standard does not apply because a motion for class certification is not dispositive. It asserts that it has shown good cause to keep the Agreement under seal because it "reveals confidential, competitively sensitive financial matters between HP and non-party NIVIDIA." (Opp'n 2.) It avers that disclosure would provide its competitors with "competitively sensitive information to which they otherwise would not have access" and also

"potentially reduce[] HP's leverage in negotiations with component suppliers and other business partners." (*Id.* at 6; *see also* Nussbaumer Decl.) It argues that the Agreement has little-to-no bearing on the merits of plaintiffs' claims and that no public policy supports its public disclosure. (Opp'n 7–8.)

In their reply,[1] plaintiffs claim that HP's assertions of potential harm are conclusory and that the only reason HP wants to keep the Agreement secret is because "it tends to prove plaintiffs' allegations in the case." (Reply 1.) They argue that the Agreement is "highly relevant" because it shows that HP accepted money from NVIDIA on account of the instant lawsuit. (Reply 10.) To that end, they claim that disclosure of the Agreement would "show[] the public that plaintiffs' class action has merit and . . . tend[] to show the monetary scope of the problem." (Reply 4.) For the first time, they submit that the "compelling reasons" standard also applies because they referred to the Agreement in their May 10 opposition to HP's Motion for Summary Judgment. (Reply 3.)

As a preliminary matter, the court does not find that Judge Ware's prior orders prevent this court from deciding whether the Agreement is sealable. Indeed, there would be no reason for him to stay his April 16 order and refer the parties to this court if he had already determined that the Agreement was not sealable. As a result, this court will proceed to the merits of the motion.

There is a strong presumption that the public will have access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). If a party wishes to overcome this presumption, the Ninth Circuit applies different standards depending on whether the documents at issue are attached to dispositive or non-dispositive motions. *Id.* at 1180. For dispositive motions, the party seeking protection must show "compelling reasons" to maintain secrecy. *Id.* But for non-dispositive motions, a party must only show "good cause" as described under Federal Rule of Civil Procedure 26(c). *Id.*

When the "compelling reasons" standard applies, the party is "required to present articulable facts identifying the interests favoring continued secrecy . . . *and* to show that these specific interests overc[o]me the presumption of access by outweighing the public interest in understanding the judicial process." *Id.* at 1181 (internal quotations omitted). However, the "good cause" standard

---

[1] Plaintiffs filed an administrative motion to file portions of their reply under seal, but requested that this court deny their motion.

3

allows a judge to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during discovery, such as by issuing an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c).

Plaintiffs insist that the "compelling reasons" standard applies because, they say, a class certification motion is "dispositive." The basis for their argument is that they may choose to discontinue the case if Judge Ware does not certify a class. But this court agrees with Judge Fogel's analysis in *Rich v. Hewlett-Packard Co.*, No. 06-03361, 2009 WL 216868 (N.D. Cal. Jul. 20, 2009), which found that a class certification motion is not dispositive in the context of a motion to seal because it involves procedural requirements, rather than the merits of the underlying claim. Plaintiffs have not convinced the court that the Agreement is so relevant to their underlying claims that this court should hold otherwise.[2]

In addition, the court is unpersuaded that HP must articulate a compelling reason merely because plaintiffs referred to the Agreement in their opposition to HP's Motion for Summary Judgment—which they filed well after this motion and HP's opposition to the same. Accordingly, the court finds that the "good cause" standard applies in the context of this dispute.

In support of its request to keep the Agreement under seal, HP submitted a declaration, to which plaintiffs did not object, averring that HP considers the Agreement to be confidential and that disclosure of the Agreement would place it at a competitive disadvantage. (Nussbaumer Decl.) The settlement agreement itself supports HP's assertion that both HP and NVIDIA intended to keep the Agreement out of the public record.[3] (Settlement Agmt.) The court is satisfied that HP has demonstrated that the Agreement's public disclosure could harm HP's financial interests and its

---

[2] Plaintiffs' reliance on two out-of-circuit cases that allowed public disclosure of settlement agreements are unavailing. In both cases, the courts considered agreements that had been submitted to the court for approval, rather than a private agreement such as the one between HP and NVIDIA. *See Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002)*; Bank of Am. Nat'l Trust v. Hotel Rittenhouse Assocs.*, 800 F.2d 339 (3d Cir. 1986).

[3] The fact that the Agreement permitted disclosure as required by law to the Securities and Exchange Commission does not discount HP's and NVIDIA's articulated expectation that the Agreement would not be disclosed in private litigation. (*See* Reply 8.)

4

ability to maintain its competitive standing, showing good cause to maintain the Agreement under seal.[4]

Despite plaintiffs' protests to the contrary, the court does not find that the public will be harmed by this decision. Plaintiffs boldly assert that unsealing the Agreement is necessary to "show[] the public that plaintiffs' class action has merit." (Reply 4.) Yet plaintiffs' case is proceeding in a court of law, not a court of public opinion. Nothing in this court's order prevents Judge Ware from considering the Agreement for either plaintiffs' Motion for Class Certification or HP's Motion for Summary Judgment.[5] Plaintiffs' class action either has merit, or it does not, regardless of whether the public approves.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to unseal the Agreement is GRANTED IN PART as follows: Exhibits 11, 12, 13, 14, 15, and 24 to the Michael F. Ram Declaration, Docket No. 108, shall be unsealed in this court's record; Exhibit 1 shall remain under seal. In addition, Docket No. 171 shall be removed from this court's electronic docket and plaintiffs shall file a new version that redacts the sentence as it appears on page 7, line 24 to page 8, line 2 that begins with "This document" and ends with "Dollars."

Finally, for the same reasons discussed above, plaintiffs' Administrative Motion to Seal their reply brief is GRANTED.

**IT IS SO ORDERED.**

Dated: May 25, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Furthermore, under the circumstances of this case, HP's reasoning would also meet a compelling reasons standard. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that compelling reasons exist where the documents would be "sources of business information that might harm a litigant's competitive standing"); *see also In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008).

[5] In any case, the Federal Rules of Evidence will likely have a greater limiting effect on the value of the Agreement to plaintiffs' case. *See* Fed. R. Evid. 408 (prohibiting the admission of settlement agreements to prove liability).

5

**C07-05793 JW (HRL) Notice will be electronically mailed to:**

| Name | Email |
|---|---|
| Daniel Emmett McGuire | dmcguire@morganlewis.com |
| David Felderman | dfelderman@srkw-law.com |
| Franco A Corrado | fcorrado@morganlewis.com |
| Howard Holderness | hholderness@morganlewis.com, cgreenblatt@morganlewis.com, mweiler@morganlewis.com |
| Jeffrey L. Kodroff | jkodroff@srkw-law.com |
| John A. Macoretta | jmacoretta@srk-law.com |
| Karl Olson | kolson@ramolson.com, awilliams@ramolson.com |
| Kristofor Tod Henning | khenning@morganlewis.com |
| Marc H. Edelson | medelson@edelson-law.com |
| Meredith Ann Galto | mgalto@morganlewis.com |
| Michael Francis Ram | mram@ramolson.com, awilliams@ramolson.com |
| Monique Olivier | molivier@sturdevantlaw.com, arocha@sturdevantlaw.com, bnuss@sturdevantlaw.com, kbecker@sturdevantlaw.com |
| Robert A. Particelli | rparticelli@morganlewis.com |
| Thomas R. Green | thomas.green@usdoj.gov, daniel.charlier-smith@usdoj.gov, lily.c.ho-vuong@usdoj.gov |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California