IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Nathan Nygren, et al., | NO. C 07-05793 JW |
| Plaintiffs, | **ORDER DENYING MOTION TO SEAL** |
| v. | |
| Hewlett-Packard Company, | |
| Defendant. | |

Presently before the Court is Hewlett-Packard Company's ("Defendant") Administrative Motion to File Under Seal Documents in Connection with Motion for Summary Judgment. (hereafter, "Motion," Docket Item No. 165.) Defendant moves the Court to seal ten documents, contending that they contain or refer to Protected Material under the Protective Order,[1] or analyze material that may harm Defendant's competitive interests. (Motion at 4.)

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a). A trade secret is information that, if known, would give competitors an unfair advantage. B. Braun Med. Inc. v. Rogers, 163 Fed. App. 500, 505 (9th Cir. 2006). Trade secrets must be distinguished from general knowledge of those skilled in the trade. Foltz, 331 F.3d at 1135. "The request must be narrowly tailored to seek sealing only of sealable

---

[1] (Order on Defendant's Motion for Notice Requirement for Experts Permitted to View Highly Confidential Information Under the Stipulated Protective Order, hereafter, "Protective Order," Docket Item No. 52.)

material." Civ. L.R. 79-5(a).  A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal.  Id.

The Court evaluates each document in turn.

**A.     Defendant's Motion for Summary Judgment**

Defendant contends that the Motion for Summary Judgment contains confidential information regarding Defendant's wireless hardware and development program, and portions of other confidential documents.  (Motion ¶ 2.)  Defendant does not provide any basis for the Court to protect this information under Civil Local Rule 79-5.  Defendant does not establish that it will be harmed, nor does it provide any compelling reason for sealing the document.

Accordingly, the Court DENIES Defendant's motion to seal the Motion for Summary Judgment.

**B.     Declaration of Kristofor Henning**

Defendant contends that Henning's Declaration should be sealed on the basis that it contains references to confidential documents.  (Motion ¶ 2.)  The fact that a document contains references to the names of other confidential documents is not by itself a compelling reason to seal the Declaration.

Accordingly, the Court DENIES Defendant's Motion to Seal Henning's Declaration.

**C.     The Declaration of Norma Nussbaumer and exhibits**

Defendant contends that Nussbaumer's Declaration should be sealed on the basis that it contains sensitive information concerning Defendant's wireless functionality and repair program.  (Motion ¶ 3.)  The documents pertain generally to Defendant's repair program, but do not contain trade secrets or information otherwise entitled to be sealed.

Accordingly, the Court DENIES Defendant's Motion to Seal Nussbaumer's Declaration.

**D.     The Declaration of Gerald Larson**

Defendant contends that Larson's Declaration should be sealed on the basis that it contains proprietary information and data concerning Defendant's repair program.  (Motion ¶ 4.)  Larson's Declaration pertains to Defendant's repair program, but does not qualify as sealable information.

2

1 Defendant does not establish that knowledge of the information would give a competitor an unfair
2 advantage, or provide any compelling reason to seal.

3   Accordingly, the Court DENIES Defendant's Motion to Seal Larson's Declaration.

4 **E.   The Deposition of Norma Nussbaumer**

5   Defendant contends that Nussbaumer's Deposition should be sealed on the basis that it
6 contains proprietary information concerning Defendant's wireless technology and repair program
7 that are designated "highly confidential - Attorney's eyes only" pursuant to the protective order.
8 (Motion ¶ 5.) Designating documents as sealable under a protective order is not sufficient, however,
9 and Nussbaumer's Deposition contains only general information about Defendant's extended
10 warranty programs.

11   Accordingly, the Court DENIES Defendant's motion to seal Nussbaumer's Deposition.

12 **F.   The Declaration of Richard Hunt Hodge and Exhibits**

13   Defendant contends that Hodge's Declaration and attached exhibits should be sealed on the
14 basis that they contain information concerning Defendant's wireless product design and components.
15 (Motion ¶ 6.) Hodge's Declaration pertains generally to the quality of component parts at issue in
16 this case. However, Defendant fails to identify what portions of the Declaration contain sensitive
17 information, or provide a reason that the information should be sealed.

18   Accordingly, the Court DENIES Defendant's Motion to Seal Hodge's Declaration.

19 **G.   Stephen Shifflette's receipt for the purchase of his computer**

20   Defendant contends that Shifflette's receipt should be sealed on the basis that it contains
21 confidential financial information about Shifflette. (Motion ¶ 7.) Shifflette's receipt contains the
22 last four digits of the credit card Shifflette used to purchase his laptop. However, this information is
23 not privileged or otherwise entitled to protection under the law.

24   Accordingly, the Court should DENIES Defendant's Motion to Seal Shifflette's receipt..

25 **H.   Amy Fromkin's receipt for the purchase of his computer**

26   Defendant contends that Fromkin's receipt should be sealed on the basis that it contains
27 confidential financial information about Fromkin. (Motion ¶ 8.) This document contains additional

28

3

1 information similar to a credit card statement that is unrelated to Fromkin's Circuit City purchase.
2 No information contained in the statement is privileged or otherwise entitled to protection under the
3 law.

4     Accordingly, the Court DENIES Defendant's Motion to Seal Fromkin's receipt.

### I. The Declaration of Troy Williams

6     Defendant contends that Williams' Declaration should be sealed on the basis that it contains
7 information and data concerning Defendant's repair program and repair data. (Motion ¶ 9.)
8 Williams' Declaration pertains generally to Defendant's repair program, but Defendant does not
9 establish that it contains trade secrets or information otherwise entitled to protection.

10     Accordingly, the Court DENIES Defendant's Motion to Seal Williams' Declaration.

### J. The Deposition of Eric A. Langberg

12     Defendant contends that Langberg's Deposition should be sealed on the basis that Defendant
13 designated portions of it as highly confidential pursuant to the protective order. (Motion ¶ 10.) The
14 designation under the protective order alone is insufficient, and defendant does not provide any other
15 basis for finding that the document is sealable.

16     Accordingly, the Court DENIES Defendant's Motion to Seal Langberg's Deposition.

### K. Conclusion

18     In sum, the Court finds that Defendant merely relies on the blanket statement that the
19 documents it seeks to seal are designated Protected Material under the protective order, or contain
20 information that may cause harm to its competitive interests. (Motion at 4.) Nowhere in the Motion
21 does Defendant provide non-conclusory explanations establishing that the information in any
22 document qualifies as a trade secret or is otherwise entitled to protection. Defendant does not
23 identify how it will be harmed, except by generalized conjectural statements. The Motion lacks
24 necessary detail to provide a compelling reason. Moreover, the Court's inspection of the documents
25 does not convince it that they contain sealable information.

4

The Court DENIES Defendant's Motion to Seal.[2]

In light of this Order, Plaintiffs' Motions re: Defendant's Motion to Seal are DENIED as moot. (Docket Item Nos. 184, 189, 192.)

Dated:  May 28, 2010

JAMES WARE
United States District Judge

---

[2] On May 24, 2010, the Court granted Defendant's Unopposed Motion to Seal. (Order Granting Hewlett-Packard Company's Administrative Motion to File Under Seal, hereafter, "Order," Docket Item No 197.)  To the extent documents sealed under the Order conflict with this order, those documents shall be unsealed.

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel Emmett McGuire dmcguire@morganlewis.com
David Felderman dfelderman@srkw-law.com
Franco A Corrado fcorrado@morganlewis.com
Howard Holderness hholderness@morganlewis.com
Jeffrey L. Kodroff jkodroff@srkw-law.com
John A. Macoretta jmacoretta@srk-law.com
Justin Myer Lichterman jlichterman@orrick.com
Karl Olson kolson@ramolson.com
Kristofor Tod Henning khenning@morganlewis.com
Marc H. Edelson medelson@edelson-law.com
Meredith Ann Galto mgalto@morganlewis.com
Michael Francis Ram mram@ramolson.com
Monique Olivier molivier@sturdevantlaw.com
Robert A. Particelli rparticelli@morganlewis.com
Thomas R. Green tgreen@morganlewis.com

**Dated:  May 28, 2010**               **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**