```
HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

KRISTOFOR T. HENNING (PAB 85047)
(Pro Hac Vice)
FRANCO A. CORRADO (PAB 91436)
(Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com
E-mail: fcorrado@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 07-CV-05793 JW (HRL)<br><br>**DECLARATION OF NORMA NUSSBAUMER IN SUPPORT OF DEFENDANT HEWLETT-PACKARD COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL SEALED DOCUMENTS IN THIS CASE** |

I, Norma Nussbaumer, hereby declare as follows:

1. I make this declaration on behalf of Hewlett-Packard Company ("HP") in support of its opposition to Plaintiffs' Motion to Unseal all Sealed Documents (Docket No. 195).

Case No. 07-05793 (JW)   1   DECLARATION OF NORMA NUSSBAUMER ISO HP'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL SEALED DOCUMENTS IN THIS CASE

2. I am over the age of 18 years and am fully competent to testify to the matters stated herein. Since September 2006, I have been Manager of the Program Management team within the Notebook Quality, Service & Customer Experience division of HP's Personal System Group ("PSG"). I am authorized to make this Declaration on HP's behalf. Except as otherwise stated, I have personal knowledge of the facts set forth in this Declaration, and, if called to do so, would and could testify to the matters stated herein.

3. It is my understanding that on May 18, 2010, Plaintiffs in this case filed a motion to unseal documents submitted with and/or cited in connection with Plaintiffs' Motion for Class Certification and related declarations and exhibits (Docket Nos. 107-113), with HP's Opposition to Plaintiff's Motion for Class Certification and related declarations and exhibits (Docket Nos. 141-157), with HP's Motion for Summary Judgment and related declarations and exhibits (Docket Nos. 164-168) and/or with Plaintiffs' Opposition to HP's Motion for Summary Judgment and related declarations and exhibits (Docket Nos. 183-187).

4. One of the documents at issue is the July 8, 2008 Settlement Agreement and Release between HP and NVIDIA (the "2008 Agreement"), which is the subject of my May 4, 2010 declaration (*see* Docket No. 181). This document reveals confidential, competitively sensitive financial matters between HP and NVIDIA, a supplier of certain components utilized in some HP computers. I understand that following a hearing on Plaintiffs' motion to unseal that document, the Court issued an Order dated May 25, 2010 holding that the 2008 Agreement would remain sealed (Docket No. 226).

5. Two other documents at issue also contain confidential, competitively sensitive financial matters between HP and a third-party; *i.e.*, Quanta Computer, Inc., HP's original design manufacturer: Exhibit 20 to the Declaration of Michael F. Ram in Support of Plaintiffs' Motion for Class Certification (Docket No. 108, hereinafter "Ram Dec.") and Exhibit 52 to the Declaration of Karl Olson in Support of Plaintiffs' Opposition to HP's Motion for Summary Judgment (Docket No. 187, hereinafter "Olson Dec.").

6. These documents address an issue called "PQ1" that HP corrected and which, in any event, has nothing to do with wireless internet connection. It is my understanding that HP

1  has provided Plaintiffs with access to these documents pursuant to a protective order under which HP has designated them to be "Highly Confidential – Attorneys' Eyes Only" to prevent disclosure of the information contained therein to HP's competitors, among other limitations.

7.  The notebook computer market and the notebook computer design, development and manufacturing industries are intensely competitive.

8.  Exhibit 20 to the Ram Declaration and Exhibit 52 to the Olson Declaration describe and discuss non-public, proprietary financial information, and shed light into HP and Quanta's contractual and financial arrangements.

9.  In the notebook computer market and the notebook computer design, development and manufacturing industries, it generally is recognized that each company's contractual and financial arrangements, including but not limited to information regarding financial recoveries, constitute private proprietary information that is not shared with competitors. HP's competitors in the notebook computer and component procurement markets presumably have comparable internal data and information, which they, like HP, maintain on a private and proprietary basis.

10. Like its competitors, HP has consistently maintained this type of information on a strictly private, proprietary basis. When such proprietary information is discussed internally among HP personnel and those on contract with it, the expectation is that such information will be kept confidential.

11. Moreover, whenever such confidential information is exchanged between HP and Quanta, HP's and Quanta's expectations are that such information will be kept confidential and, in fact, such information was maintained accordingly.

12. Contractual and financial information of the sort reflected in Exhibit 20 to the Ram Declaration and Exhibit 52 to the Olson Declaration, if disclosed, would harm HP by not only providing its competitors with competitively sensitive information to which they otherwise would not have access, but also by potentially reducing HP's leverage in negotiations with original design manufacturers and other business partners.

13. The widespread public disclosure of this financial information or, indeed, Exhibit 20 to the Ram Declaration and/or portions of Exhibit 52 to the Olson Declaration in general,

would be unfair and would put HP at a distinct competitive disadvantage vis-à-vis its competitors in the notebook computer market, its other original design manufacturers, and others—particularly when HP does not simultaneously obtain access to the comparable proprietary contractual and financial information kept and maintained by its competitors.

14. The information in Exhibit 20 to the Ram Declaration and Exhibit 52 to the Olson declaration regarding payments received from Quanta and related negotiation is no different than the confidential financial information contained in the now-sealed 2008 Agreement discussed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on May 28, 2010, at Houston, Texas.

*/s/ Norma Nussbaumer*
Norma Nussbaumer

would be unfair and would put HP at a distinct competitive disadvantage vis-à-vis its competitors in the notebook computer market, its other original design manufacturers, and others—particularly when HP does not simultaneously obtain access to the comparable proprietary contractual and financial information kept and maintained by its competitors.

14. The information in Exhibit 20 to the Ram Declaration and Exhibit 52 to the Olson declaration regarding payments received from Quanta and related negotiation is no different than the confidential financial information contained in the now-sealed 2008 Agreement discussed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on May 28, 2010, at Houston, Texas.

*[signature: Norma Nussbaumer]*
Norma Nussbaumer