1  HOWARD HOLDERNESS (SBN 169814)
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA 94105
3  Telephone: 415.442.1000
4  Facsimile: 415.442.1001
   E-mail: hholderness@morganlewis.com
5
6  KRISTOFOR T. HENNING (PAB 85047)
   (*Pro Hac Vice*)
7  FRANCO A. CORRADO (PAB 91436)
   (*Pro Hac Vice*)
8  MORGAN, LEWIS & BOCKIUS LLP
   1701 Market Street
9  Philadelphia, PA 19103
   Telephone: 215.963.5000
10 Facsimile: 215.963.5001
   E-mail: khenning@morganlewis.com
11 E-mail: fcorrado@morganlewis.com

12 Attorneys for Defendant
   HEWLETT-PACKARD COMPANY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 07-CV-05793 (JW)<br><br>**HEWLETT-PACKARD COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE**<br>**THE REPORT OF ERIC A. LANGBERG**<br><br>Hearing:<br><br>Date:     May 24, 2010<br>Time:     9:00 a.m.<br>Before:   Honorable James Ware<br>Courtroom: No. 8, 4th Floor<br>              San Jose<br><br>Action Filed:   November 14, 2007<br>Trial:          October 5, 2010 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 24, 2010 at 9:00 am, or as soon thereafter as may be heard in Courtroom No. 8 of the above-entitled Court, Defendant Hewlett-Packard Company ("HP") will, and hereby does, move this Court pursuant to Federal Rule of Evidence 702 and Rule 12(f) of the Federal Rules of Civil Procedure for an order striking the expert report concerning class certification of Eric A. Langberg Plaintiffs' submitted with their motion for class certification because its conclusions are irrelevant, unreliable and/or not useful to the Court's class certification inquiry.

HP's motion is based on this Notice of Motion and the attached Memorandum of Points & Authorities, [Proposed] Order, the pleadings and papers on file in this matter, any fact or matter of which the Court may take judicial notice, and any further arguments and evidence as may be presented at the time of the hearing.

Dated: April 13, 2010

                                            MORGAN, LEWIS & BOCKIUS LLP

                                            By: /s/ Kristofor T. Henning
                                                Kristofor T. Henning
                                                Attorneys for Defendant
                                                Hewlett-Packard Company

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A. Legal Standard .............................................................................................. 2

    B. Mr. Langberg's Lack Of Necessary Data Precludes Him From Asserting Any Reliable And Useful Class Certification Opinions For Plaintiffs ................................................................................................... 3

        1. Based On His Own Testimony, Mr. Langberg Cannot Have A Reliable Opinion That HP's Repair Efforts Were Ineffective For Every Putative Class Member Or Can Be Judged By Common Proof .............................................. 3

        2. Mr. Langberg Cannot Have A Reliable And Useful Opinion Regarding Any Purported Classwide Cause Of Wireless Failures ......................................................................... 4

III. CONCLUSION ........................................................................................................ 5


# TABLE OF AUTHORITIES

## CASES

*In re First American Corp. ERISA Litig.*, No. SACV 07-01357,
    2009 WL 928294 (C.D. Cal. Apr. 2, 2009) ................................................................................ 3

*Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982) ................................................. 2, 3

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) .......................................................... 3

*McPhail v. First Command Fin. Planning*, 247 F.R.D. 598
    (S.D. Cal. 2007) ........................................................................................................................ 3

*Zinser v. Accufix Research Inst.*, 253 F.3d 1180 (9th Cir.),
    *amended by* 273 F.3d 1266 (9th Cir. 2001) ............................................................................... 2

## STATUTES AND RULES

Fed R. Evid. 702 ............................................................................................................................. 3


# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Nathan Nygren, Stephen Shifflette and Amy Fromkin ("Plaintiffs") claim that Hewlett-Packard Co. ("HP") knowingly sold notebook computers (code-named "Atlantis" and "Apollo" within HP) with an alleged heat-cycling defect that caused their wireless internet capability to fail. *See, e.g.,* Pls.' Second Amended Complaint ("SAC") at ¶¶ 1, 20, 25, 27, 34, 54, 63 (Doc. No. 63); Pls.' Notice of Motion and Motion for Class Certification ("Pls.' Br.") at 1:24-26. Plaintiffs' sole remaining legal claim based on that allegation is that HP violated the "unfair" prong of the California Unfair Competition Law ("UCL"). *See, e.g.,* May 28, 2009 Order Granting In Part And Denying In Part Defendant's Motion To Dismiss (Doc. No. 81). Now, Plaintiffs have sought certification of a nationwide class of Atlantis and Apollo notebook purchasers. *See generally* Pls.' Notice of Motion and Motion for Class Certification. HP opposes class certification.

Along with their motion for class certification, Plaintiffs submitted a report from a purported technical expert – Mr. Eric Langberg. Mr. Langberg has never before been qualified as an expert by any court. (Langberg Dep. 55:10 – 56:5.)[1] Mr. Langberg's experience with consumer electronics has been "predominantly audio based electronics" and his professional experience with computers relates to audio components. (Langberg Dep. 25:10 – 26:2). Plaintiffs have offered Mr. Langberg as an expert beyond audio functionality, however.

Mr. Langberg's report includes many assertions that are facially irrelevant to the class certification issues before the Court and instead purport to address the merits of Plaintiffs' claims. Moreover, perhaps not surprisingly given his lack of relevant experience, where he does offer a conclusion that is arguably relevant to Plaintiffs' motion for class certification, it lacks the

---

[1] Excerpts of Mr. Langberg's deposition are attached as Exhibit A to the Declaration of Kristofor T. Henning.

| Case No. 07-05793 (JW) | 1 | HEWLETT-PACKARD COMPANY'S MOTION TO STRIKE THE REPORT OF DR. RUSSELL LAMB |

support to reliably address the complicated technical issues presented by Plaintiffs' claims. For instance, Mr. Langberg claims that HP did not repair any putative class member's alleged wireless failure. (Langberg Report ¶¶ 13(D), 13(F)). [2] His assertion is an obvious attempt to counter the individualized repair issues that HP demonstrated preclude class certification in its opposition to Plaintiffs' motion for class certification filed today. Mr. Langberg does not know, however, all of HP's repair efforts – let alone how they all worked as a technical matter (either under its Limited Warranty Enhancement Program ("the Program") or otherwise).[3] In that case, he cannot have any reliable opinion that HP's repairs were somehow ineffective or, for that matter, uniform for all alleged wireless failures (they were not).

Mr. Langberg has also claimed that he believes there were more wireless failures than he would have expected from HP's Atlantis and Apollo notebooks. (Langberg Report ¶ 13(A)). His assertion appears to be an attempt to suggest that a wireless failure from the same cause was common to the putative class. But, Mr. Langberg does not have an opinion regarding what could have caused Plaintiffs' own alleged wireless failures. Consequently, he cannot have a reliable opinion that any such cause was common to other purchasers. This is particularly true given Mr. Langberg's (correct) view that wireless failures could result from several factors (some of which are unconnected to any alleged computer defect).

## II.    ARGUMENT

### A.    Legal Standard

A court may grant class certification only if it determines "after a rigorous analysis" that all of the Fed. R. Civ. P. 23 requirements are satisfied. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982); *see also Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir.), *amended by* 273 F.3d 1266 (9th Cir. 2001). The court may "probe behind the pleadings"

---

[2]    Mr. Langberg's report was filed under seal with Plaintiffs' motion for class certification.
[3]    HP has described the Program in its opposition to Plaintiffs' motion for class certification. To avoid needless duplication, it has not repeated that description here.

Case No. 07-05793 (JW)                    2                    HEWLETT-PACKARD COMPANY'S MOTION TO
                                                              STRIKE THE REPORT OF DR. RUSSELL LAMB

and consider factors that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co.*, 457 U.S. at 160-61; *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992).

This "rigorous" analysis must include an assessment of any expert testimony offered in support of class certification. Federal Rule of Evidence 702 limits proper expert evidence only to that which is based upon sufficient facts/data and is the result of reliable principles and methods applied reliably. *See* Fed. R. Evid. 702; *see also McPhail* v. *First Command Fin. Planning*, 247 F.R.D. 598, 604-05 (S.D. Cal. 2007) (striking expert report offered in support of motion for class certification); *In re First American Corp. ERISA Litig.*, No. SACV 07-01357, 2009 WL 928294, at *1 (C.D. Cal. Apr. 2, 2009) (same). Where an expert's analysis is unreliable or otherwise "not useful in evaluating whether class certification requirements have been met," it should be stricken. *McPhail*, 247 F.R.D. at 604-05.

### B. Mr. Langberg's Lack Of Necessary Data Precludes Him From Asserting Any Reliable And Useful Class Certification Opinions For Plaintiffs.

#### 1. Based On His Own Testimony, Mr. Langberg Cannot Have A Reliable Opinion That HP's Repair Efforts Were Ineffective For Every Putative Class Member Or Can Be Judged By Common Proof.

As HP explained in its opposition to Plaintiffs' motion for class certification, it provided a series of different repairs for certain wireless failures in the Atlantis and Apollo computers – whether under the Program or otherwise. Those repair efforts are explained in some detail in the Declaration of Richard Hunt Hodge HP submitted with its opposition to Plaintiffs' motion for class certification. *See generally* Declaration of Richard Hunt Hodge In Support Of Defendant Hewlett-Packard Company's Opposition To Plaintiffs' Motion For Class Certification. Many of those repairs, of course, were provided under the Program. *See id.* Mr. Langberg, however, does not know what repairs were provided under the Program. (Langberg Dep. 220:4-9) ("Under the full extent of the program, I don't know exactly what repairs they received, that's correct.")). Because Mr. Langberg does not know what repairs were provided under the Program, he cannot logically have a reliable opinion that any such repairs were somehow inadequate on a classwide basis or even that their effectiveness can be judged by common evidence. Consequently, his

apparent attempt to suggest otherwise must be stricken from consideration on Plaintiffs' motion for class certification.[4]

Mr. Langberg has attempted to buttress his unsupported claim that none of HP's repair efforts were successful by suggesting that HP performed inadequate testing on its computers and repairs. (*See, e.g.,* Langberg Report ¶ 54). But, at his deposition, Mr. Langberg testified that he did not know what testing HP performed on its repairs or, for that matter, on the computers before they were launched to the public. (Langberg Dep. 12:23-13:9 ("I don't have the specific tests that were done."); 14:5-11 ("I don't have any knowledge of specific testing that was done on any of the components."); 251:19-23 ("I do not know what specific tests that HP conducted."); 81:8-13; 83:24 - 84:22). Dr. Langberg cannot reliably opine on the adequacy of unknown testing.

### 2. Mr. Langberg Cannot Have A Reliable And Useful Opinion Regarding Any Purported Classwide Cause Of Wireless Failures.

Mr. Langberg does not have an opinion regarding the cause of the alleged wireless failures Plaintiffs claim to have experienced. (Langberg Dep. 121:5-21 ("I don't know what the root cause was of the failure, if that's what you're asking me.")) Naturally, therefore, he cannot have any reliable opinion that any cause of Plaintiffs' wireless failures (even assuming that they were the same among the three Plaintiffs) was common to putative class members – or that any such causation inquiry can be conducted without individual analysis of each putative class member's experience. That is particularly true inasmuch as, according to Mr. Langberg, there are many potential explanations why wireless capability could fail, such as lack of appropriate network access, software problems, or a virus. (Langberg Dep. 117:18 - 118:22; 120:5-13.) Mr. Langberg conceded that in other instances, purchasers may very well use their notebooks and move on to a new computer without ever experiencing a wireless malfunction. (Langberg Dep. 192:9-16.). Simply put, because Mr. Langberg can have no reliable opinion that putative class members

---

[4] Mr. Langberg knew of only one remedy offered by HP, a BIOS update, and he did not know in any detail how that repair worked as a technical matter –except that he thought "one of the main things that it does is it runs the fan more, *either* at a higher speed *or* more cycling, more frequency on the fan." (Langberg Dep. 151:21-24)(emphasis added). On that issue, Mr. Langberg testified that "a BIOS change, that may or may not have a direct effect on when a failure is likely to occur or whether a failure is likely to occur" and, therefore, may have been effective for some purchasers. (Langberg Dep. 148:21-24; 208:11-15).

experienced wireless failures caused by the alleged "heat-cycling" defect that is the subject of Plaintiffs' claims, his apparent attempt to suggest otherwise should be stricken and ignored in considering Plaintiffs' motion for class certification.

### III. CONCLUSION

The Court should strike Mr. Langberg's report from consideration on Plaintiffs' motion for class certification.

Dated: April 13, 2010

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Kristofor T. Henning
Kristofor T. Henning
Attorneys for Defendant
Hewlett-Packard Company

# **PROOF OF SERVICE**

I, Kristofor T. Henning, hereby certify that on June 3, 2010, I caused the foregoing document titled **HEWLETT-PACKARD COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT OF ERIC A. LANGBERG**, previously filed under seal on April 13, 2010, to be electronically filed and served upon the persons named below via the ECF system. This document is available for review and downloading from the ECF system.

MICHAEL F. RAM
mram@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415-433-4949
Facsimile: 415-433-7311

MARC H. EDELSON
medelson@edelson-law.com
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215-230-8043
Facsimile: 215-230-8735

JEFFREY L. KODROFF
jkodroff@srkw-law.com
JOHN A. MACORETTA
jmacoretta@srkw-law.com
SPECTOR, ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215-496-0300
Facsimile: 215-496-6611

Attorneys for Plaintiffs

Dated: June 3, 2010          By:   /s/ Kristofor T. Henning
                                   Kristofor T. Henning

Case No. 07-05793 (JW)

PROOF OF SERVICE - REFILED MOTION
TO STRIKE LANGBERG REPORT