**\*\* E-filed June 10, 2010 \*\***

HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

KRISTOFOR T. HENNING (PAB 85047)
(*Pro Hac Vice*)
FRANCO A. CORRADO (PAB 91436)
(*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com
E-mail: fcorrado@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

MICHAEL F. RAM (SBN 104805)
KARL OLSON (SBN 104760)
RAM & OLSON LLP
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: 415.433.4949
Facsimile: 415.433.7311
E-mail: mfr@lrolaw.com

MARC H. EDELSON
(*Pro Hac Vice*)
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215.230.8043
Facsimile: 215.230.8735
E-mail: medelson@hofedlaw.com

JOHN A. MACORETTA
SPECTOR, ROSEMAN, KODROFF, &
WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Facsimile: 215.496.6611
E-mail: jmacoretta@srkw-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 07-05793 JW (HRL)<br><br>**STIPULATED REQUEST FOR ORDER AND [PROPOSED] ORDER REGARDING THE SEALING OF DOCUMENTS**<br><br>Action filed:   November 14, 2007<br>Trial:            October 5, 2010 |

1   Through this Stipulated Request and [Proposed] Order, Plaintiffs Nathan Nygren, Stephen Shifflette and Amy Fromkin (together, "Plaintiffs") and Defendant Hewlett-Packard Company ("HP") stipulate and agree to the following as set forth below, and jointly seek that the Court approve this stipulation pursuant to Civil L.R. 7-12 and 79-5.

WHEREAS, on April 20, 2010, Plaintiffs filed a Motion to Unseal seven documents submitted in connection with their Motion for Class Certification (Docket No. 171);

WHEREAS, on May 4, 2010, HP filed an opposition seeking to keep sealed only one of the seven documents, namely, the 2008 Settlement Agreement and Release between HP and NVIDIA (the "2008 Agreement") attached as Exhibit 1 to the Declaration of Michael F. Ram in Support of Plaintiffs' Motion for Class Certification (Docket No. 108), and agreeing to the unsealing of the remaining six documents;

WHEREAS, on May 18, 2010, Plaintiffs filed a Motion to Unseal All Sealed Documents in this Case (Docket No. 195);

WHEREAS, on May 21, 2010, Plaintiffs filed an Administrative Motion Under Local Rule 79-5(d) (Docket No. 207) to seal their Reply Memorandum in Support of Motion for Class Certification (Docket No. 198), the Reply Declaration of Russell L. Lamb in Support of Plaintiffs' Motion for Class Certification (Docket No. 199) and the Reply Declaration of John A. Macoretta in Support of Plaintiffs' Motion for Class Certification (Docket No. 200);

WHEREAS, on May 25, 2010, this Court held argument on Plaintiffs' April 20, 2010 Motion to Unseal and, later that day, issued an Order granting Plaintiffs' request to unseal the six uncontested documents but denying Plaintiffs' request to unseal the 2008 Agreement and further ordering that the 2008 Agreement remain under seal (Docket No. 226);

WHEREAS, on May 28, 2010, pursuant to Local Rule 79-5(d) and in response to Plaintiffs' May 21, 2010 administrative motion, HP filed (1) a declaration supporting the sealing of the July 16, 2009 Settlement Agreement and Release between HP and NVIDIA (the "2009 Agreement") attached as Exhibit 80 to the Reply Declaration of John A. Macoretta and (2) a narrowly tailored proposed order seeking the sealing of the 2009 Agreement and any document to the extent that document quotes from, relies upon, or takes information directly from the 2009

Agreement (Docket No. 229).  Further, in response to the Court's May 25, 2010 Order that the 2008 Agreement should remain under seal, HP likewise sought the sealing of Docket Nos. 198-200 to the extent those documents quote from, rely upon, or take information directly from the 2008 Agreement;

WHEREAS, also on May 28, 2010, the Honorable Judge Ware issued an Order denying HP's administrative motion to seal HP's Motion for Summary Judgment and the declarations and related materials filed in support thereof (Docket Nos. 164-168).  *See* May 28, 2010 Order at Docket No. 228;

WHEREAS, in light of this Court's May 25, 2010 Order (Docket No. 226) and in an effort to resolve Plaintiffs' pending Motion to Unseal All Sealed Documents in this Case (Docket No. 195) without further burdening the Court, the parties hereby stipulate to, and request the Court's approval of, the following agreement regarding the sealing of documents filed in this case:

- The 2009 Agreement attached as Exhibit 80 to the Reply Declaration of John A. Macoretta in Support of Plaintiffs' Motion for Class Certification (Docket No. 200) shall be filed under seal;

- Exhibit 20 to the Declaration of Michael F. Ram in Support of Plaintiffs' Motion for Class Certification shall be filed under seal;

- Exhibit 52 to the Declaration of Karl Olson in Support of Plaintiffs' Opposition to HP's Motion for Summary Judgment shall be filed under seal as redacted by HP;

- The 2008 Agreement attached as Exhibit 1 to the Declaration of Michael F. Ram in Support of Plaintiffs' Motion for Class Certification shall remain filed under seal as ordered by this Court on May 25, 2010 (Docket No. 226);

- Exhibits 1, 20, 52 and 80, which were originally lodged under seal, are to remain filed under seal to the extent set forth above because they reflect confidential business information.  Public disclosure of these materials threatens to harm HP's financial interest and its ability to maintain its

competitive standing, and would otherwise cause HP harm with respect to its competitors and customers. Moreover, the terms of HP's confidential settlement agreements "fall within the category of information 'traditionally kept secret,' and are not subject to public disclosures." *Facebook, Inc. v. ConnectU*, No. C 07-01389-JW, 2008 U.S. DIST. LEXIS 111682, *12-13 (N.D. Cal. July 2, 2008);

- To the extent Docket Nos. 107-113, 141-157, 183-187 and/or 198-200 (or any documents previously filed) will be re-filed publicly, any portion(s) of those documents that quote from, rely upon, or take information directly from Exhibit 1 (the 2008 Agreement), Exhibit 20, the redacted portion of Exhibit 52 and/or Exhibit 80 (the 2009 Agreement) shall remain under seal with any such information referring or related to those exhibits redacted from any publicly filed version of these documents;

- Any portion(s) of any documents to be filed in this action shall be filed under seal to the extent they quote from, rely upon, or take information directly from Exhibit 1 (the 2008 Agreement), Exhibit 20, the redacted portion of Exhibit 52 and/or Exhibit 80 (the 2009 Agreement);

- This stipulation is without waiver of third-party NVIDIA's right to intervene on or before June 22, 2010 to seek the sealing of all or part of Exhibits 67 and 68 to the Declaration of Karl Olson in Support of Plaintiffs' Opposition to HP's Motion for Summary Judgment. HP, however, agrees not to oppose the unsealing of Exhibits 67 and 68;

- All remaining documents shall be unsealed and re-filed publicly (except as redacted per the parties' stipulated agreement above) by the respective parties no later than June 10, 2010.

Dated:  June 2, 2010          MORGAN, LEWIS & BOCKIUS LLP

By:      */s/ Kristofor T. Henning*
         Kristofor T. Henning

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

Dated:  June 2, 2010          RAM & OLSON LLP
                              EDELSON & ASSOCIATES, LLC
                              SPECTOR, ROSEMAN & KODROFF & WILLIS , P.C.

By:      */s/ Karl Olson*
         Karl Olson

Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  June 10, 2010         _____
                              The Honorable Howard R. Lloyd
                              United States Magistrate Judge