MICHAEL F. RAM (SBN 104805)
mram@ramolson.com
KARL OLSON (SBN 104760)
kolson@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson (*Pro Hac Vice*)
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (SAN JOSE DIVISION)

| | |
|---|---|
| NATHAN NYGREN, STEPHEN SHIFFLETTE and AMY FROMKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO. 07-05793 JW<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: November 29, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>[Hon. James Ware]<br><br>**Action Filed: November 14, 2007** |

Case No. 07-05793 JW – NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

TO: DEFENDANT HEWLETT-PACKARD COMPANY AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 29, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-captioned court, Plaintiffs Nathan Nygren, Stephen Shifflette and Amy Fromkin ("Plaintiffs") will move the Court, pursuant to Fed. R. Civ. Proc. 59 & 60, for Relief from the Court's Judgment dated June 24, 2010. Plaintiffs further move for leave to file a Third Amended Class Action Complaint in the form attached hereto as Exhibit "A" and to add a California plaintiff based on the following grounds:

The Court has held that the named Plaintiffs cannot assert the California Unfair Competition Law claim because they are from out of state. In the interest of justice, the Court should reopen the Judgment and allow Plaintiffs to file claims under the consumer protection laws of their home states and allow Plaintiffs to add a California plaintiff to assert the California Unfair Competition Law claim for a putative California class.

Plaintiffs' motion is based on this Notice, the accompanying Memorandum of Points and Authorities and [Proposed] Order, the [Proposed] Third Amended Class Action Complaint, all other evidence of record, and any other evidence and argument that the Court may entertain at any hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

On June 14, 2010, the Court held a hearing on Plaintiffs' Motion for Class Certification and Defendant, Hewlett-Packard's Motion for Summary Judgment. On June 24, 2010, the Court entered an Order granting HP's Motion for Summary Judgment and denying as Moot Plaintiffs' Motion for Class Certification. Doc. 260. The Court granted HP's Motion for Summary Judgment on the basis that Plaintiffs failed to demonstrate the requisite "substantial contact[s]" necessary to establish standing for out-of-state Plaintiffs to pursue claims based upon California's

Case No. 07-05793 JW – NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2

Unfair Competition Law. *Id.* at 9. Since the Court's ruling disposed of all Plaintiffs' then remaining California claims,[1] the Court entered judgment in Defendant's favor. Doc. 261.

Plaintiffs submit that in the interest of justice Plaintiffs should be allowed to amend the Complaint to assert claims based upon the consumer protection laws of each Plaintiff's home state and to add an additional class representative with standing to assert claims based upon California law for a California class.

## II. THE COURT SHOULD REOPEN THE JUDGMENT AND ALLOW PLAINTIFFS LEAVE TO AMEND THE COMPLAINT

After granting summary judgment on Plaintiffs' California UCL claim, the Court entered a judgment without allowing Plaintiffs leave to amend the Complaint and assert claims based upon the consumer protection laws of Plaintiffs' home states and to add an additional class representative with standing to assert claims based upon California law. Under established Ninth Circuit precedent, the Court should afford Plaintiffs the opportunity to amend the Complaint to allege these claims.

In *National Federation of the Blind v. Target Corp.*, 582 F.Supp.2d 1185 (N.D. Cal. 2007), the court was faced with a similar procedural scenario. There, the plaintiff filed a motion for class certification at the same time that defendant filed its summary judgment motion. *Id.* at 1189. The Court found that the plaintiff lacked standing to pursue his claims under the ADA. *Id. at* 1204. The Court then considered whether it could certify a class, although the named plaintiff lacked standing. *Id. at* 1201. The Court found that it could certify the class as long as the proposed class satisfied the Rule 23 requirements, conditioned upon the substitution of another named plaintiff. *Id.* citing *Gibson v. Local 40*, 543 F.2d 1259, 1263 (9th Cir. 1976) ("failure of proof as to the named plaintiffs would not bar maintenance of the class action"). *See also Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) ("A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, . . . disqualifies the named

---

[1] On May 28, 2009, the Court granted in part and denied in part Defendant's Motion to Dismiss the Second Amended Complaint. *See Document* 81. The Court dismissed five of Plaintiffs' six claims, except for the claim under the "unfairness" prong of the UCL.

Case No. 07-05793 JW – NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

3

plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative.")

Other appellate courts have held similarly. *See Gonzalez-Sanchez v. International Paper Co.*, 346 F.3d 1017, 1023 (11th Cir. 2003) (district court erred in declining to address filed class certification motion once summary judgment was entered against named plaintiffs); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000) ("So long as a class representative has a live claim at the time he moves for class certification, neither a pending motion nor a certified class action need be dismissed if his individual claim becomes moot.")

Accordingly, Plaintiffs request leave to allege claims based upon the consumer protection statutes of each of the named Plaintiffs' home states and to add a California plaintiff to assert the California UCL claim, certification of which has already been fully briefed.

### A. The Court Should Grant Plaintiffs' Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 59 and 60.

A motion to alter or amend a final judgment may be brought under Fed. R. Civ. Proc. 59(e) and a motion for relief from a judgment may be brought under Federal Rule of Civil Procedure 60(b). A district court has "considerable discretion" in considering a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Rule 60(b) provides for relief upon a showing of (1) mistake, surprise, or excusable neglect; . . . or (6) extraordinary circumstances which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1985).

Here, under the extraordinary circumstances of this case, Plaintiffs have good cause for the Court to grant relief from the judgment. Since the Plaintiffs are able to amend the complaint and cure the deficiencies the Court found with respect to standing, the Court should grant this Motion.

### B. The Court Should Grant Plaintiffs' Motion to File an Amended Complaint.

Under Fed. R. Civ. Proc. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman*

Case No. 07-05793 JW – NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

4

*v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend a complaint. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating "leave to amend granted with 'extreme liberality.'"). "Once a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the defendant to demonstrate why leave to amend should not be granted." *Pablo v. Servicemaster Global Holdings, Inc.*, 2009 WL 1764541, *1 (N.D. Cal. March 27, 2009).

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). In assessing whether Plaintiff should be given leave to amend, the Court ordinarily must consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party[,] and futility of the proposed amendment." *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations omitted). "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Read*e, 198 F.3d 752, 758 (9th Cir. 1999). There must also be, *e.g*., a showing of prejudice in order to justify a denial of a motion for leave to amend. *Id.* "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

In *Ahmadi v. Chertoff*, 2008 WL 1886001 (N.D. Cal. April 25, 2008) the Court found good cause for permitting plaintiffs to file an amended complaint when "[p]laintiffs acted with due diligence in moving to add new plaintiffs shortly after the stipulated dismissal of all the currently named plaintiffs, and the need to add plaintiffs with live claims to prevent mootness constitutes good cause to allow plaintiffs to file a third amended complaint to add such new plaintiffs." *Id. at *3. See also, Godoy v. Wadsworth*, 2009 WL 1458035, *3 (N.D. Cal. May 21, 2009) (finding good cause to permit plaintiff to amend complaint after defendant filed its motion for summary judgment.)

Case No. 07-05793 JW – NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

5

1    Here, good cause exists to permit Plaintiffs to file an amended complaint.  Plaintiffs had a good faith basis for their contention that California law applies to their consumer protection claims.  The Court has now determined that there are not sufficient contacts between Plaintiffs and California to confer jurisdiction under the California UCL.  Accordingly, Plaintiffs are required to amend their legal strategy to address the weakness in their case that the Court identified when it granted summary judgment.  The [Proposed] Third Amended Complaint attached to this brief as Exhibit A amends this defect by adding claims on Plaintiffs' behalf based upon consumer protection statutes of each of the Plaintiffs' home states.  This amendment requires no additional discovery since HP has already examined each of the Plaintiffs and has thoroughly explored their claims, as well as their contacts with both their home states and California.  The amendment is necessary to prevent the class claims from the named Plaintiffs' home states from becoming moot.  There is no futility to the amendment since Plaintiffs have already demonstrated all Rule 23 requirements.

## III.   CONCLUSION

In the interest of justice, the Court should reopen the judgment, allow the named Plaintiffs to allege claims under the consumer protection laws of their home states, and allow Plaintiffs to add a California plaintiff to represent a California class for the California UCL claim.

Respectfully Submitted,

Dated: July 22, 2010        By:     */s/ Michael F. Ram*
MICHAEL F. RAM (SBN 104805)
mram@ramolson.com
KARL OLSON (SBN 104760)
kolson@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson (*Pro Hac Vice*)
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

/ / /

SPECTOR, ROSEMAN KODROFF
  & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Attorneys for Plaintiffs and the Class*

Case No. 07-05793 JW – NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND ADD A CALIFORNIA PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

7