IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Nathan Nygren, et al., | NO. C 07-05793 JW |
| Plaintiffs, v. | **ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT** |
| Hewlett-Packard Company, | |
| Defendant. | |

Presently before the Court is Plaintiffs' Motion for Relief from Judgment and for Leave to file a Third Amended Complaint and add a California Plaintiff. (hereafter, "Motion," Docket Item No. 262.) To date, no Opposition has been filed.

**A.  Background**[1]

On November 24, 2008, Plaintiffs filed a Second Amended Class Action Complaint.[2] On May 28, 2009, the Court granted in part and denied in part Defendant's Motion to Dismiss the Second Amended Complaint. (Docket Item No. 81.) The Court dismissed all claims with prejudice, except for Plaintiffs' claim under the "unfair" prong of the UCL. (See id. at 11-12.) On June 24, 2010, the Court granted Defendant's Motion for Summary Judgment, denied as moot Plaintiffs' Motion for Class Certification, and entered Judgment in favor of Defendant. (hereafter, "June 24 Order," Docket Item No. 260; "Judgment," Docket Item No. 261.)

---

[1] The factual allegations are laid out in the Court's May 28, 2009 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. (Docket Item No. 81.)

[2] (hereafter, "SAC," Docket Item No. 63.)

**B.      Plaintiffs' Motion**

Plaintiffs move for relief from Judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6) on the ground that Plaintiffs should be permitted to amend their Second Amended Complaint to (1) allege new claims under the consumer protection laws of their home states, and (2) add a California plaintiff to represent a California class for the UCL claim.  (Motion at 6.)

Federal Rule of Civil Procedure 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  "Rule 59(e) motions are interpreted as motions for reconsideration, and are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Powertech Technology Inc. v. Tessera, Inc., No. 10-00945 CW, 2010 WL 3063135, at *2 (N.D. Cal. Aug. 3, 2010) (quoting Sch. Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . (6) any other reason that justifies relief.

Relief under Rule 60(b)(6) is warranted only in "extraordinary circumstances."  Maraziti v. Thorpe, 52 F.3d 252, 254-55 (9th Cir. 1995).

Here, Plaintiffs have not presented any basis for relief under either Rule 59(e) or Rule 60(b)(6).  The cases relied on by Plaintiffs are either out of district or not on point.  They involve situations where a court *denied* a motion for summary judgment and certified a class pending substitution of a typical plaintiff,[3] recognized that mootness of a plaintiff's case *prior to* class certification requires dismissal of the case,[4] stated that a lead plaintiff whose case becomes moot as to himself may still serve as a class representative in certain cases,[5] or Title VII cases expressing

---

[3]  National Federation of the Blind v. Target Corp., 582 F. Supp. 2d 1185 (N.D. Cal. 2007).

[4]  Wiesmueller v. Kosobucki, 513 F.3d 784, 786 (7th Cir. 2008).

[5]  Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 135 (3d Cir. 2000).

1 policy concerns that support allowing an employee who has not suffered discrimination to
2 nevertheless represent a class of employees in a discrimination action against the employer.[6] These
3 cases do not support Plaintiffs, as their claims were dismissed not because they became moot, but
4 because Plaintiffs lacked standing to maintain their UCL claim. (See June 24 Order at 4-9.)
5 Further, Plaintiffs have not shown that their circumstances are "extraordinary" or that the Court
6 committed clear error in its June 24 Order. Thus, the Court finds no basis for granting relief under
7 Rules 59(e) or 60(b)(6).
8     Accordingly, the Court DENIES Plaintiffs' Motion.

10 Dated: August 9, 2010

                                              JAMES WARE
                                              United States District Judge

---

[6] Gibson v. Local 40, Supercargoes and Checkers of Intern. Longshoremen's and Warehousemen's Union, 543 F.2d 1259, 1263 & n.3 (9th Cir. 1976) (citing cases).

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel Emmett McGuire dmcguire@morganlewis.com
David Felderman dfelderman@srkw-law.com
Franco A Corrado fcorrado@morganlewis.com
Howard Holderness hholderness@morganlewis.com
Jeffrey L. Kodroff jkodroff@srkw-law.com
John A. Macoretta jmacoretta@srk-law.com
Justin Myer Lichterman jlichterman@orrick.com
Karl Olson kolson@ramolson.com
Kristofor Tod Henning khenning@morganlewis.com
Marc H. Edelson medelson@edelson-law.com
Meredith Ann Galto mgalto@morganlewis.com
Michael Francis Ram mram@ramolson.com
Monique Olivier molivier@sturdevantlaw.com
Robert A. Particelli rparticelli@morganlewis.com
Thomas R. Green tgreen@morganlewis.com

**Dated: August 9, 2010**                                      **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**