1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

5   NATHAN NYGREN, et al.,        ) C-07-05793-JW/HRL
                                  )
6              Plaintiffs,        ) San Jose, CA
                                  ) May 25, 2010
7                 vs.             )
                                  ) 10:37:15-11:00:05
8   HEWLETT-PACKARD COMPANY,      )
                                  )
9              Defendant.         )
    _____)

10
              TRANSCRIPT OF PROCEEDINGS
11    OF THE OFFICIAL ELECTRONIC SOUND RECORDING
            BEFORE THE HONORABLE HOWARD LLOYD
12          UNITED STATES MAGISTRATE JUDGE

13  A P P E A R A N C E S:

14  For the Plaintiffs:      Ram & Olson LLP
                             By:  KARL OLSON
15                           MICHAEL F. RAM
                             555 Montgomery Street
16                           Suite 820
                             San Francisco, CA
17                           94111

18  For the Defendant:       Morgan, Lewis & Bockius
                             LLP
19                           By:  KRISTOFOR T.
                             HENNING
20                           1701 Market Street
                             Philadelphia, PA  19103
21

22      (APPEARANCES CONTINUED ON THE NEXT PAGE)

23

24

25
                                                    1

TORREANO SHORTHAND REPORTING (866) 760-DEPO

1    A P P E A R A N C E S:

2    For Intervenor Nvidia:    Orrick, Herrington &
                               Sutcliffe LLP
3                              By:  JUSTIN M.
                               LICHTERMAN
4                              JENNIFER NEJAD
                               Old Federal Reserve
5                              Bank Building
                               400 Sansome Street
6                              San Francisco, CA
                               94111-3143
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                                    2

```
1    San Jose, California              May 25, 2010

2                  P R O C E E D I N G S

3            THE COURT:  Nygren versus

4    Hewlett-Packard.

5            MR. OLSON:  Good morning, Your Honor.

6            Karl Olson representing the Plaintiffs.

7            MR. RAM:  Good morning, Your Honor.

8            Michael Ram also for the Plaintiffs.

9            THE COURT:  You're both going to be

10   talking?

11           MR. OLSON:  I think I'll be taking the

12   laboring oar, Your Honor.

13           THE COURT:  Okay.  Mr. Ram, you can

14   linger behind Mr. Olson if you want to or you can

15   sit down.

16           MR. RAM:  I'll sit here and get out of

17   the way, Your Honor.

18           MR. HENNING:  Your Honor, Kris Henning

19   for Hewlett-Packard.

20           MR. LICHTERMAN:  And, Your Honor, Justin

21   Lichterman and Jennifer Nejad for non-party

22   Nvidia Corporation.

23           There's a document that's at issue

24   here.  We filed last night a limited motion to

25   intervene and a motion for order shortening
```

3

1    time.  I brought hard copies -- frankly, we're

2    hoping not to be heard at all today.

3             THE COURT:  Ms. Cromwell, is the

4    microphone on near Mr. Lichterman there so

5    that --

6             THE COURTROOM DEPUTY:  It is.

7             THE COURT:  -- he can be picked up?

8             All right.  Well, let's deal with the

9    administrative matter of the motion which Nvidia

10   filed to be -- to intervene for the limited

11   purpose of imposing a motion to unseal a

12   particular document.

13            When did you learn that this motion was

14   coming up for hearing today?

15            MR. LICHTERMAN:  Your Honor, I believe

16   we learned --

17            THE COURT:  The motion filed by Nygren.

18            MR. LICHTERMAN:  I believe we learned

19   around May 4th, somewhere in that time frame.

20            THE COURT:  Okay.  The motion was filed

21   on April 20th.  It just seems somewhat odd to me

22   that if you were interested in intervening you

23   would have not done it sooner than last night at

24   about 10:30.

25            MR. LICHTERMAN:  Well, to be honest,

4

TORREANO SHORTHAND REPORTING (866) 760-DEPO

1    Your Honor, we're actually not interested in

2    intervening.  We were hoping that this matter

3    would be resolved, that there wouldn't be a need

4    for Nvidia to be here.  And I think, Your Honor,

5    if HP prevails in its positions Nvidia would

6    prefer that you deny its motion as moot and we

7    not have to intervene.

8         That having not happened, though, we

9    think we would be remiss not to at least be

10   present and let Nvidia's interests be heard.

11        THE COURT:  Okay.  Well, at the moment

12   you're adding moral support, I suppose.

13        MR. LICHTERMAN:  Well, I think it's a

14   little more than that, Your Honor.  That is

15   certainly true.

16        THE COURT:  Well, I'm a little offended

17   that this doesn't show up until 10:30 last

18   night.  I saw it this morning.  I had only a

19   moment to read it very briefly.  It basically

20   seems to be a me-too with HP.

21        MR. LICHTERMAN:  There is some of that,

22   but Nvidia has its own concerns, as everybody,

23   and I think --

24        THE COURT:  Right.  Well, I wonder if

25   you did have concerns why you didn't bring them

                                              5

TORREANO SHORTHAND REPORTING (866) 760-DEPO

1    to my attention sooner than last night.

2             MR. LICHTERMAN:  Well, as I said, Your

3    Honor, we were actually pretty hopeful everyone

4    would be able to resolve this.  And my

5    understanding is also that additional

6    information is being disclosed that shouldn't be

7    disclosed all the time, which is creating some

8    impetus to get this resolved.

9             THE COURT:  Okay.  Well --

10            MR. LICHTERMAN:  We're happy to really

11   take a back seat and let HP's arguments carry or

12   not today, but we do think that Nvidia's concerns

13   should be heard.

14            THE COURT:  Well, okay.  Fine.  Well,

15   now I'm confused.  Do you want me to rule on this

16   motion?  It's a motion to intervene for the

17   limited purpose of protecting confidential

18   documents.

19            MR. LICHTERMAN:  Well, Your Honor, yes,

20   I do.

21            I guess what I would say is I'm hopeful

22   what your ruling will be is that HP prevails and,

23   therefore, Nvidia's motion is denied as moot.  If

24   that's not the case, then Nvidia would like to be

25   heard.

6

1              THE COURT:  See, but we're here now to

2      argue the motion.  I haven't already decided it.

3              MR. LICHTERMAN:  Correct.

4              THE COURT:  Or at least I certainly

5      haven't told anybody how I'm deciding it.  So

6      what would you like me to do?  Take your motion

7      under submission and then if I rule the way you

8      like, I'll deny it as moot?

9              MR. LICHTERMAN:  No, Your Honor.  What

10     I'm saying is Nvidia has a very limited interest

11     in intervening, if at all, in this case.  And

12     what I'm trying to say is just as a pragmatic

13     matter you may not need to rule on this motion.

14             THE COURT:  Your motion?

15             MR. LICHTERMAN:  Correct.  And the

16     motion to intervene.  If Your Honor feels it's

17     necessary to hear from Nvidia to have a complete

18     and full record, then we would like you to rule

19     in our favor.

20             THE COURT:  All right.  Then why don't

21     you stand by.  If I have a question for you, I'll

22     pose it to you.

23             MR. LICHTERMAN:  Thank you, Your Honor.

24             THE COURT:  All right.  This is a

25     dust-up over seven exhibits that the Plaintiff          7

1    filed in support of a motion for class

2    certification.  They were HP documents which had

3    been marked confidential or maybe if there's more

4    than one level maybe they were eyes only.  I

5    don't know.

6              MR. HENNING:  I suspect at least some of

7    them were eyes only, Your Honor.

8              THE COURT:  All right.  So at the very

9    least they are confidential.  And so, therefore,

10   the Plaintiff offered them and they got filed

11   under seal because they were HP confidential

12   documents.

13             Now the Plaintiff wants to unseal those

14   documents on the theory that they are actually

15   worthy of public disclosure.  HP does not object

16   to the unsealing of six of them, which leaves

17   only one, the seventh, in dispute.  And that is a

18   settlement agreement between HP and Nvidia.

19             Right so far?

20             MR. HENNING:  That's right, Your Honor.

21   We're here just on that one document.

22             THE COURT:  Okay.  Now, Mr. Olson, one

23   of the arguments that you make is that Judge Ware

24   has already decided that the information in this

25   document, the settlement agreement, wasn't

8

1    sealable.  I have trouble accepting that.

2    Otherwise why did he send the matter to me?

3           MR. OLSON:  He initially made a finding

4    that the document is not sealable because it is

5    not privileged, not a trade secret and not

6    otherwise sealable.  He said it pertains

7    generally to the quality of certain hardware at

8    issue in this case and then he sent everything to

9    you.  Actually, he said future "dust-ups" -- in

10   your words, Your Honor -- over sealing should go

11   to you.

12          THE COURT:  Well, then is there nothing

13   before me?

14          MR. OLSON:  Well, I think he's ruled

15   that this is not sealable.  We, in candor,

16   interpreted it to mean that we should --

17   actually, here is the chronology of it, Your

18   Honor.

19          THE COURT:  Oh, I've read the papers.

20   It's very convoluted and it's hard to follow, but

21   there's a motion here which you filed and you're

22   telling me that I don't have to decide anything

23   because it's been decided.  Then why, pray tell,

24   did you file a motion?

25          MR. OLSON:  Because we sort of

                                                    9

1    interpreted it to say that we should go to you

2    and perhaps --

3                 THE COURT:  To do what?

4                 MR. OLSON:  -- it's unnecessary.

5                 To formally unseal documents that Judge

6    Ware had already said should be unsealed.

7                 MR. HENNING:  Your Honor, a few things

8    on Judge Ware's order, if I could.  Number one,

9    you're right.  I think the fact that we're here

10   and Plaintiff has interpreted the order to come

11   here, it appears that Judge Ware has not decided

12   this issue and the -- I think his order says as

13   much.

14                Beyond that, the effect of that order

15   has been stayed.  It also was entered without the

16   benefit of HP's position.  It didn't have our

17   response to the motion, obviously, at the time.

18                Beyond that, Your Honor, it doesn't

19   appear to me that Judge Ware was actually

20   referring to the single document we're here

21   fighting about today, but rather the six that

22   we've agreed to unseal.  I think there's further

23   support to that idea, Your Honor.  If I might,

24   I'd like to hand up a case I've given to

25   Mr. Olson earlier.

                                                    10

1          May I approach, Your Honor?

2          THE COURT:  You can give it to my

3     courtroom deputy.

4          MR. HENNING:  Thank you.

5          Your Honor, the papers are full of the

6     good cause or compelling reasons standard.

7     Before we even get there, though --

8          THE COURT:  Well, wait.  Wait a minute.

9     You're getting way ahead of me here.  I mean, I

10     started out suggesting that the argument that

11     Judge Ware has already decided didn't strike me

12     as a particularly weighty one and you're weighing

13     in on points I haven't even gotten to yet.

14          MR. HENNING:  Fair enough.

15          THE COURT:  Just hold on.

16          Okay.  Mr. Olson, you argue in your

17     papers that this settlement agreement is highly

18     relevant to your claims, but, of course, high

19     relevance to your claims has nothing to do with

20     whether or not it should be sealed.

21          Judge Ware has the document and,

22     whatever worth it might have with respect to your

23     claims, he will have it.  What you're really

24     interested in here is having the document for use

25     in the court of public opinion.  Right?

11

```
1              MR. OLSON:  Your Honor, it is something
2    that the public has a right of access to because
3    this is --
4              THE COURT:  That's a yes, isn't it?
5              MR. OLSON:  Yes.  That's a yes.
6              THE COURT:  It would go faster if, you
7    know, you could actually bring yourself to say
8    yes to a question that is yes.
9              MR. RAM:  Your Honor, may I?
10             THE COURT:  Go ahead.
11             MR. RAM:  This is a class action.  We
12   have absent class members, hundreds of thousands
13   of them who are interested in a lawsuit.  So it's
14   not just public opinion.  It's absent class
15   members who have a direct financial interest in
16   the case.
17             We have a direct reason to know that
18   their computers are defective, that
19   Hewlett-Packard got this money from Nvidia.
20             THE COURT:  Hold on a second.  I don't
21   want to seal this transcript.  So don't say
22   anything that would cause you to then ask me to
23   seal this transcript.
24             MR. RAM:  I'm trying not to, Your
25   Honor.                                          12
```

1              In the papers that Nvidia filed last

2      night when we were all trying to sleep they

3      referred to multi-million dollar settlement.  So

4      they've put that into the public record.  That's

5      already in the public record from Nvidia's

6      papers.

7              Our class members who have these

8      defective computers have the right to know that

9      Hewlett-Packard went to Nvidia who made the

10     defective chip.

11             THE COURT:  Why?

12             MR. RAM:  Because if you're an absent

13     class member --

14             THE COURT:  You say they have a right to

15     know.  Why?  I mean, you're already representing

16     their interests and doing your best to try to get

17     a recovery for them.

18             MR. RAM:  They have a right to

19     intervene.  They have a right to opt out.  If

20     there's a resolution of the case, they have a --

21             THE COURT:  But you're way ahead of

22     yourself there, aren't you?

23             MR. RAM:  Well, we have a class

24     certification motion that's scheduled for June 14

25     and class members may want to appear and be          13

1    heard.

2              THE COURT:  All right.

3              MR. RAM:  So it seems that we ought not

4    to be concealing from them information that's

5    material.

6              THE COURT:  I'm not sure it's material

7    to them.  I mean, I hear you saying it is.

8              MR. RAM:  Well, if it were me and I had

9    a computer that didn't work and HP was telling me

10   too bad, I'd like to know that, in fact, HP has

11   already taken multi-million dollars from the chip

12   manufacturer because of my very case.

13             THE COURT:  Okay.  Thank you.

14             Maybe this is what you were trying to

15   talk about.  Is the class certification motion

16   dispositive and thus does the document in

17   question -- this has to do with the standard to

18   use to decide whether or not to seal the

19   document.  And it depends on whether or not the

20   motion upon which -- which the document is going

21   to be used for is a dispositive motion or a

22   non-dispositive motion, as I understand these

23   cases that I'm looking at here.

24             And there's an argument that a class

25   certification motion is dispositive and thus the

14

1    document in question should be judged for sealing

2    purposes under the compelling reasons standard

3    rather than the lower standard.

4              What do you say about that?

5              MR. HENNING:  Your Honor, a class

6    certification motion is non-dispositive and the

7    documents should be evaluated under the lower

8    good cause standard.

9              THE COURT:  Okay.  Well, what does

10   "dispositive" mean?  Because there's actually two

11   different kinds of "dispositive."  There's the

12   legally dispositive.  A ruling on class

13   certification is not legally dispositive of the

14   case, but as a practical matter it is.

15             MR. HENNING:  Your Honor, one quick

16   thing before you even have to decide whether

17   lower -- whether the good cause or compelling

18   reason standard applies.  In the case I shot off

19   just a minute ago, Judge Ware's case, *Facebook*

20   *against ConnectU*, he laid out this analysis

21   pretty well, I think.

22             Before you decide whether you need to

23   get into good cause or compelling reason you

24   first decide whether the document when put into

25   the court record is one that is, quote,

                                                    15

1    "traditionally kept secret."  In that case the

2    parties had reached a settlement, one, and then

3    were unable to actually finalize the terms.

4         One filed a motion to enforce the

5    settlement with Judge Ware and sought to seal the

6    terms of the deal and Judge Ware said, yeah,

7    confidential settlement.  The terms of

8    confidential settlements are  the kind of

9    information, quote, "traditionally kept secret."

10        In his words:  "Courts have

11   traditionally granted protective orders to

12   protect confidential settlement agreements."  And

13   there he found that the terms of the agreement,

14   the terms of the confidential settlement

15   agreement, should be kept from public view.

16        That's what we have, Your Honor.  We

17   have a confidential settlement agreement between

18   HP and Nvidia, a confidentiality clause in the

19   agreement stamped "confidential."  It is like the

20   confidentiality settlement agreement in the

21   Facebook case and, therefore, it is the kind of

22   document traditionally kept secret without the

23   need to get into the lower -- the good cause or

24   compelling reason standard.

25        In fact, I think the circumstances here

16

1    are even more compelling in this regard.  The

2    settlement in the *Facebook* case was reached with

3    the court process and one of the parties actually

4    went to the court to enforce it.  Here the

5    HP-Nvidia agreement reached entirely outside the

6    court process and no one ever asked the court

7    process to bless it in any way.

8         To your question, Your Honor,

9    non-dispositive motion for this reason:  As you

10   say, it's not going to decide the merits of the

11   named Plaintiffs' claims.  It's not going to

12   result in dismissal of the named Plaintiffs'

13   claims.  It's not going to result in a judgment

14   for the Plaintiffs or for HP.

15        Instead it's going to determine whether

16   the Rule 23 requirements have been satisfied.  In

17   that sense in the traditional sense, not a

18   dispositive motion.

19        Plaintiff's argument is, "Yeah, but it's

20   an important motion and if we lose it our folks

21   might not feel the need to go further anymore."

22        Two things.  Number one, I'm not sure

23   I've seen any evidence of that.  I haven't seen

24   any declarations from the named Plaintiffs saying

25   "I'm out if the class cert motion is denied."

17

1          Putting that aside for the moment and

2     assume that's the case.  Plaintiffs' proposal is

3     unworkable, Your Honor.  It would result in the

4     same motion sometimes being dispositive and

5     sometimes being non-dispositive based on the

6     parties' subjective evaluation of the effect of

7     its ruling.

8          THE COURT:  Okay.  You've made your

9     point.

10         What do you have to say, Mr. Olson?

11         MR. OLSON:  Your Honor, first of all, as

12    you said, as a practical matter a class

13    certification motion is dispositive and I think

14    that's obvious from the context of this case.

15         Secondly, you don't need to reach that,

16    Your Honor.  We have referred to that document in

17    our summary -- in our opposition to the summary

18    judgment motion which clearly is dispositive.  So

19    clearly the dispositive standard applies.  They

20    have to show compelling reasons to seal.

21         And it's worthy of quoting the sentence

22    in the *Kamakana* case that talks about this,

23    quote, "traditionally kept secret" thing.  It

24    says:  "Our case law has identified two

25    categories of documents that fall into this          18

1    category, grand jury transcripts and warrant

2    materials in the midst of a pre-indictment

3    investigation."

4           And then the court goes on to say:

5    "Unless a particular court record is one

6    traditionally kept secret, a strong presumption

7    in favor of access is the starting point."

8           So clearly there is a strong presumption

9    in favor of access here and they have to show

10   compelling reasons to seal.  And the two circuit

11   cases that we cited in the context of settlement

12   agreements hold that they are not sealable when

13   they happen to be in the court records, as this

14   agreement is now.

15          The *Jessup* case, 277 F.3d 926 says

16   documents in judicial files are presumptively

17   open to the public and that the presumption of

18   access is not rebutted in that case.  And also

19   the *Hotel Rittenhouse* case.

20          So this settlement agreement is in the

21   court orders.  It is part of our opposition to

22   their motion for summary judgment, which is

23   clearly dispositive.  And even if it was only

24   offered in connection with class certification,

25   class cert in this context clearly is a

                                                    19

1   dispositive motion because as a practical matter

2   it will determine whether this case goes forward

3   on behalf of three people or many thousands.

4           THE COURT:  Hold on a minute.  It's in

5   the -- it's in the -- the document is in the

6   court record, but it's under seal in the court

7   record.  Are you saying anytime somebody relies

8   on a document that's under seal for a motion for

9   summary judgment that that unseals it?

10          MR. OLSON:  It is conditionally under

11  seal at this point and, of course, that's what we

12  are here talking about today and I think --

13          THE COURT:  Okay.  But you don't unseal

14  it by virtue of appending it in support or in

15  opposition to a motion for summary judgment.

16          MR. OLSON:  But you have a strong

17  presumption in favor of that since it's something

18  that's in the court records.  And that's what the

19  court says in the *Jessup* case.  They said if it

20  wasn't in the court records, you wouldn't have

21  the presumption.  But it is and, therefore, they

22  have to meet a heavy burden of showing that it

23  should be sealable.  That's what the court in

24  *Jessup* says.  That's what the court in *Hotel*

25  *Rittenhouse* says.

                                                    20

1            And, again, Your Honor, this is

2       something that is of vital importance to

3       understanding, to public understanding of this

4       process, which, of course, is where the

5       presumption of access derives from.  It sheds

6       light on the worth of the case.  It sheds light

7       on the fact that multi-million dollars were paid

8       to cover this lawsuit.

9            The settlement agreement refers to this

10      lawsuit.  It refers to the defects that gave rise

11      to this lawsuit.  It says that it's a class

12      action.  And, of course, class actions, just

13      responding to what Mr. Henning said about the

14      *Facebook* case that we just saw for the first time

15      this morning, class actions are different.  They

16      by necessity involve the claims or the putative

17      claims of several thousands of people.  So it's

18      quite different between what in the *Facebook* case

19      was a purely private lawsuit between Facebook and

20      ConnectU.

21           So clearly, Your Honor, the compelling

22      reasons standard applies and they cannot show

23      compelling reason.  They've offered nothing but

24      very conclusory declarations.  And as the Ninth

25      Circuit says, you can't rely on hypothesis or

                                                    21

1    conjecture.

2              I mean, there are no secret terms in the

3    settlement agreement.  It's a boilerplate

4    settlement agreement and the only thing at issue

5    here is the consideration for the settlement

6    agreement.  Nvidia itself this morning disclosed

7    that it's a multi-million dollar settlement

8    agreement.

9              And, again, as Mr. Ram said, if the case

10   settles, you know, if there are objections about

11   whether the settlement is adequate, it's going to

12   be highly relevant that this amount of money was

13   paid to settle it, to settle HP's third party

14   claim against Nvidia for the defects that gave

15   rise to this class action.

16             THE COURT:  Okay.

17             MR. HENNING:  Your Honor, a few things.

18             Judge Ware's *Facebook* decision

19   post-dates *Kamakana*.  The other cases Mr. Olson

20   cites are from outside the Ninth Circuit.  We

21   have a case from this district saying

22   confidential settlement agreements are the kind

23   of information, quote, "traditionally kept

24   secret."

25             As to the summary judgment point,

                                                    22

1    Mr. Olson is right.  They have appended the

2    document conditionally under seal to their

3    opposition to the motion for summary judgment.

4    That happened the day before they filed their

5    reply brief on this motion.  And so, you know, I

6    think it's a little premature to jump to that.

7          But given that we're here, the answer is

8    where Your Honor was going, which is, if the

9    document even submitted in consideration with a

10   dispositive motion is not relevant to the

11   disposition of that motion, then it's treated

12   under the lower good cause standard.  Here you

13   don't even need to get there because it's

14   traditionally kept secret, but otherwise you get

15   to the lower good cause standard.

16          Your Honor, that's the -- point Your

17   Honor was making is the *Network Appliance* and the

18   *GMC Auto Body* cases from our brief.  That makes

19   perfect sense.  Otherwise there would be a rule

20   created that says if you want to get a document

21   public or at least try under the higher standard,

22   you just put it in in opposition to a dispositive

23   motion.  That doesn't make any sense.

24          As to the idea that this is a class

25   action, there are no special sealing rules I'm

23

1    aware of for class actions.  The same rules apply

2    to all cases.  And, in any event, the summary

3    judgment motion is against the named Plaintiffs

4    only.  We are not seeking summary judgment

5    against any collective group of a putative

6    class.  There is no class certified in that.

7         Presumption of access to materials is

8    not absolute.  The *Facebook* case gives us that.

9    It's a confidential settlement agreement that

10   should be kept secret.

11        THE COURT:  Okay.  Thank you.

12        You'll be the last word, Mr. Olson.

13        MR. OLSON:  Again, Your Honor, they have

14   to show compelling reasons to seal something.

15   They absolutely have not shown any compelling

16   reasons.  They've offered only a conclusory

17   declaration which doesn't show anything that

18   comes close to being a trade secret.

19        This isn't a formula, a pattern, a

20   compilation, program device, anything that would

21   fall within the definition of the trade secret.

22   They have no compelling reason to seal it.

23   There's a strong presumption in favor of access

24   in this case, in any case.  Even if this were

25   only offered up in connection with class

24

1    certification, that's dispositive because the

2    denial of class cert would as a practical matter

3    be a death knell.

4         *Facebook* is irrelevant.  It's not this

5    case at all.  And to the extent that Judge Ware

6    has weighed in on this particular document, he

7    said that it's not sealable.  And Mr. Henning

8    said at the outset that while he was only talking

9    about six documents, the order did not

10   differentiate among the seven documents which

11   were at issue.  This was one of the seven.  He

12   referred generally to all of the documents.

13        So I think that initial ruling was

14   right.  They haven't met the heavy burden that

15   rests upon them to justify sealing of this.

16        The motion should be granted.

17        THE COURT:  The matter is submitted.

18   Thank you.

19

20

21                    ---oOo---

22

23

24

25
                                                    25

1              CERTIFICATE OF TRANSCRIBER

2

3          I, Peter Torreano, a Certified Shorthand

4     Reporter for the State of California, do hereby

5     certify:

6          That the foregoing transcript is a full,

7     true and correct transcript, to the best of my

8     ability, of the official audiotaped sound

9     recording provided to me by the United States

10    District Court, Northern District of California,

11    of the proceedings had in Nygren v.

12    Hewlett-Packard Company, et al., Case No.

13    C-07-05793-JW/HRL, dated May 25, 2010.

14         I further certify that I am neither

15    counsel for, related to, nor employed by any of

16    the parties to the action in which this hearing

17    was taken, and further that I am not financially

18    nor otherwise interested in the outcome of the

19    action.

20

21

22                        /s/

23                        _____

24                        PETER TORREANO, CSR
                          License Number C-7623

25
                                                    26

TORREANO SHORTHAND REPORTING (866) 760-DEPO